Thomas R. Burke (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Abigail B. Everdell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: abigaileverdell@dwt.com

Attorneys for Defendants
Candide Group, LLC and Morgan Simon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORECIVIC, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CANDIDE GROUP, LLC and MORGAN SIMON,<br><br>　　　　Defendants. | Case No. 4:20-cv-03792-WHA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**<br><br>[Reply in Support of Special Motion to Strike Filed Concurrently]<br><br>Judge: Hon. William Alsup<br>Date: October 22, 2020<br>Time: 8:00 a.m.<br>Location: San Francisco Courthouse<br>　　　　Courtroom 7 – 19th Floor<br>　　　　450 Golden Gate Avenue<br>　　　　San Francisco, CA 94102<br><br>Action Filed: March 4, 2020<br>Action Transferred: June 7, 2020 |

Accompanying their anti-SLAPP Motion, Defendants filed a Request for Judicial Notice (the "Request") (Dkt. 41-14) asking the Court to take judicial notice of (1) the three publications, and updated versions of two of those publications, which are directly at issue in this case (the "Forbes Posts"); (2) three third party publications hyperlinked within the text of the Forbes Posts and referenced in the Complaint, namely the NPR Article (Ex. 6[1]), the Business Insider Article (Ex. 7), and the JPI Report (Ex. 8); and (3) materials from the parties' own official websites and legal disclosures. Plaintiff does not challenge the authenticity of any of the documents, nor does it challenge the propriety of this Court taking judicial notices of the first and third categories. Nevertheless, CoreCivic has filed a response brief concerning the second category (the "Response") (Dkt. 50-1), taking the opportunity to shoehorn in additional substantive arguments concerning actual malice.

The flawed premise of Plaintiff's Response is the idea that Defendants have offered these third party publications to the Court to prove the truth of matters reported therein, and/or to assert Defendants' "good faith reliance" on the publications' reported facts. *See* Response at 2-5. This is not the case. Defendants have not asked the Court to accept the truth of the matters reported in the third party publications, nor have Defendants asked the Court to make a factual finding of Defendants' "good faith"—or of any other factual matter not suitable for judicial notice—on the instant anti-SLAPP Motion. To the contrary, it is *CoreCivic* who claims Simon read these third party publications and should have relied upon the truth of matters reported in them: In its Complaint, CoreCivic affirmatively alleges that Simon read the NPR Article and Business Insider Article prior to publishing the Forbes Posts, and bases its claim of actual malice on Simon's alleged *failure* to believe the truth of reporting in these articles. Compl. ¶¶ 80-82. In short, CoreCivic asks this Court to consider Simon's plausible state of mind upon reading the NPR and Business Insider Articles. It cannot pick and choose which portions of the publications the Court should consider in making this evaluation. The Court may take notice of the *full* contents of

---

[1] Referenced exhibits refer to exhibits filed with the Burke Declaration in support of Defendants' anti-SLAPP motion (Dkts. 41-2 – 41-13).

1

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
Case No. 4:20-cv-03792-WHA

articles the Complaint claims Simon read, and should have relied upon, prior to publishing the statements at issue.

Moreover, the Court may also take notice of the fact that the NPR and Business Insider Articles, as well as the JPI Report, were linked within the challenged statements in the Forbes Posts, which are also quoted in the Complaint. Request at 3-4. Because an allegedly defamatory statement must be read in "context," *see* Opp. at 13 n.10, the Court may consider the content of these publications in evaluating the meaning of Simon's statements. The Court need not accept the truth of the publications or Simon's "good faith" to make this evaluation. As CoreCivic admits, the Court may take judicial notice of the existence of these documents. *See* Response at 1 (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001)).

Dated: September 24, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ABIGAIL B. EVERDELL

By: /s/ *Thomas R. Burke*
    THOMAS R. BURKE

Attorneys for Defendants
Candide Group, LLC and Morgan Simon