Thomas R. Burke (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Abigail B. Everdell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: abigaileverdell@dwt.com

Attorneys for Defendants
Candide Group, LLC and Morgan Simon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORECIVIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANDIDE GROUP, LLC and MORGAN SIMON, <br><br> Defendants. | Case No. 3:20-cv-03792-WHA <br><br> **DEFENDANTS NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES AND COSTS [C.C.P. § 425.16(c)]** <br><br> Judge: Hon. William Alsup <br> Date: February 25, 2021 <br> Time: 8:00 a.m.[1] <br> Location: San Francisco Courthouse <br> Courtroom 7 <br><br> [Declarations of Thomas R. Burke, Esq., with Exhibits A-F, and Karl Olson, Esq. filed Concurrently; [Proposed] Order Lodged Concurrently] <br><br> Action Filed: March 4, 2020 |

---

[1] In the event the Court schedules oral argument on this motion, associate Abigail Everdell will argue the motion.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 25, 2021, in Courtroom 7 of the United States District Court for the Northern District of California, located on the 19th Floor in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, defendants Candide Group, LLC ("Candide") and Morgan Simon ("Simon") (together, "Defendants") will and do move this Court, pursuant to California Code of Civil Procedure ("C.C.P.") § 425.16 (the "anti-SLAPP statute"), for an order compelling Plaintiff CoreCivic Inc. ("CoreCivic") to reimburse Defendants for the attorneys' fees and costs that they have incurred in connection with their successful motion to strike pursuant to Code of Civil Procedure § 425.16 (the "anti-SLAPP Motion"), and in preparing this Fee Motion. In particular, this Fee Motion seeks attorneys' fees in the amount of $ 165,572.10 and costs in the amount of $310.00 that Defendants have incurred as the prevailing parties in this action pursuant to the Court's Order entered on November 19, 2020 (the "Nov. 19 Order") (Dkt. 60), as well fees related to this Fees Motion, a full accounting of which will be included with Defendants' Reply memorandum on this motion.

Defendants submit this Motion pursuant to the Nov. 19 Order, California Code of Civil Procedure § 425.16(c)(2), Rule 54(d) of the Federal Rules of Civil Procedure, and L.R. 54-5(b). This Motion is based on this Notice; on the attached Memorandum of Points and Authorities; the Declaration of Thomas R. Burke with Exhibits A - F; the Declaration of Karl Olson; on all matters of which this Court may take judicial notice; on all pleadings, files and records in this action; and on such other argument as may be received by this Court at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 54-5(a), which took place over a telephonic conversation on December 3, 2020, and in subsequent email correspondence, wherein counsel for the parties were unable to reach agreement upon issues with respect to this motion.

DATED: December 18, 2020

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ABIGAIL B. EVERDELL

By: /s/ Thomas R. Burke
Thomas R. Burke

Attorneys for Defendants Candide Group, LLC and Morgan Simon

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.      PROCEDURAL HISTORY ............................................................................................. 3

II.     FEE SHIFTING UNDER THE ANTI-SLAPP STATUTE IS MANDATORY ................ 5

III.    DEFENDANTS' FEE REQUEST IS REASONABLE ..................................................... 8

        A.     Counsel's Hourly Billing Rates Are Reasonable ................................................ 8

        B.     The Hours Worked By Defendants' Counsel Are Reasonable ............................ 12

IV.    CONCLUSION ............................................................................................................. 15

DAVIS WRIGHT TREMAINE LLP

DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS
Case No. 3:20-cv-03792-WHA

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Adolph Coors Co. v. Truck Ins. Exch.*,
    383 F. Supp. 2d 93 (D.D.C. 2005) ...................................................................................... 10

*Barry v. State Bar*,
    2 Cal. 5th 318 (2017) .................................................................................................................. 1

*Braun v. Chronicle Publ'g Co.*,
    52 Cal. App. 4th 1036 (1997) ........................................................................................... 13, 15

*Building a Better Redondo, Inc. v. City of Redondo Beach*,
    203 Cal. App. 4th 852 (2012) ................................................................................................... 8

*Calvo Fisher & Jacob LLP v. Lujan*,
    234 Cal. App. 4th 608 (2015) ................................................................................................. 14

*Carver v. Bonds*,
    135 Cal. App. 4th 328 (2005) ................................................................................................. 13

*Center for Biological Diversity v. County of San Bernardino*,
    188 Cal. App. 4th 603 (2010) ................................................................................................... 8

*Charlebois v. Angels Baseball LP*,
    993 F. Supp. 2d 1109 (C.D. Cal. 2012) ................................................................................. 14

*Children's Hosp. & Med. Ctr. v. Bontá*,
    97 Cal. App. 4th 740 (2002) ..................................................................................................... 8

*Christian Rsch. Inst. v. Alnor*,
    165 Cal. App. 4th 1315 (2008) ............................................................................................... 13

*Church of Scientology v. Wollersheim*,
    42 Cal. App. 4th 628 (1996) ............................................................................................. 12, 13

*Clifford v. Trump*,
    No. CV 18-06893-SJO, 2018 WL 6519029 (C.D. Cal. Dec. 11, 2018),
    *appeal docketed*, No. 20-55880 (9th Cir. Aug. 26, 2020) ............................................. 11, 14

*eCash Techs., Inc. v. Guagliardo*,
    210 F. Supp. 2d 1138 (C.D. Cal. 2001) ................................................................................... 6

*Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v.*
    *Ceiba Legal, LLP*, 230 F. Supp. 3d 1146 (N.D. Cal. 2017) ..................................................... 7

