Thomas R. Burke (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Abigail B. Everdell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: abigaileverdell@dwt.com

Attorneys for Defendants
Candide Group, LLC and Morgan Simon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORECIVIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CANDIDE GROUP, LLC and MORGAN SIMON,<br><br>Defendants. | Case No. 3:20-cv-03792-WHA<br><br>**DECLARATION OF KARL OLSON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Motion for Attorneys' Fees and Costs and Proposed Order Filed Concurrently]<br><br>Date: February 25, 2021<br>Time: 8:00 a.m.<br>Place: Courtroom 7<br><br>Action Filed: March 4, 2020<br>Action Transferred: June 7, 2020 |

# DECLARATION OF KARL OLSON

I, Karl Olson, declare:

1. I am over 18 years of age, and not a party to this case. I am a partner in the San Francisco law firm of Cannata, O'Toole, Fickes, & Olson LLP. The matters stated herein are true of my own personal knowledge, except for those matters expressly stated on information and belief, which I believe to be true. I make this declaration in support of Defendants Candide Group, LLC, and Morgan Simon's (collectively, the "Defendants") Motion for Attorneys' Fees and Costs.

2. I was admitted to the California Bar in December of 1982 after graduating *magna cum laude* from University of California's Hastings College of the Law that year. From 1982 to 1983 I was employed by Justice Joseph Grodin as a law clerk and research attorney, respectively, first for the California Court of Appeal (First District) and then for the California Supreme Court when he was elevated to the Supreme Court in December of 1982. From 1983 to 1986 I was an associate at Morrison & Foerster. From 1986 to the end of 1989 I was an associate at Cooper, White & Cooper and from January 1, 1990 to March 31, 1997 I was a partner at Cooper, White & Cooper. On April 1, 1997, I co-founded Levy, Ram & Olson, which became Ram & Olson on June 1, 2009, and Ram, Olson, Cereghino & Kopczynski in February of 2011. In 2017, I joined my current firm as partner. My practice consists of litigation at both the trial and appellate court levels with a concentration on First Amendment and media law as well as class action litigation.

3. I was one of the early supporters of the California anti-SLAPP statute, Code of Civil Procedure section 425.16, and had some involvement in its drafting. I have drafted amicus curiae briefs for the California Newspaper Publishers Association and other media entities in the following cases decided by the California Supreme Court dealing with the anti-SLAPP statute: *S.B. Beach Properties v. Berti,* 39 Cal. 4th 374 (2006); *Flatley v. Mauro,* 39 Cal. 4th 299 (2006); *Varian Medical Systems, Inc. v. Delfino,* 35 Cal. 4th 180 (2005); *Navellier v. Sletten*, 29 Cal. 4th 82 (2002); *City of Cotati v. Cashman*, 29 Cal. 4th 69 (2002); *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002); and, *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999).

4. During my career, all of which has been spent in San Francisco, I have worked for a large firm (Morrison & Foerster), a mid-sized firm (Cooper, White & Cooper) and now at a small firm (Cannata, O'Toole, Fickes & Olson). I am, therefore, familiar with the hourly rates charged by counsel in San Francisco and throughout California and awarded by state and federal courts for private law firms.

5. In particular, due to my experience representing media entities in San Francisco and throughout Northern California, I am familiar with rates charged by counsel skilled in First Amendment and anti-SLAPP matters. The hourly rates requested here by Davis Wright Tremaine LLP—$810 per hour for partner Thomas R. Burke; $555 per hour for senior associate Abigail Everdell; $430 per hour for junior associate Andrew Row; and $240 per hour for paralegal Noel Nurrenbern—are well within the market rates for attorneys and paralegals of comparable experience, skill and reputation who specialize in media, First Amendment, and anti-SLAPP litigation in the San Francisco Bay area, and below the rates of attorneys at large law firms..

6. I and other attorneys I know have been awarded attorney's fees at rates consistent with those in other recent cases. In *Relente v. Viator*, Case No. 12-cv-05868-JD (N.D. Cal.), I was awarded fees based on a rate of $750 per hour in 2015. In *Ehret v. Uber*, Case No. 3:14-cv- 113 EMC (N.D. Cal), I was awarded fees based on a rate of $800 per hour in 2017. In *Hoeper v. City and County of San Francisco*, San Francisco Superior Court, Case No. CGC-15-543553, I was awarded fees at $750 per hour in 2017, and the City did not challenge a rate of $775 an hour for my time and that of my partner Therese Cannata in 2020 (the City agreed to pay our fees on appeal in that case without the need for a fee motion). In *Resolute Forest Products, Inc. v. Greenpeace International*, Case No. 17-cv-02824-JST (N.D. Cal.), I was awarded fees based on a rate of $775 per hour in 2019. Finally, before this Court in 2019, in *American Small Business League v. United States Dept. of Defense*, Case No. 3:18-CV-01979-WHA, the government did not challenge the rate of $775 an hour for my time. See also *Clifford v. Trump*, 2018 WL 6519029, at *4 (C.D. Cal. Dec. 11, 2018); *Open Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018); *Wynn v. Chanos*, 2015 WL 3832561 at *2 (N.D. Cal. June 19, 2015).

7. I also am personally familiar with the time and effort that is required to successfully prosecute an anti-SLAPP motion under Code of Civil Procedure Section 425.16, having filed and prevailed in such motions myself. Anti-SLAPP motions, even made on the basis of legal deficiencies as opposed to factual merit, can be far more time-consuming than the usual pleading. The motion can involve difficult and time-consuming issues of constitutional law and a fact-specific application of that law to the facts alleged in the complaint. I have looked at the extensive briefing prepared by DWT in connection with this motion and, based on my experience with libel matters and anti-SLAPP motions, the hours billed by the Davis Wright Tremaine attorneys and paralegals in this case through resolution of the anti-SLAPP Motion — 69.7 hours by Mr. Burke, 219.2 hours by Ms. Everdell, and 24.4 hours by Ms. Nurrenbern, for a requested total fees recovery of $165,572.10; as well as the under 60 hours billed by DWT in preparing their fees motion to date—are well within the range of hours that are required to prepare an anti-SLAPP motion and all of the related papers in a case of this complexity. I am informed and believe that the $165,572 sought by defense counsel reflects a deduction of 10 percent in the defense lodestar for billing judgment, but in my opinion the fees are reasonable even if defense counsel had not deducted 10 percent.

7. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California on December 18, 2020.

*/s/ Karl Olson*

Karl Olson