*Equilon Enterprises v. Consumer Cause, Inc.*,
    29 Cal. 4th 53 (2002) .............................................................................................................. 12

DAVIS WRIGHT TREMAINE LLP

*Farrar v. Hobby*,
    506 U.S. 103 (1992) .................................................................................. 12

*Fitbit, Inc. v. Laguna 2, LLC*,
    No. 17-cv-00079-EMC, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018) ................... 11

*Graham-Sult v. Clainos*,
    756 F.3d 724 (9th Cir. 2013) .................................................................. 7, 14

*Heritage Pac. Fin., LLC v. Monroy*,
    215 Cal. App. 4th 972 (2013) ................................................................. 8, 12

*Int'l Longshoremen's & Warehousemen's Union v.*
    *Los Angeles Export Terminal, Inc.*, 69 Cal. App. 4th 287 (1999).......................... 14

*Islamic Ctr. of Mississippi, Inc. v. City of Starkville*,
    876 F.2d 465 (5th Cir. 1989), *overruled on other grounds by Shipes v.*
    *Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993) ................................................. 10

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ................................................................. 1, 5, 6, 8

*Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*,
    39 Cal. App. 4th 1379 (1995) ....................................................................... 7

*Ludwig v. Superior Court*,
    37 Cal. App. 4th 8 (1995) ........................................................................... 15

*Lunada Biomedical v. Nunez*,
    230 Cal. App. 4th 459 (2014) ..................................................................... 15

*Makaeff v. Trump Univ., LLC*,
    No. 10CV0940 BPC, 2015 WL 1579000 (S.D. Cal. Apr. 9, 2015) ..................... 15

*Maloney v. T3Media, Inc.*,
    No. 14-05048-AB, 2015 WL 3879634 (C.D. Cal. May 27, 2015) ....................... 15

*Manufactured Home Communities, Inc. v. County of San Diego*,
    655 F.3d 1171 (9th Cir. 2011) ...................................................................... 5

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988) ..................................................................... 12

*Metabolife Int'l, Inc. v. Wornick*,
    213 F. Supp. 2d 1220 (S.D. Cal. 2002) ...................................................... 7, 15

*Moore v. Liu*,
    69 Cal. App. 4th 745 (1999) ................................................................... 6, 13

DAVIS WRIGHT TREMAINE LLP

iii

*Nat'l Ass'n of Concerned Veterans v. Secretary of Def.*,
    675 F.2d 1319 (D.C. Cir. 1982) .......................................................................... 10

*New.Net, Inc. v. Lavasoft*,
    356 F. Supp. 2d 1090 (C.D. Cal. 2004) ................................................................. 6

*Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*,
    776 F.2d 646 (7th Cir. 1985) .............................................................................. 10

*Open Source Sec., Inc. v. Perens*,
    No. 17-CV-04002-LB, 2018 WL 2762637 (N.D. Cal. June 9, 2018) .............. 11, 14

*Peak-Las Positas Partners v. Bollag*,
    172 Cal. App. 4th 101 (2009) ......................................................................... 3, 14

*Pfeiffer Venice Props. v. Bernard*,
    101 Cal. App. 4th 211 (2002) .............................................................................. 7

*Piping Rock Partners, Inc. v. David Lerner Assocs.*,
    No. 12-cv-04634-SI, 2015 WL 4932248 (N.D. Cal. Aug. 18, 2015) .................. 13

*Planned Parenthood Fed'n of America, Inc. v. Ctr. for Med. Progress*,
    890 F.3d 828 (9th Cir. 2018) ............................................................................... 5

*Premier Med. Mgmt. v. Cal. Ins. Guarantee Ass'n*,
    163 Cal. App. 4th 550 (2008) ............................................................................ 14

*Ray Charles Found. v. Robinson*,
    919 F. Supp. 2d 1054 (C.D. Cal. 2013), *rev'd on other grounds*, 795 F.3d
    1109 (9th Cir. 2015) ........................................................................................... 6

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
    No. 17-cv-02824-JST (N.D. Cal. Apr. 22, 2020) .................................. 6, 9, 11, 12

*Schroeder v. Irvine City Council*,
    97 Cal. App. 4th 174 (2002) ............................................................................... 5

*Serrano v. Unruh*,
    32 Cal. 3d 621 (1982) ............................................................................. 8, 12, 14

*Smith v. Fireside Thrift Co.*,
    No. C 07-03883 WHA, 2007 WL 2729329 (N.D. Cal. Sept. 18, 2007) ............... 6

*Thomas v. Fry's Electronics, Inc.*,
    400 F.3d 1206 (9th Cir. 2005) ............................................................................ 5

*Tomazzoli v. Sheedy*,
    804 F.2d 93 (7th Cir. 1986) .............................................................................. 10

DAVIS WRIGHT TREMAINE LLP

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) .................................................................................. 6

*Vargas v. City of Salinas*,
    200 Cal. App. 4th 1331 (2011) ........................................................................... 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .............................................................................. 5

*Wilkerson v. Sullivan*,
    99 Cal. App. 4th 443 (2002) ............................................................................ 1, 6

*Wynn v. Chanos*,
    No. 14-cv-04329-WHO, 2015 WL 3832561 (N.D. Cal. June 19, 2015),
    *aff'd*, 685 Fed. Appx. 578 (9th Cir. 2017) ................................................... 11, 15

## Statutes

California Code of Civil Procedure § 425.16 .................................................... *passim*

## Rules

Federal Rules of Civil Procedure
    12 ..................................................................................................................... 4, 7
    26 ........................................................................................................................ 12

DAVIS WRIGHT TREMAINE LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

In this lawsuit, CoreCivic – one of the country's largest private prison and immigrant detention companies – sought to silence criticism of its role in immigrant detention and incarceration in this country by targeting one of its fiercest critics. CoreCivic brought defamation claims against Morgan Simon – an activist focusing on the intersection of social justice and finance – and her small social impact investing firm Candide, based Simon's public statements in which she criticized how private prison companies have profited from immigrant detention and family separation under the Trump administration, and recounted the progress of grassroots efforts to de-privatize incarceration and detention in this country. Yet, as this Court found in its Nov. 19 Order, issued only hours after oral argument on Defendants' anti-SLAPP Motion, CoreCivic's claims failed to meet even the most basic requirement for a defamation claim because Simon's statements about CoreCivic were *substantially true* (see Dkt. 60). Notwithstanding the lack of merit to CoreCivic's claims, however, Simon was forced to expend significant time and resources to defend against this suit, brought by a large public corporation with outsized financial resources.

California's anti-SLAPP statute was designed precisely to guard against the chilling effect of lawsuits like these, which sap defendants' resources even when the claims lack merit. To achieve this purpose, the anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike ***shall be entitled*** to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. ("C.C.P.") § 425.16(c)(1) (emphasis added). The fee-shifting provision is mandatory, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001), and must be "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002). As the California Supreme Court has recognized, "[b]ecause SLAPPs seek to deplete the defendant's energy and drain his or her resources, the anti-SLAPP statute contains several provisions designed to limit the costs of defending against such a lawsuit and to prevent SLAPPs by ending them early and without great cost to the SLAPP target." *Barry v. State Bar*, 2 Cal. 5th 318, 321-22 (2017) (internal quotations omitted). The mandatory fee-shifting provision is one of these key protections. *Id.* at 322.

DAVIS WRIGHT TREMAINE LLP

CoreCivic's claims against Defendants directly targeted free speech on matters of public concern, as they arose entirely in the context of political advocacy on matters of social and political concern, namely, the role of private corporations in operating prisons and immigrant detention centers in this country. Indeed, in opposing Defendants' anti-SLAPP Motion, CoreCivic did not dispute that its claims targeted free speech on matters of public concern. (*See* Dkt. 50.) Because fee shifting is mandatory under the anti-SLAPP statute, the only issue before the Court is the amount of the fee award. *See, infra,* Section II. Defendants' request is reasonable, and should be awarded in full.

*First*, Defendants seek reimbursement based on the reasonable hourly rates charged by their counsel at Davis Wright Tremaine LLP. The rates are reasonable in light of the attorneys' experience and expertise, and well within the range charged by comparable lawyers handling First Amendment litigation in Northern California. *Id.* Moreover, Defendants have discounted their total fees sought by 10%. *See, infra,* Section III.A.

*Second*, Defendants seek reimbursement based only on work performed relating to their anti-SLAPP Motion, as well as their opposition to CoreCivic's Motion for Administrative Relief (Dkt. 43) which concerned the applicability of procedural aspects of the anti-SLAPP Statute to Defendants' anti-SLAPP Motion. *See, infra,* Section III.B.

*Third*, the number of hours for which Defendants seek reimbursement is reasonable given Defendants' complete success on early dismissal with prejudice of CoreCivic's claims, the importance of the litigation, and the complexity of the issues involved. CoreCivic's own lengthy pleadings – which raised equivocating "implication" theories rather than basing claims solely on statements actually made in the challenged publications, were based in part upon time-barred publications, and asserted roundabout theories of "republication" – were responsible for significantly driving up defense costs, requiring Defendants to investigate, research, and brief numerous alternative arguments. And, CoreCivic forced additional motion practice on the anti-SLAPP statute by filing an administrative motion concerning procedural aspects of that statute. *See, infra,* Section III.A-B. Defendants are entitled to recover the resulting fees and costs, as Plaintiffs "cannot litigate tenaciously and then be heard to complain about the time necessarily

DAVIS WRIGHT TREMAINE LLP

spent by the [opposing party] in response." *Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114 (2009) (citation and internal quotations omitted).

For all these reasons, Defendants request that the Court grant this Motion and award them attorneys' fees in the amount of $ $165,572.10 plus additional fees incurred in preparing this Fees Motion and the Reply in support thereof, and in appearing at the hearing on this Motion (should the Court decide to schedule a hearing), as well as $310 in costs. *See* Declaration of Thomas R. Burke ("Burke Decl.") ¶¶ 19, 21, 22, 36 and Ex. F.[2]

## I.      PROCEDURAL HISTORY

In March 2019, CoreCivic filed this action accusing Defendants of defamation and defamation by implication arising out of a series of contributor posts authored by Simon and posted at Forbes.com (the "Forbes Posts") which criticized the role played by private prison companies, including CoreCivic, in immigrant detention. The Forbes Posts, and the statements therein, fall at the core of protected speech under the First Amendment. CoreCivic claimed the Forbes Posts amounted to accusing it of housing detained immigrant children who had been separated from their families pursuant to the Trump administration's family separation policies, and further complained of statements in the Forbes Posts that discussed CoreCivic's lobbying activities – and referred and linked directly to news reports at NPR.com and BusinessInsider.com. In the course of its 48 pages, CoreCivic's Complaint spun out a complex and baseless narrative involving Simon's purported financial motivations to defame CoreCivic and her use of hashtags and references to "family separation" to create the alleged defamatory implication alleged by CoreCivic. The Complaint also raised unusual theories regarding Simon's alleged republication of the statements at issue through hyperlinks and tweets, and by appending clarifications and updates to two of the Posts (following demands by CoreCivic). Though the Complaint did not assert a specific damages amount,

---

[2] Defendants have incurred fewer than 60 hours of time in connection with this Fees Motion to date, and will provide supplemental evidence with their Reply to support a request for any additional fees and costs incurred through the hearing on this Fee Motion, as well as any other proceedings initiated by Plaintiffs in connection with the SLAPP Motions. *See* Burke Decl. ¶ 21.

DAVIS WRIGHT TREMAINE LLP

CoreCivic later stated that it would seek an award between $30 million and $60 million.  *See* Burke Decl. ¶ 27.

Following transfer from the Central District of California to this District, the parties stipulated that Defendants would file a special motion to strike on August 6, 2020.  (*See* Dkt. 36).  The parties also stipulated to an extended briefing schedule on Defendants' special motion to strike, which required Court approval under L.R. 6-1(b).  (*Id.*)

On August 6, 2020, the Court entered an order rejecting the parties' proposed briefing schedule.  (Dkt. 40).  The same day, Defendants filed their special motion to strike pursuant to California's anti-SLAPP Statute, C.C.P. § 425.16.  (Dkt. 41.)  Defendants' motion raised numerous alternative bases for striking CoreCivic's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) standards, including that some of the statements at issue were barred by the statute of limitations, the statements were non-actionable opinion, the statements were not false, the statements concerning lobbying were not defamatory per se, and CoreCivic had failed to plausibly allege actual malice.  (*See id.*)  Defendants did not, however, move to dismiss under Rule 12(b)(6), but exclusively moved to strike under C.C.P. § 425.16.

Five days later, relying on the anti-SLAPP statute, CoreCivic filed an "Administrative Motion" arguing that the Court's order denying the parties stipulated briefing schedule rendered Defendants' anti-SLAPP Motion itself untimely under deadlines set out in the anti-SLAPP Statute.[3] (Dkt. 44.)  In the alternative, CoreCivic asked for discovery on the issue of actual malice raised in Defendants' anti-SLAPP Motion.  (*Id.*)  Following briefing, the Court denied CoreCivic's Administrative Motion, characterizing it as an "attempt" by CoreCivic "to renege on its prior stipulation."  (Dkt. 46 at 2).

On November 19, 2020, following a lengthy oral argument, this Court granted Defendants' anti-SLAPP Motion in an order titled "Order Granting Motion to Dismiss."  (Dkt. 60.)  The Nov.

---

[3] Though CoreCivic argued in its Administrative Motion for application of even the procedural rules of California's anti-SLAPP Statute, in opposing Defendants' anti-SLAPP Motion CoreCivic made an about-face, and claimed the anti-SLAPP Statute should not apply *at all* in federal court. (*See* Dkt. 50 at 6-7).

19 Order noted that CoreCivic had conceded at oral argument that it "did, in fact, operate detention facilities for parents separated from their children pursuant to the Border Patrol's family separation policy," and thus "the allegedly defamatory statements were true enough under the First Amendment and under California defamation law." *Id*. The Court dismissed CoreCivic's Complaint with prejudice, finding it "unnecessary to reach the remaining issues tendered." *Id*.

## II.     FEE SHIFTING UNDER THE ANTI-SLAPP STATUTE IS MANDATORY

In *Ketchum*, the California Supreme Court emphasized that "any SLAPP defendant who brings a successful motion to strike is entitled to ***mandatory*** attorney fees." 24 Cal. 4th at 1131 (emphasis added). *See also Schroeder v. Irvine City Council*, 97 Cal. App. 4th 174, 193-94 (2002) (rejecting limitations on SLAPP statute's fee-shifting provision as being "inconsistent with the mandatory language of section 425.16, subdivision (c)"). The Court recognized that the SLAPP fee award is designed to discourage litigation arising in connection with the exercise of free speech rights, "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional right[] of freedom of speech[.]" *Ketchum,* 24 Cal. 4th at 1131. "[T]he legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech … by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." *Id*. at 1136.

The Ninth Circuit has held that Section 425.16(c)'s mandatory fee-shifting provision applies in federal diversity cases, like this one. In *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005), for example, the court unequivocally declared that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court." *See also Planned Parenthood Fed'n of America, Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018) (when a motion to strike under the California anti-SLAPP statute challenges only the legal sufficiency of a claim, a district court should apply the standard of a motion to dismiss for failure to state a claim and consider whether a claim is properly stated); *Manufactured Home Communities, Inc. v. County of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) (affirming award of attorneys' fees to prevailing defendants on SLAPP motion); *Vess v. Ciba-Geigy Corp. USA*, 317

F.3d 1097, 1110 (9th Cir. 2003) (same); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-73 (9th Cir. 1999) (Section 425.16(c) applies in federal court).

Consistent with these authorities, federal district courts have routinely held that a party who prevails on an anti-SLAPP motion is entitled to an award of fees under Section 425.16(c). *See, e.g.*, *Smith v. Fireside Thrift Co.*, No. C 07-03883 WHA, 2007 WL 2729329, at *2 (N.D. Cal. Sept. 18, 2007) (Alsup, J.) (noting that "California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court," and finding the prevailing defendants on an anti-SLAPP motion were entitled to fees) (citation omitted); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST (N.D. Cal. Apr. 22, 2020) (awarding attorneys' fees and costs to Defendants after granting anti-SLAPP motion) (Burke Decl. Ex. E); *Ray Charles Found. v. Robinson*, 919 F. Supp. 2d 1054, 1067 (C.D. Cal. 2013) ("[b]ecause Defendants have prevailed on their anti-SLAPP motion, attorney fees are mandatory and the Court awards them."), *rev'd on other grounds*, 795 F.3d 1109 (9th Cir. 2015); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) ("defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees"); *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2001) ("[t]he attorneys' fees provision of Section 425.16 also applies in federal court, and declares that an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted").

Because the purpose of section 425.16's fee-shifting provision is to give "financial relief in the form of attorney's fees and costs" to defendants who have been subject to SLAPP lawsuits, *e.g.*, *Moore v. Liu*, 69 Cal. App. 4th 745, 750 (1999), and to discourage SLAPP suits by "imposing the litigation costs on the part[ies]" filing them, the statutory provision does not include any limitations or qualifications on the amount of fees and costs recoverable, other than that the fees be reasonable, *e.g.*, *Ketchum*, 24 Cal. 4th at 1131, 1139 (noting "the absence of any indication by the Legislature of the intent to specially limit attorney fees in anti-SLAPP actions"); Cal. Civ. Proc. Code § 425.16(c). Indeed, the California Legislature has mandated a "broad" interpretation of the statute that encourages *fully* reimbursing defendants who prevail on an anti-SLAPP motion. *See* Cal. Civ. Proc. Code § 425.16(a); *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002) (section 425.16

DAVIS WRIGHT TREMAINE LLP

must be "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant"); *see also Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2013) ("'[T]he provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.'" (citation omitted)). It is thus well established that a defendant who prevails under section 425.16 is entitled to recover all fees and costs incurred in connection with the successful prosecution of an anti-SLAPP motion. *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 39 Cal. App. 4th 1379, 1383 (1995); *see Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002) ("[T]he entire lawsuit is subject to the anti-SLAPP motion because all causes of action against [defendant] relate to free speech and all of the activity by [defendant's] attorneys occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion. . . . All of [defendant's] attorney fees and expenses were incurred 'in connection with' the anti-SLAPP motion.") (footnote omitted).

Finally, attorneys' fees under the anti-SLAPP statute are available once such a motion is made, even if the case is dismissed *without* reaching the merits of the anti-SLAPP arguments. This is necessary to give effect to the statute's "mandatory" award of fees. Accordingly, a "'trial court must, upon defendant's motion for a fee award, rule on the merits of the SLAPP motion' even if the matter was dismissed before reaching said merits." *Elem Indian Colony of Pomo Indians of the Sulphur Bank Rancheria v. Ceiba Legal, LLP*, 230 F. Supp. 3d 1146, 1152 (N.D. Cal. 2017) (Alsup, J.) (quoting *Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211, 215 (2002)).

Here, Defendants' anti-SLAPP Motion was meritorious for the reasons set out in Defendants' briefing on that motion. (*See* Dkts. 41, 51). The Court's Order, moreover, dismissed Defendants' claims on the basis of an argument explicitly raised in Defendants' anti-SLAPP Motion – namely, that the statements at issue were not false because CoreCivic *did* operate immigrant detention facilities for adults who had been separated from their family members. (*See* Dkt. 41 at 1; Dkt. 60). Thus, regardless of whether the Court's Order dismissed CoreCivic's claims under the anti-SLAPP statute or Rule 12, Defendants are entitled to a full mandatory fee award in connection with their anti-SLAPP Motion.

Defendants are also entitled to recover their reasonable attorneys' fees incurred in connection with this Fees Motion. *See Ketchum*, 24 Cal. 4th at 1141 (prevailing defendant's award must include "the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16"); *accord Serrano v. Unruh*, 32 Cal. 3d 621, 639 (1982) (recoverable fees "include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim").

### III. DEFENDANTS' FEE REQUEST IS REASONABLE

Under California law, courts calculate an award of attorneys' fees by determining a lodestar figure "based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133. Defendants' request is reasonable as to both the rates and hours sought, especially in light of the scope of the pleadings and this lawsuit, which sought tens of millions of dollars in damages and posed an existential threat to Simon and the work of activists like her.

### A. Counsel's Hourly Billing Rates Are Reasonable

A reasonable hourly rate is one "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bontá*, 97 Cal. App. 4th 740, 783 (2002). To determine a reasonable rate, courts consider "the experience, skill, and reputation of the attorney requesting fees." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013) (citation omitted). "Affidavits of the [prevailing party's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases … are satisfactory evidence of the prevailing market rate." *Id.* (citation omitted). Courts also consider "counsel's special expertise" in the areas of law at issue in the litigation. *Building a Better Redondo, Inc. v. City of Redondo Beach*, 203 Cal. App. 4th 852, 872 (2012). Moreover, a prevailing party who charged a reduced rate can seek higher reasonable market value of attorneys' services under the lodestar approach. *See Center for Biological Diversity v. County of San Bernardino*, 188 Cal. App. 4th 603, 619 (2010).

Defendants seek reimbursement based on the rates charged by their counsel at Davis Wright Tremaine LLP in this matter:

| Davis Wright Tremaine Hourly Rates | | | | |
|---|---|---|---|---|
| **Attorney** | **Title** | **2020 Standard Rate** | **Hours Billed** | **Fees Billed ($)** |
| Thomas R. Burke | Partner | $810 | 69.7 | $56,457.00 |
| Abigail Everdell | Associate | $555 | 219.2 | $121,656.00 |
| Andrew Row | Associate | $430 | N/A[4] | N/A |
| Noel Nurrenbern | Paralegal | $240[5] | 24.4 | $5,856.00 |

*See* Burke Decl. ¶ 4.  In an exercise of billing discretion, Defendants have discounted these fee totals by 10%, and accordingly seek a total of $165,572.10 fees in connection with their anti-SLAPP Motion.  *Id.* ¶ 19.  The bills in this matter have been reviewed by a peer attorney, Karl Olson, who found the amount of time and rates charged to be reasonable.  *See* Declaration of Karl Olson ("Olson Decl.") ¶ 7.

The rates described above are particularly reasonable in light of the respective attorneys' experience, skill, and reputation.  Mr. Burke has over three decades of litigation experience, with substantial expertise in First Amendment law and anti-SLAPP law in particular as the author of "Anti-SLAPP Litigation" (The Rutter Group 2013-present) and a Contributing Editor to Weil & Brown, "Cal. Practice Guide: Civil Procedure Before Trial" (The Rutter Group 2014-present) (Anti-SLAPP Motions).  Burke Decl. ¶ 8 and Ex. A.  Mr. Burke has also been consistently recognized as one of "America's Leading Lawyers for Business" in First Amendment Litigation nationwide and for California by Chambers USA, he was named "Lawyer of the Year" in San Francisco Litigation – First Amendment by Best Lawyers in America in 2015 and for 2021, and has been consistently selected to "Northern California Super Lawyers."  *Id.*  Ms. Everdell has six years of experience as a litigator, four of those specializing almost exclusively in First Amendment and

---

[4] Mr. Row has only billed compensable time to this Fees Motion.  His total hours and fees billed will be set out in Defendants' Reply.

[5] Due to her decades of experience and skills as a paralegal, Ms. Nurrenbern's standard billing rate is $360 per hour.  Burke Decl. n.2.  In an exercise of billing discretion, however, and in accordance with Judge Tigar's evaluation of paralegal billing rates in *Resolute*, No. 17–cv–02824–JST at *3 (noting the Court had accepted attorney billing rates but had reduced a paralegal hourly rate to $240 per hour), Defendants have determined to seek reimbursement for Ms. Nurrenbern's time at a lower rate.  *See* Burke Decl. n.2 & Ex. E.

media representations, and in this matter took on primary responsibility not only for drafting papers, but also for arguing the anti-SLAPP Motion against two partners of CoreCivic's counsel Clare Locke LLP. *Id.* ¶¶ 9, 25, Ex. B. Mr. Row is a junior litigation associate who, before joining Davis Wright Tremaine, completed three clerkships for a federal district judge, a federal appeals court judge, and for a judge of the Supreme Court of New Zealand. *Id.* ¶ 10, Ex. C. Finally, Ms. Nurrenbern has over 30 years of experience, making her one of Davis Wright Tremaine's most experienced paralegals. *Id.* ¶ 11, Ex. D.

The standard billing rates charged for each of the attorneys in this case is comfortably within if not below the median rates for attorneys with comparable tenures at peer firms in the San Francisco Bay Area. *See* Burke Decl. ¶¶ 4-7; Olson Decl. ¶ 5. Numerous courts have held that the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate.[6] *See, e.g., Adolph Coors Co. v. Truck Ins. Exch.*, 383 F. Supp. 2d 93, 97 (D.D.C. 2005) ("[a]n attorney's usual billing rate, when in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, is presumptively reasonable") (citation and internal quotation omitted); *Nat'l Ass'n of Concerned Veterans v. Secretary of Def.*, 675 F.2d 1319, 1326 (D.C. Cir. 1982) ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"); *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("[f]or private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm"); *Islamic Ctr. of Mississippi, Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989), *overruled on other grounds by Shipes v. Trinity Indus.*, 987 F.2d 311, 322 (5th Cir. 1993) (attorney's uncontested customary billing rate is *prima facie* reasonable); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646, 660 (7th Cir. 1985) ("hourly rates used to compute the lodestar are typically the rates lawyers charge clients who pay on a regular basis").

---

[6] Defendants in this case had coverage from two insurance companies. The insurers agreed to pay counsel steeply discounted hourly rates, under an arrangement by which any fee recovery under the anti-SLAPP Statute would be earmarked to make up the difference between those discounted rates and counsel's standard rates. *See* Burke Decl. ¶¶ 13-14.

Finally, other courts have found similar – and even higher – rates to be reasonable in comparable cases. For example, on December 11, 2018, a judge in the Central District of California found the following rates to be reasonable in a SLAPP defamation case involving attorney Charles Harder of Harder LLP: "[A]ttorney Charles Harder (partner) charges $841.64 per hour; attorney Ryan J. Stonerock (partner) charges $756.49 per hour; attorney Dilan A. Esper (senior attorney) charges $611.99 per hour; attorney Steven H. Frackman (associate) charges $586.50 per hour; and attorney Ted S. Nguyen (associate) charges $307.60 per hour." *Clifford v. Trump*, No. CV 18-06893-SJO, 2018 WL 6519029, at *4 (C.D. Cal. Dec. 11, 2018), *appeal docketed*, No. 20-55880 (9th Cir. Aug. 26, 2020). The court noted the attorneys' "specific expertise in the fields of media and defamation law," and added that "[i]n similar First Amendment anti-SLAPP litigation involving highly qualified attorneys, a court in the Northern District of California held that experienced partners were entitled to between $880 and $995 per hour, senior associates were entitled to between $450 and $535 per hour, and junior associates were entitled to $355 per hour." *Id.* (citing *Open Source Sec., Inc. v. Perens*, No. 17-CV-04002-LB, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018)).

In 2015, Judge Orrick found the following rates reasonable for attorneys who brought an anti-SLAPP fee motion in a defamation action: $1,035 and $1,085 for a partner with 40 years of experience; $875 and $920 for a partner with 20 years of experience; $645 and $710 for an associate with six years of experience; and $570 and $640 for an associate with four years of experience. *Wynn v. Chanos*, No. 14-cv-04329-WHO, 2015 WL 3832561 at *2 (N.D. Cal. June 19, 2015), *aff'd*, 685 Fed. Appx. 578 (9th Cir. 2017) (explaining that the rates "are at the top end of what is reasonable in the Bay Area market" but nonetheless "reasonable"). *See also Fitbit, Inc. v. Laguna 2, LLC*, No. 17-cv-00079-EMC, 2018 WL 306724, at *9 (N.D. Cal. Jan. 5, 2018) (awarding fees in SLAPP case based on $750 hourly rate). And last year, Judge Tigar awarded anti-SLAPP fees on the basis of Defendants' counsel Davis Wright Tremaine's rates (while reducing one paralegal's rate to $240 per hour), for a total fees award of $545,572.36. *See Resolute*, No. 17–cv–02824–JST at *3, 8 (Burke Decl. Ex. E.) As shown by these cases and by the

declaration of Mr. Burke, counsel's hourly rates are reasonable. *See Monroy*, 215 Cal. App. 4th at 1009.

**B.     The Hours Worked By Defendants' Counsel Are Reasonable**

A fee award "should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano*, 32 Cal. 3d at 624. As set forth in their counsel's declaration, Defendants seek reimbursement for work reasonably and necessarily performed in connection with the anti-SLAPP Motion and associated Administrative Motion, while omitting non-SLAPP fees (including fees relating to the parties' venue transfer, settlement negotiations, case management conference and filed case management statement (Dkt. 53), stipulated protective order (Dkt. 54), or the thoroughly researched Rule 26 initial disclosures Defendants prepared and exchanged prior to the Court entering its Order (*See id.* at 5)). Defendants have also omitted over 8 hours of time contributed to the anti-SLAPP Motion by attorneys, researchers, and paralegals outside the principal team in this matter, and as an added measure, have discounted their fees by 10%. *See* Burke Decl. ¶¶ 19, 24. Defendants' request for attorneys' fees is reasonable and should be awarded in full.

*First*, the "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quotation omitted). Defendants' anti-SLAPP Motion was entirely successful because it resulted in the dismissal with prejudice of all of CoreCivic's claims. Courts have recognized that "[w]here, as here, a prevailing party has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass *all hours reasonably expended in the litigation*[.]" *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (emphasis added; citation omitted).

*Second*, Defendants' anti-SLAPP Motion vindicated important First Amendment rights. *See Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996), *disapproved on other grounds by Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002) (reasonableness of fees includes consideration of the "importance of the litigation"). CoreCivic's lawsuit targeted Defendants' free speech in connection with issues of public concern. Publications on issues of public interest, like the Forbes Posts here, "advanc[e] the 'highest rung' of First

12

Amendment values." *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1047 n.5 (1997) (affirming grant of media organization's SLAPP motion and award of attorneys' fees); *see also Carver v. Bonds*, 135 Cal. App. 4th 328, 343-44 (2005) (same).

Consistent with the SLAPP statute's goals, reimbursement of expenses to prevailing defendants – here, an activist speaking out against the private prison industry – are necessary to avoid the "chill" on protected speech that litigation like this can cause, and also to discourage plaintiffs – here, one of the largest private prison companies in this country – from attempting to retaliate against speakers for engaging in activity protected by the First Amendment. *See Moore v. Liu*, 69 Cal. App. 4th 745, 748 (1999) (explaining that Legislature intended the SLAPP statute's fee-shifting provision both as "monetary relief" to prevailing defendants and also "the punishment which Section 425.16 imposes on persons who use the courts to chill others' exercise of their constitutional rights"). Defendants' successful defense vindicated vital free speech rights, further justifying their fee request. *See Wollersheim*, 42 Cal. App. 4th at 659.

***Third***, Defendants' request is reasonable given the issues raised by the Complaint and CoreCivic's own litigation tactics. Courts deciding fee motions have recognized that "most anti-SLAPP motions … tend to present complex issues." *Piping Rock Partners, Inc. v. David Lerner Assocs.*, No. 12-cv-04634-SI, 2015 WL 4932248, at *5 (N.D. Cal. Aug. 18, 2015). *See also Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1319 (2008) ("SLAPP motions are generally difficult"). Consequently, in *Piping Rock Partners*, the court found that the fee award was supported by the fact that the "anti-SLAPP motion at issue involved roughly a dozen defamatory statements, three causes of action, and complex issues of law." 2015 WL 4932248, at *5. Here, Plaintiffs' sprawling pleadings together alleged an assortment of defamatory statements as well as a variety of diffuse "gestalt" implications, in the process raising unusual legal issues relating to republication of internet postings. Yet CoreCivic's Complaint hid the ball regarding its indisputable involvement in family separation – an involvement it admitted at oral argument on the motion. CoreCivic's maneuvers required Defendants to research and brief numerous alternative legal bases for dismissal, requiring considerable time and effort. Burke Decl. ¶¶ 16-17. CoreCivic also insisted upon additional bites at the apple, raising substantive defamation arguments in

response to Defendants' anti-SLAPP Motion both in its Administrative Motion and in opposition to a request for judicial notice.  All these tactics required Defendants to expend additional hours to respond.  *Id.*

As one California court noted, a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response."  *Peak-Las Positas Partners*, 172 Cal. App. 4th at 114 (quoting *Int'l Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.*, 69 Cal. App. 4th 287, 304 (1999)).  *See also Serrano*, 32 Cal. 3d at 634 n.18 (opposing party's litigation tactics help determine reasonableness of prevailing party's hours); *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal. App. 4th 608, 627 (2015) (affirming fee award, noting that "the amount of attorney fees incurred by [the prevailing party] was increased by [the opposing party's] own conduct").

*Fourth*, this case was managed efficiently and economically.  The case was staffed leanly, and DWT attorneys with lower billing rates researched and prepared drafts of all papers relating to the anti-SLAPP Motion.  Ms. Everdell—a sixth year associate—also argued the motion at oral argument.  Mr. Burke, the senior partner overseeing the defense, took a supervisory role, editing the briefing, helping prepare Ms. Everdell for oral argument, and formulating the overall litigation strategy, therefore accruing fewer hours at their relatively higher rates.  *See* Burke Decl. ¶ 25.  This arrangement underscores the reasonableness of Defendants' request.  *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1123 (C.D. Cal. 2012) (counsel "efficiently staffed this matter" where associate handled bulk of drafting "with oversight by an experienced partner").

*Fifth*, Defendants' request is consistent with fee awards in other comparable SLAPP cases.  For example, in *Premier Med. Mgmt. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550 (2008), the court affirmed fee awards totaling more than $275,000 in connection with a joint SLAPP motion on behalf of two defendants.  *Id.* at 553, 556.  Similarly, in *Vargas v. City of Salinas*, 200 Cal. App. 4th 1331 (2011), the court affirmed an award of $226,928 in attorney fees and $2,495.84 in costs under the SLAPP statute.  *Id.* at 1338.  *See also Clifford*, 2018 WL 67519029, at *6 (awarding $293,052.33 in fees and costs); *Open Source*, 2018 WL 2762637, at *7 (awarding $259,900.50 in fees for 446.20 hours of defense work and $2,403.12 in costs); *Graham-Sult v.*

14

*Clainos*, 756 F.3d 724 (9th Cir. 2013) (affirming fee award of $240,506 "plus 'reasonable fees on fees'" in SLAPP case); *Wynn v. Chanos*, 2015 WL 3832561, at *6 (N.D. Cal. June 19, 2015) (awarding $390,149.63 in attorneys' fees in SLAPP case); *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (awarding $318,687.99 in SLAPP case); *Makaeff v. Trump Univ., LLC*, No. 10CV0940 BPC, 2015 WL 1579000, at *28 (S.D. Cal. Apr. 9, 2015) ($790,083.40 in fees and $8,695.81 in costs in SLAPP case); *Maloney v. T3Media, Inc.*, No. 14-05048-AB, 2015 WL 3879634, at *10 (C.D. Cal. May 27, 2015) (awarding $195,838.50 in fees in SLAPP case); *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 487 (2014) (awarding $162,059.38 in SLAPP fees). *See also* Burke Decl. ¶ 12 (cases reflecting SLAPP fee awards to DWT counsel).

In sum, the fee request is reasonable, and should be awarded in its entirety.

## IV.    CONCLUSION

Section 425.16 "is designed to nip SLAPP litigation in the bud by striking offending causes of actions which 'chill the valid exercise of … freedom of speech[.]'" *Braun*, 52 Cal. App. 4th at 1042. The statute expresses a "legislative suspicion of SLAPP suits and an intent to weed out all but those having demonstrable merit." *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 23 n.23 (1995). This "David vs. Goliath" action is precisely the type of lawsuit that the statute was designed to eliminate. Under the controlling authorities set forth above, Defendants respectfully request that this Court order CoreCivic to pay $ $165,572.10 in attorneys' fees and $310 in costs incurred in this lawsuit, as well as all fees and costs incurred in connection with the filing of this Fee Motion.

Dated:  December 18, 2020

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ABIGAIL B. EVERDELL


By:  /s/ *Thomas R. Burke*
     THOMAS R. BURKE

Attorneys for Defendants Candide Group, LLC
and Morgan Simon

DAVIS WRIGHT TREMAINE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORECIVIC, INC., | Case No. 4:20-cv-03792-WHA |
| Plaintiff, | **[PROPOSED] ORDER ON DEFENDANTS'** |
| | **MOTION TO RECOVER ATTORNEYS'** |
| v. | **FEES AND COSTS  [C.C.P. § 425.16(c)]** |
| CANDIDE GROUP, LLC and MORGAN SIMON, | |
| Defendants. | |

## <u>ORDER</u>

This matter having come before the Court is Defendants' Motion to Recover Attorneys' Fees and Costs [C.C.P. § 425.16(c)], the Court hereby orders as follows:

Defendants' Motion is **GRANTED** for the reasons stated therein, and the Court awards $165,572.10 in fees and $310 in costs, plus additional fees incurred by Defendants in connection with their Motion to Recover Attorneys' Fees and Costs as set out in Defendants' reply memorandum, to be paid by Plaintiff CoreCivic, Inc.

**IT IS SO ORDERED.**

Dated: _____, 2020          _____

Hon. William Alsup
United States District Judge