1   Elizabeth M. Locke, P.C.* (VA Bar No. 71784)
    CLARE LOCKE LLP
2   10 Prince Street
    Alexandra, VA 22314
3   Telephone: (202) 628-7400
    Email:   libby@clarelocke.com
4   *Appearance *Pro Hac Vice*

5   Michael B. McClellan, CBN 241570
    NEWMEYER & DILLION LLP
6   895 Dove Street, Fifth Floor
    Newport Beach, CA  92660
7   Telephone: (949) 854-7000
    Email:   Michael.McClellan@ndlf.com

8

9   *Attorneys for Plaintiff CoreCivic, Inc.*

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  CORECIVIC, INC.,                    CASE NO:  3:20-cv-03792-WHA

14              Plaintiff,              ASSIGNED TO: Judge William Alsup

15  v.
                                        **PLAINTIFF'S OPPOSITION TO**
16  CANDIDE GROUP, LLC and MORGAN       **DEFENDANTS' MOTION TO RECOVER**
    SIMON,                              **ATTORNEYS' FEES AND COSTS**
17
              Defendants.              [Cal. Code Civ. Proc. § 425.16]
18

19                                      Date:      February 25, 2021
                                        Time:      8:00 a.m.
20                                      Location:  San Francisco Courthouse
                                                   Courtroom 7 – 19th Floor
21                                                 450 Golden Gate Avenue
                                                   San Francisco, CA 94102
22
                                        Action Filed (C.D. Cal.):      March 4, 2020
23                                      Action Transferred: (N.D. Cal.):  July 7, 2020

24

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 3

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ....................................................................................................................... 5

I.      Defendants' Fee Motion Must Be Denied if the Court Denied Defendants' Special Motion to Strike Under California Code of Civil Procedure § 425.16 and Dismissed This Case Under Federal Rule of Civil Procedure 12(b)(6). ................................................ 5

II.     Even If the Court Granted Defendants' Motion to Strike, Defendants' Fee Motion Still Must Be Denied Because California Code of Civil Procedure § 425.16—Including Its Attorneys' Fees Provision—Cannot Apply in This Case. ................................................... 7

      A.      California Code of Civil Procedure § 425.16—Including Its Attorneys' Fees Provision—Cannot Apply in Federal Court .................................................... 7

      B.      Section 425.16 Does Not Apply Here Because Defendants' Challenged Speech Falls Squarely Within the Anti-SLAPP Act's Commercial Speech Exemption.... 11

III.    Defendants' Fee Motion Must Be Denied—Or, At Minimum, Their Requested Fees Substantially Reduced—Because Defendants Claim Highly Unreasonable Fees Based on Excessive Hours and Inflated Rates Up to Double What They Actually Paid Their Attorneys. ........................................................................................................................ 12

      A.      Defendants' Request for Fees for Over 360 Hours of Work Is Grossly Excessive and Patently Unreasonable. ...................................................................... 13

      B.      Defendants Improperly Seek "Recovery" of Unreasonably Inflated Attorney Billing Rates Up to Double What Defendants Actually Paid Their Attorneys...... 21

CONCLUSION ................................................................................................................... 24

FILER ATTESTATION ...................................................................................................... 26

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
*569 E. Cty. Blvd. LLC v. Backcountry Against the Dump, Inc.*,
 6 Cal. App. 5th 426 (2016) ....................................................... 13

5

*Abbas v. Foreign Policy Grp., LLC*,
6   783 F.3d 1328 (D.C. Cir. 2015) ............................................... 7

7
*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
 421 U.S. 240 (1975) ................................................................. 7

8

*AT&T Mobility LLC v. Yeager*,
9   No. 13-cv-7, 2018 WL 1567819 (E.D. Cal. Mar. 30, 2018) ................ 13, 17

10
*Barron v. Ashland, Inc.*,
 No. 10-cv-1301, 2012 WL 13001044 (C.D. Cal. Jan. 9, 2012) ................ 19

11

*Bekele v. Ford*,
12   No. 11-cv-1640, 2011 WL 4344189 (N.D. Cal. Sept. 15, 2011) ............... 17

13
*Bell Atl. Corp. v. Twombly*,
 550 U.S. 554 (2007) ................................................................. 9

14

*Blackburn v. ABC Legal Servs., Inc.*,
15   No. 11-cv-1298, 2012 WL 1067632 (N.D. Cal. Feb. 24, 2012),
   *adopted*, 2012 WL 1067551 (N.D. Cal. Mar. 28, 2012) ........................ 17

16

*Carbone v. Cable News Network, Inc.*,
17   910 F.3d 1345 (11th Cir. 2018) .................................................. 7, 9

18
*Christian Research Inst. v. Alnor*,
 165 Cal. App. 4th 1315 (2008) ....................... 1, 5, 12, 13, 18, 19, 21, 23, 24

19

*Compass Bank v. Morris Cerullo World Evangelism*,
20   No. 13-cv-0654, 2015 WL 3442030 (S.D. Cal. May 28, 2015) ................ 19

21
*Cooter & Gell v. Hartmarx Corp.*,
 496 U.S. 384 (1990) ................................................................. 10

22

*Crowe v. Gogineni*,
23   No. 11-cv-3438, 2014 WL 130488 (E.D. Cal. Jan. 13, 2014),
   *adopted*, 2014 WL 1513277 (E.D. Cal. Apr. 16, 2014) ...................... 14, 17

24
*Ctr. for Biological Diversity v. Cty. of San Bernardino*,
25   188 Cal. App. 4th 603 (2010) ..................................................... 23

26
*Gates v. Deukmejian*,
 987 F.2d 1392 (9th Cir. 1992) .................................................... 13

27

*Godin v. Schencks*,
28   629 F.3d 79 (1st Cir. 2010) ....................................................... 8

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

*Gottesman v. Santana*,
    263 F. Supp. 3d 1034 (S.D. Cal. 2017) ..................................................................... 22

*Graham-Sult v. Clainos*,
    756 F.3d 724 (9th Cir. 2014) ................................................................... 21, 22, 23

*Grasshopper House, LLC v. Clean & Sober Media, LLC*,
    No. 18-cv-923, 2018 WL 6118440 (C.D. Cal. July 18, 2018) ........................... 12

*Hyan v. Liberty Surplus Ins. Corp.*,
    No. 14-cv-2004, 2020 WL 5092448 (C.D. Cal. Jan. 15, 2020) .......................... 17

*Iancu v. Brunetti*,
    139 S. Ct. 2294 (2019) ........................................................................................ 10

*In re Bennett*,
    298 F.3d 1059 (9th Cir. 2002) ............................................................................... 5

*In re Super Dieter's Tea Cases*,
    No. A114101, 2007 WL 2430160 (Cal. Ct. App. Aug. 28, 2007) ....................... 22

*In re Tenderloin Health*,
    No. 15-cv-1173, 2015 WL 7015559 (N.D. Cal. Nov. 12, 2015) ........................... 5

*Intercon Sols., Inc. v. Basel Action Network*,
    969 F. Supp. 2d 1026 (N.D. Ill. 2013),
    *aff'd*, 791 F.3d 729 (7th Cir. 2015) ......................................................................... 7

*JAMS, Inc. v. Superior Court*,
    1 Cal. App. 5th 984 (2016) ................................................................................... 11

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) .......................................................................................... 12

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ................................................................. 5, 12, 13, 21, 24

*Klocke v. Watson*,
    936 F.3d 240 (5th Cir. 2019) ........................................................................... 7, 10

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020) ................................................................................. 7, 9

*Lampo Grp., LLC v. Paffrath*,
    No. 18-cv-1402, 2019 WL 3305143 (M.D. Tenn. July 23, 2019) .......................... 7

*League of United Latin Am. Citizens Inc. v. Eureste*,
    No. 13-cv-4725, 2014 WL 5473560 (N.D. Cal. Oct. 28, 2014) ..................... 17, 19

*Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*,
    No. 14-cv-666, 2014 WL 5698448 (E.D. Cal. Nov. 4, 2014) .......................... 14, 17

*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*,
    885 F.3d 659 (10th Cir. 2018),
    *cert. denied*, 139 S. Ct. 591 (2018) ........................................................... 7, 10, 11

- iii -

*Lunada Biomedical v. Nunez*,
   230 Cal. App. 4th 459 (2014) ....................................................................... 21

*Makaeff v. Trump Univ., LLC*,
   736 F.3d 1180 (9th Cir. 2013).................................................................. 8, 20

*Maloney v. T3Media, Inc.*,
   No. 14-cv-5048, 2015 WL 3879634 (C.D. Cal. May 27, 2015) ......................... 21, 24

*Manzari v. Assoc. Newspapers Ltd.*,
   830 F.3d 881 (9th Cir. 2016)............................................................................ 6

*Mathis v. Spears*,
   857 F.2d 749 (Fed. Cir. 1988)........................................................................ 20

*Maughan v. Google Tech., Inc.*,
   143 Cal. App. 4th 1242 (2006) ................................................................. 14, 17

*McComas v. Wallace*,
   No. 10-cv-2622, 2011 WL 1230044 (N.D. Cal. Mar. 30, 2011) ............................ 10

*Metabolife Int'l, Inc. v. Wornick*,
   213 F. Supp. 2d 1220 (S.D. Cal. 2002)............................................................ 20

*Miller v. California*,
   18 Cal. 3d 808 (1977) ................................................................................... 24

*Minichino v. First Cal. Realty*,
   No. 11-cv-5185, 2012 WL 6554401 (N.D. Cal. Dec. 14, 2012)................... 14, 15, 17

*Moreau v. Daily Indep.*,
   No. 12-cv-1862, 2013 WL 796621 (E.D. Cal. Mar. 4, 2013)................................ 17

*Nadarajah v. Holder*,
   569 F.3d 906 (9th Cir. 2009)........................................................................... 19

*Nasrallah v. Barr*,
   140 S. Ct. 1683 (2020) .................................................................................. 10

*Neil v. Comm'r of Soc. Sec.*,
   495 F. App'x 845 (9th Cir. 2012) .................................................................... 19

*Open Source Sec., Inc. v. Perens*,
   No. 17-cv-4002, 2018 WL 2762637 (N.D. Cal. June 9, 2018)...................... 20, 21

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ......................... 10

*Plevin v. City & Cty. of S.F.*,
   No. 11-cv-2359, 2013 WL 2153660 (N.D. Cal. May 16, 2013).............................. 17

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*,
   163 Cal. App. 4th 550 (2008) .................................................................. 20, 21

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

*Ramona Unified Sch. Dist. v. Tsiknas*,
  135 Cal. App. 4th 510 (2005) ................................................................................. 22

*Rutherford v. Palo Verde Healthcare Dist.*,
  No. 13-cv-1247, 2014 WL 12631845 (C.D. Cal. May 20, 2014) ............................. 24

*Serrano v. Unruh*,
  32 Cal. 3d 621 (1982) ..................................................................................... 5, 12

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ............................................................................. 1, 2, 7, 8, 9

*Shearer v. United States*,
  670 F. App'x 513 (9th Cir. 2016) ........................................................................ 18

*Smith v. Payne*,
  No. 12-cv-1732, 2013 WL 1615850 (N.D. Cal. Apr.15, 2013) ........................ 17, 18

*Smith v. Santa Rosa Press Democrat*,
  No. 11-cv-2411, 2011 WL 7777108 (N.D. Cal. Dec. 19, 2011) .............................. 18

*Soukup v. Stock*, 15 Cal. Rptr. 3d 303, 311 (Ct. App. 2004),
  *rev'd on other grounds sub nom. Soukup v. Law Offices of Herbert Hafif*,
  39 Cal. 4th 260 (2006) ........................................................................................ 22

*Stafford v. Sipper*,
  76 Cal. Rptr. 2d 723, 726 (Ct. App. 1998),
  *depublished* (Nov. 4, 1998) ................................................................................ 22

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
  435 F. Supp. 3d 1063 (E.D. Cal. 2020) .................................................................. 9

*Taylor v. Viacom, Inc.*,
  No. 17-cv-3247 (C.D. Cal. July 20, 2018) ............................................................ 18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................... 12

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*,
  549 U.S. 443 (2007) ............................................................................................. 5

*Trope v. Katz*,
  11 Cal. 4th 274 (1995) ............................................................................. 21, 22, 24

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) .............................................................................. 8, 9

*Vargas v. City of Salinas*,
  200 Cal. App. 4th 1331 (2011) ........................................................................... 21

*Wilson v. Cable News Network, Inc.*,
  7 Cal. 5th 871 (2019) ......................................................................................... 10

*Wininger v. SI Mgmt. L.P.*,
  301 F.3d 1115 (9th Cir. 2002) ............................................................................... 5

*Witte v. Kaufman*,
   141 Cal. App. 4th 1201 (2006) ................................................................... 21

*Wynn v. Chanos*,
   No. 14-cv-4329, 2015 WL 3832561 (N.D. Cal. June 19, 2015) ................................... 21

**Statutes**

Cal. Code Civ. P. § 425.16 ....................................................... 1, 6, 8, 9, 10, 20, 21, 22, 23

Cal. Code Civ. P. § 425.17 ............................................................................. 2

Cal. Code Civ. P. § 1021.5 ........................................................................... 23

**Rules**

Cal. Ct. R. 8.1125 ................................................................................... 22

Fed. R. Civ. P. 8 ..................................................................................... 9

Fed. R. Civ. P. 11 ............................................................................ 2, 7, 10

Fed. R. Civ. P. 12 ..................................................................... 1, 2, 4, 6, 9, 10

Fed. R. Civ. P. 56 .................................................................................... 9

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ............................................................. 22



**INTRODUCTION**

Defendants' Motion for Attorneys' Fees is truly remarkable.  It seeks attorneys' fees under a state law that, for multiple reasons, does not and cannot apply in this case.  It seeks fees for a grossly excessive 360+ hours of work spent in connection with Defendants' special motion to strike—including a stunning 186 hours to research, outline, and draft Defendants' 24-page anti-SLAPP motion by experienced counsel who literally wrote the book on "Anti-SLAPP Litigation" and have litigated "hundreds of anti-SLAPP litigation matters in California"; nearly 60 unsubstantiated attorney hours seeking "fees on fees" through a cookie-cutter fee motion like countless others Defendants' counsel have drafted; over 20 attorney hours of work on matters other than Defendants' anti-SLAPP motion; and 25+ hours for unrecoverable clerical work, to cite a few examples.  And, through their Fee Motion, Defendants ask this Court to award them attorneys' fees at over twice the hourly rates Defendants actually paid their attorneys.  In short, Defendants' Fee Motion is the epitome of the sort of improper, excessive, and "unreasonably inflated" fee request that, even if a fee award could be proper here (it is not), would require a "den[ial] ... altogether" of the award.  *See Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1322 (2008).

Defendants' Fee Motion must be denied for multiple independent reasons.  As an initial matter, if this Court's "Order Granting Motion to Dismiss" dismissed this case under Federal Rule of Civil Procedure 12 and denied Defendants' Special Motion to Strike under California Code of Civil Procedure § 425.16—the Court's Order on this point is ambiguous—then Defendants' Fee Motion fails at the outset because Section 425.16 only allows for the recovery of attorneys' fees by "a prevailing defendant on a special motion to strike." Cal. Code Civ. P. § 425.16(c)(1).  If, on the other hand, the Court dismissed this case under California's anti-SLAPP statute, then Defendants' Fee Motion must be denied because Section 425.16—including its attorneys'-fees-shifting provision—does not (and cannot) apply in this case for two independent reasons.

***First***, Section 425.16 cannot apply in federal court at all under the U.S. Supreme Court's landmark decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), as confirmed by the well-reasoned opinions of five federal Circuit Courts—and every Circuit Court to consider the question in light of the majority opinion in *Shady Grove*.  As explained

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

below, *Shady Grove* changed the conflicts analysis and, under *Shady Grove*, a state statute cannot apply in federal court if a valid Federal Rule "answer[s] the same question." *Id.* at 399. That is precisely the case here, as Federal Rules 11 and 12 answer the exact same questions as Section 425.16—what showing must a plaintiff make to avoid pretrial dismissal, and when may attorneys' fees be awarded upon dismissal?—and answer those questions differently than Section 425.16 by providing that a plaintiff need only state a claim to relief that is "plausible," not probable, and that fees may only be awarded if the plaintiff's claim is frivolous or asserted for an improper purpose, not if it is simply unsuccessful. Moreover, *Shady Grove* abrogated the Ninth Circuit's earlier holding that Section 425.16 could apply in federal court, and while no Ninth Circuit majority has considered the impact of *Shady Grove* on its prior precedent, that court would clearly agree with the overwhelming post-*Shady Grove* Circuit precedent and hold Section 425.16 inapplicable in federal court. This Court was rightly "concerned about [Section 425.16] applying in federal court" during the hearing on Defendants' Special Motion to Strike:[1] Section 425.16 cannot apply in federal court, and Defendants' Motion for Fees under it must be denied.

**Second**, even if Section 425.16 *could* apply in federal court (it cannot), it does not apply here because Defendants' speech at issue falls squarely within the Anti-SLAPP Act's "commercial speech exemption." *See* Cal. Code Civ. P. § 425.17. As explained below, all four elements of the commercial speech exemption are satisfied here. Defendants do not dispute that they are "primarily engaged in the business of selling ... goods or services" (Element 1) or that "the intended audience [of their statements] [was] an actual or potential buyer or customer" (Element 4), and as the Court recognized during oral argument, according to the allegations in CoreCivic's complaint (which must be assumed true under a Rule 12(b)(6) standard), Defendants "ha[d] a financial evil motive because [they were] trying to steer investments, influence the investing public [to move their investments from Defendants' competitors who invest in CoreCivic to Defendants]," and Defendants "malign[ed] ... CoreCivic" to do so and "line [Defendants'] own pocket"[2] (thereby satisfying Elements 2 and 3).

---

[1] Tr. of Hr'g on Defs.' Special Mot. to Strike 38:2-4 (Nov. 19, 2020) [Dkt. 67].
[2] Nov. 19, 2020 Hr'g Tr. 35:1-5, 37:7-19.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

NEWMEYER
DILLION

1    Finally, even if Section 425.16 could apply in this case (it cannot), Defendants' Fee Motion

2    must be denied because Defendants utterly fail to carry their burden of proving that their requested

3    fee award is reasonable—also for two independent reasons.  As an initial matter, Defendants'

4    Motion must be denied (or, at an absolute minimum, their requested fees must be substantially

5    reduced) because Defendants' request for fees for over 360 hours of work in connection with their

6    24-page anti-SLAPP motion (and a separate stipulation and administrative motion) is grossly

7    excessive, as confirmed by Defendants' counsel's time entries, voluminous caselaw resolving

8    similar fee motions, and Defendants' counsel's own fee requests in other cases.  And Defendants'

9    Motion must also be denied (or claimed fees substantially reduced) because they improperly (and

10   greedily) seek recovery for "unreasonably inflated" billing rates as much as double the rates they

11   actually paid their attorneys.

12   At bottom, the Court should clarify and articulate precisely which federal rule or state

13   statute it utilized to dismiss this action, and analyze Defendants' Fee Motion accordingly.  But, as

14   set forth below, under *any* of these legal standards, Defendants' Fee Motion should be denied.

15   ## FACTUAL AND PROCEDURAL BACKGROUND

16   The pleadings and proceedings in this case that have led to Defendants' Fee Motion are

17   simple and straightforward.  On March 4, 2020, CoreCivic filed a complaint against Defendants

18   asserting two claims for defamation based on Defendants' assertions in a handful of articles

19   published on Forbes.com that, among other things, CoreCivic operates immigrant detention

20   facilities for children separated from their parents at the U.S. border.[3]  CoreCivic's claims were

21   straightforward:  CoreCivic alleged that Defendants' assertions about CoreCivic were false,

22   defamatory, and made with knowledge of their falsity.[4]

23   Following an agreed-upon transfer of this case from the Central District of California,

24   Defendants filed a 24-page Special Motion to Strike under California Code of Civil Procedure

25   § 425.16, in which Defendants asked this Court to rewrite Section 425.16 to impute Federal

26   Rule 12(b)(6)'s plausibility standards for dismissal rather than Section 425.16's express probability

27
─────────────────────
[3] *See generally* Compl. (Mar. 4, 2020) [Dkt. 1].
[4] *See id.* ¶¶ 121-27, 136-42.

28

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

standard for dismissal.[5]  Defendants claimed that they were only challenging the legal sufficiency of CoreCivic's complaint under a Rule 12(b)(6) standard, and the Court denied CoreCivic's request for discovery on this basis.[6]

CoreCivic opposed Defendants' Special Motion to Strike, and the Court heard argument on it on November 19, 2020.[7]  Later that day, following the hearing in which the Court expressed "concern[] about [Section 425.16] applying in federal court,"[8] the Court issued an "Order Granting Motion to Dismiss"[9]—although ***Defendants never filed a Motion to Dismiss under Rule 12(b)(6) or alternatively sought that relief***; Defendants only moved to strike under Section 425.16.  In that Order, the Court held that "the allegedly defamatory statements were true enough,"[10] and, as such, "[CoreCivic's] complaint is ***DISMISSED* WITHOUT LEAVE TO AMEND.**"[11]  The Order then provided that ***"[a]ll other motions are* DENIED**[.]"[12]  The same day, the Court entered its Judgment "granting defendants' motion to ***dismiss***."[13]

No discovery was ever taken—no documents were produced and no depositions were scheduled.  CoreCivic never amended its Complaint.  Defendants never filed an Answer.  Defendants' Special Motion to Strike was the only substantive motion litigated, and the only other contested motion was a six-page administrative motion filed by CoreCivic to which Defendants filed a five-page response fewer than 42 hours later.[14]  The overwhelming majority of the docket entries in this case were minute entries, waivers of service, *pro hac* applications, notices of appearance, and other non-contested administrative matters.

---

[5] Defs.' Special Mot. to Strike (Aug. 6, 2020) [Dkt. 41].
[6] *Id.* at 8-9; Order Denying [Pl.'s] Admin. Mot. (Aug. 17, 2020) [Dkt. 46].
[7] *See generally* Pl.'s Opp'n to Defs.' Special Mot. to Strike [Dkt. 50] (Sept. 10, 2020); Nov. 19, 2020 Hr'g Tr.
[8] Nov. 19, 2020 Hr'g Tr. 38:2-4.
[9] Order Granting Mot. to Dismiss (Nov. 19, 2020) [Dkt. 60].
[10] *Id.*
[11] *Id.* (bold and capitalization in original).  All emphases added unless otherwise noted.
[12] *Id.* (bold and capitalization in original).
[13] Judgment (Nov. 19, 2020) [Dkt. 61].  CoreCivic, respectfully, maintains that the court erred in dismissing its complaint and has filed a Notice of Appeal from the Court's Order Granting Motion to Dismiss and Judgment, *see* Pl.'s Notice of Appeal (Nov. 20, 2020) [Dkt. 63], but acknowledges the Court's rulings for present purposes.
[14] *See* Pl.'s Admin. Mot. (Aug. 11, 2020) [Dkt. 43]; Defs.' Opp'n to Pl.'s Admin. Mot. (Aug. 13, 2020) [Dkt. 44].

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

1         Defendants have now filed the instant Fee Motion, demanding over $165,500 for over

2 360 hours billed by their counsel in connection with their 24-page Special Motion to Strike.

3 **LEGAL STANDARD**

4         Defendants fail to acknowledge the legal standard applicable to their Fee Motion, but it is

5 significant.  To begin, it is axiomatic that Defendants are "***not*** entitled to an award of attorney's

6 fees unless those fees are provided for" by an applicable "statute or contract."  *In re Tenderloin*

7 *Health*, No. 15-cv-1173, 2015 WL 7015559, at *3 (N.D. Cal. Nov. 12, 2015) (citing *Travelers Cas.*

8 *& Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007)); *In re Bennett*, 298 F.3d

9 1059, 1070 (9th Cir. 2002).  And, critically, ***Defendants "bear the burden*** of establishing

10 [1] entitlement to an [attorneys' fee] award" and [2] that their requested award is "reasonable."

11 *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008); *Wininger v. SI Mgmt. L.P.*,

12 301 F.3d 1115, 1125-26 (9th Cir. 2002).  Notably, when a prevailing defendant requests an

13 "excessive" fee award, the court "has broad discretion to ... deny [the] unreasonable fee altogether"

14 or to award a much lesser fee than it otherwise would have.  *Ketchum v. Moses*, 24 Cal. 4th 1122,

15 1138 (2001).  As the Supreme Court of California has explained:

16      If ... the Court were required to award a reasonable fee when an outrageously
     unreasonable one has been asked for, claimants would be encouraged to make

17      unreasonable demands, knowing that the only unfavorable consequence of such
     misconduct would be reduction of their fee to what they should have asked for in

18      the first place.  To discourage such greed, a severer reaction is need[ed].

19 *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) (quotation marks omitted).

20         Here, because Defendants seek an award of fees under California Code of Civil Procedure

21 § 425.16, they bear the burden of proving that Section 425.16 applies in this case and that the

22 amount of their requested fees is reasonable.  As explained below, Defendants cannot carry either

23 burden and, in fact, their fee request is objectively ***unreasonable***.

24 **ARGUMENT**

25 **I.**     **Defendants' Fee Motion Must Be Denied if the Court Denied Defendants' Special**
        **Motion to Strike Under California Code of Civil Procedure § 425.16 and Dismissed**

26         **This Case Under Federal Rule of Civil Procedure 12(b)(6).**

27         As an initial matter, Defendants' Fee Motion necessarily fails at the outset ***if*** this Court

28 denied Defendants' Special Motion to Strike under California Code of Civil Procedure § 425.16

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

NEWMEYER
DILLION

and instead dismissed this case under Federal Rule of Civil Procedure 12(b)(6).  On this point, the Court's "Order Granting Motion to Dismiss" and Judgment [Dkts. 60 & 61] are, respectfully, unclear.

As set forth above, on November 19, 2020, after the hearing on Defendants' Special Motion to Strike under Section 425.16, the Court issued an "Order Granting Motion to Dismiss" that referred to "defendants' motion to dismiss and to strike."[15]  Defendants, however, had *only* filed a Special Motion to Strike under Section 425.16; Defendants did *not* file any Motion to Dismiss, and Defendants did *not* ask the Court in their Special Motion to Strike for the alternative relief of dismissal under Federal Rule 12.  In the Court's Order Granting Motion to Dismiss, the Court held that CoreCivic's "complaint is *DISMISSED* **WITHOUT LEAVE TO AMEND**" and that **"[a]ll other motions are DENIED**."[16]  Similarly, the Court entered Judgment "granting defendants' motion to *dismiss*."[17]  It is thus unclear whether the Court granted Defendants' Special Motion to Strike under Section 425.16, or whether the Court granted a Motion to Dismiss that Defendants never filed.[18]

If the Court denied Defendants' Special Motion to Strike under Section 425.16 and somehow converted Defendants' motion to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), then Defendants' Fee Motion must be denied because the plain language of Section 425.16 provides that *only* "a prevailing defendant *on a special motion to strike* shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. P. § 425.16(c)(1).  In other words, if a defendant does not prevail on a special motion to strike under Section 425.16, then she is not entitled to recover attorneys' fees under that section.  And, of course, under the American

---

[15] Order Granting Motion to Dismiss (Nov. 19, 2020) [Dkt. 60].

[16] *Id.* (bold and capitalization in original).

[17] Judgment (Nov. 19, 2020) [Dkt. 61].

[18] Contrary to Defendants' conclusory assertion, Defendants' required showing to prevail on a special motion to strike under Section 425.16 is ***not*** the same as their required showing to prevail on a motion to dismiss under Federal Rule 12, because even if *the merits* of a motion under Section 425.16 are evaluated under a Federal Rule 12(b)(6) standard, a defendant, to prevail on a special motion to strike, must first demonstrate that Section 425.16 applies to the claims at issue. *Manzari v. Assoc. Newspapers Ltd.*, 830 F.3d 881, 887 (9th Cir. 2016).  And as detailed in CoreCivic's Opposition to Defendants' Special Motion to Strike (and argument thereon) and further explained below, Section 425.16 cannot apply in federal court, and even if it could, it does not apply here because Defendants' challenged speech falls squarely within the California Anti-SLAPP Act's Commercial Speech Exemption.

Rule a defendant is not entitled to an award of fees by virtue of obtaining dismissal under Federal Rule of Civil Procedure 12. *See, e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Defendants do not even attempt to argue that they are entitled to attorneys' fees under Federal Rule of Civil Procedure 11, which permits the recovery of attorneys' fees in federal court where a defendant shows that the plaintiff's claims were frivolous or were brought for an improper purpose. Fed. R. Civ. P. 11(b).

## II. Even If the Court Granted Defendants' Motion to Strike, Defendants' Fee Motion Still Must Be Denied Because California Code of Civil Procedure § 425.16—Including Its Attorneys' Fees Provision—Cannot Apply in This Case.

Even in the event the Court granted Defendants' Motion to Strike under Section 425.16, Defendants' Fee Motion must also be denied in its entirety on the ground that Section 425.16— including, specifically, its attorneys'-fees-shifting provision—cannot and does not apply in this case for two separate and independent reasons.

### A. California Code of Civil Procedure § 425.16—Including Its Attorneys' Fees Provision—Cannot Apply in Federal Court.

Defendants' Fee Motion must be denied because California Code of Civil Procedure § 425.16 cannot apply in federal court—as confirmed by numerous recent, well-reasoned Circuit Court decisions. *See, e.g.*, *La Liberte v. Reid*, 966 F.3d 79, 86-88 (2d Cir. 2020); *Klocke v. Watson*, 936 F.3d 240, 244-49 (5th Cir. 2019); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349-57 (11th Cir. 2018); *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 673 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 591 (2018); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333-37 (D.C. Cir. 2015) (Kavanaugh, J.); *see also, e.g.*, *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1042 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015); *Lampo Grp., LLC v. Paffrath*, No. 18-cv-1402, 2019 WL 3305143, at *3 (M.D. Tenn. July 23, 2019). Critically, all of those decisions were issued following and in accordance with the U.S. Supreme Court's landmark decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 398-99 (2010), which changed the law governing the assessment of conflicts between state laws and Federal Rules and the determination of when state laws can (and cannot) apply in

NEWMEYER
DILLION

federal court.  And *Shady Grove* squarely abrogated the earlier Ninth Circuit precedent[19] allowing application of Section 425.16 in federal court, as numerous Ninth Circuit judges have recognized. *See Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1188 (9th Cir. 2013) (Watford, J., Kozinski C.J., Paez, J. and Bea, J. dissenting from denial of rehearing *en banc*).  Notably, no Ninth Circuit panel majority has considered the impact of *Shady Grove* on the applicability of Section 425.16 in federal court,[20] but it is clear that, when the Ninth Circuit does so, it will revisit its pre-*Shady Grove* precedent and hold—in accordance with five other Circuit Courts (and *all* Circuits to have assessed the question in accordance with the *Shady Grove* majority opinion)[21]—that Section 425.16 cannot apply in federal court.  Simply stated, the Supreme Court's landmark decision in *Shady Grove*— which, tellingly, Defendants completely ignore in all of their briefing to this Court—changed the ballgame.

      **Prior to Shady Grove**, when a federal court confronted an issue that is arguably covered by both a state law and a Federal Rule of Civil Procedure and had to determine whether the state law could apply, the court asked whether the state law "directly collided" with a valid Federal Rule and applied the Federal Rule only if there were a "direct conflict"; absent a "direct conflict," the court made a "typical, relatively unguided *Erie* choice."  *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999).

      **Following Shady Grove**, when a federal court confronts an issue that is arguably covered by both a state law and a Federal Rule and must determine whether the state law can apply, the court simply asks whether the state law and Federal Rule "answer the same question." *Shady Grove*, 559 U.S. at 399.  If the state law and Federal Rule "answer the same question," then the Federal Rule (if valid) applies and the state law cannot apply, *id.*, *even if* it is "logically possible

---

[19] *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999).
[20] Notably, **none** of the cases Defendants cite as applying Section 425.16 consider its applicability under *Shady Grove*.  Indeed, most of Defendants' cases pre-date *Shady Grove* and others fail to acknowledge *Shady Grove* or simply assume that Section 425.16 applies.
[21] The only Circuit to hold an anti-SLAPP statute applicable in federal court after *Shady Grove* (the First Circuit) mistakenly relied on Justice Stevens' **concurring opinion**, **not** "the opinion of the Court" in Part II.A of Justice Scalia's opinion.  *Compare Godin v. Schencks*, 629 F.3d 79, 86-87 (1st Cir. 2010) (citing Justice Stevens' *Shady Grove* concurrence), *with Shady Grove*, 559 U.S. at 395 ("Justice SCALIA ... delivered the opinion of the Court with respect to Parts II and II-A [of his opinion.]").

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

1    for a court to comply with the requirements of both." *Carbone*, 910 F.3d at 1355. Moreover, *Shady*

2    *Grove* explained that in undertaking this inquiry, courts "***do not*** wade into *Erie*'s murky waters

3    unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398.

4              As the Circuit Courts have repeatedly held (*see* cases cited *supra*), the entirety of

5    Section 425.16 (and similar state anti-SLAPP statutes) cannot apply in federal court following

6    *Shady Grove* because it "answer[s] the same question as" Federal Rules 12 and 56, but "require[]

7    [a] plaintiff to make a showing that the Federal Rules do not require." *E.g.*, *La Liberte*, 966 F.3d

8    at 87. Section 425.16 "requires outright dismissal unless ***the plaintiff*** can '***establish[] a probability***

9    that he or she will prevail on the claim,'" and thereby "establishes the circumstances under which

10   a court must dismiss a plaintiff's claim before trial." *Id.* (quoting Cal. Code Civ. P. § 425.16(b)(3)).

11   But under Rule 12(b)(6), a plaintiff need only "allege 'enough facts to state a claim to relief that is

12   ***plausible*** on its face'"—a standard that "'***does not impose a probability requirement at the***

13   ***pleading stage***,'" *La Liberte*, 966 F.3d at 87 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,

14   570 (2007)), and ***Defendants*** bear the burden of demonstrating that their Federal Rule 12(b)(6)

15   motion to dismiss should be granted, *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, 435 F. Supp.

16   3d 1063, 1100 (E.D. Cal. 2020). Section 425.16 "'abrogates that [standard] ... by requiring the

17   plaintiff to establish that success is not merely plausible but probable,'" *La Liberte*, 966 F.3d at 87

18   (quoting *Carbone*, 910 F.3d at 1353), and by changing the party who bears the burden of

19   demonstrating entitlement to relief from the defendant to the plaintiff. Section 425.16 further

20   conflicts with Rule 56 because it "nullifies" the plaintiff's entitlement under Rule 56 to "proceed

21   to trial by identifying any genuine dispute of material fact" by instead "'requiring the plaintiff to

22   prove that it is likely, and not merely possible, that a reasonable jury would find in his favor.'" *Id.*

23   In sum, "[t]ogether, Rules 12 and 56 express with 'unmistakable clarity' that proof of probability

24   of success on the merits is not required in federal courts to avoid pretrial dismissal." *Id.* Notably,

25   even the Ninth Circuit's pre-*Shady Grove* decision in *Newsham* that (under the pre-*Shady Grove*

26   regime) held Section 425.16 applicable in federal court acknowledged ***"the commonality of***

27   ***purpose"*** between Section 425.16 on the one hand and Federal Rules 8, 12, and 56 on the other

28   hand. *Newsham*, 190 F.3d at 972.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

Indeed, even the Ninth Circuit's tortured effort to harmonize Section 425.16 with the Federal Rules by judicially re-writing Section 425.16—by deleting its burden-shifting framework and replacing it with either a Rule 12(b)(6) or Rule 56 standard (depending on whether a defendant challenges the legal or factual sufficiency of a claim), *see Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018)—has been abrogated.  As the U.S. and California Supreme Courts have made clear, "it is not the proper role of the courts to rewrite [] laws," *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020), even to avoid constitutional issues, *Iancu v. Brunetti*, 139 S. Ct. 2294, 2301 (2019); *see also Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 892 (2019) ("[Courts] cannot [] rewrite [a] statute to create an exception the Legislature has not enacted.").

*Accordingly, Section 425.16 cannot apply in federal court, and as such, attorneys' fees and costs cannot be awarded under it.  See Klocke*, 936 F.3d at 247 n.6 (holding that anti-SLAPP act conflicts with Federal Rules 12 and 56 and, thus, "[s]uffice to say that because the [Act] does not apply in federal court, the district court erred by awarding fees and sanctions pursuant to it").

Notably, although that alone is sufficient to deny Defendants' Fee Motion, *the attorneys' fees provision of Section 425.16(c)(1) itself further conflicts with the Federal Rules*.  *See, e.g.*, *Los Lobos*, 885 F.3d at 673 n.8.  Federal Rules 11 and 12 (which are plainly valid) answer the same question that Section 425.16(c)(1) asks: "When are defendants entitled to attorneys' fees if the complaint fails to state a claim upon which relief can be granted?"  Under Federal Rules 11 and 12, the answer is: only if the plaintiff's claims were frivolous or were presented for an improper purpose.  Fed. R. Civ. P. 11(b).  But Section 425.16 (c)(1) answers that question differently and provides for a mandatory award of fees even if the claims were not presented for an improper purpose and were not frivolous.  Cal. Code Civ. P. § 425.16(b)-(c).  Moreover, as Defendants emphasize, the purpose of Section 425.16 is to prevent "baseless lawsuit[s]" (Mot. 1, 7 [Dkt. 69]), and as the Supreme Court has explained, "the central purpose of Rule 11 is to deter baseless filings in district court."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *accord McComas v. Wallace*, No. 10-cv-2622, 2011 WL 1230044, at *2 (N.D. Cal. Mar. 30, 2011).  Indeed, as the Tenth Circuit has explained:

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

1
2
3

> Anyone who believes that a federal district court is ill-equipped to deal swiftly and harshly with the sort of lawsuits described in [an anti-SLAPP Act] absent application of [the Act] is seriously mistaken.  Those litigants and lawyers who seek to circumvent application of the [] anti-SLAPP statute by filing a baseless SLAPP lawsuit in federal district court are in for a rude awakening.

4

*Los Lobos*, 885 F.3d at 673 n.8.  Because Federal Rules 11 and 12 thus "answer the same question"

5

as Section 425.16 (c)(1), Section 425.16(c)(1) cannot apply for that additional reason.

6

In sum, the Court was rightly "concerned about [Section 425.16] applying in federal

7

court."[22]  Section 425.16—including its attorneys'-fees-shifting provision—cannot apply in federal

8

court, and Defendants' Fee Motion must be denied.

9

> **B.      Section 425.16 Does Not Apply Here Because Defendants' Challenged Speech Falls Squarely Within the Anti-SLAPP Act's Commercial Speech Exemption.**

10

Defendants' Fee Motion must also be denied for the independent reason that even if

11

Section 425.16 could apply in federal court (it cannot), it does not apply here because Defendants'

12

speech at issue falls squarely within the Anti-SLAPP Act's "commercial speech exemption," as

13

detailed in CoreCivic's Opposition to Defendants' Special Motion to Strike and argument

14

thereon.[23]

15

As CoreCivic previously explained, California Code of Civil Procedure § 425.17(c)

16

exempts from the coverage of Section 425.16 "any cause of action" (1) "against a person primarily

17

engaged in the business of selling ... goods or services, including ... financial instruments," based

18

on any statements by that person that (2) "consist[] of representations of fact about that person's

19

business ***or*** a competitor's business operations, goods or services," (3) are "made for the purpose

20

of ... promoting[] or securing sales ... of, or commercial transactions in, the person's goods or

21

services," and (4) "the intended audience [of the statements] is an actual or potential buyer or

22

customer, or a person likely to repeat the statement to, or otherwise influence, an actual or potential

23

buyer or customer."  Cal. Code Civ. P. § 425.17(c).  And as CoreCivic likewise explained, for the

24

commercial speech exemption to apply, the speech need ***not*** be "purely commercial," *JAMS, Inc.*

25

*v. Superior Court*, 1 Cal. App. 5th 984, 997 (2016), and a person "may not 'immunize' their false

26

or misleading commercial speech by connecting it to public discussions," *Grasshopper House, LLC*

27

28

---

[22] Nov. 19, 2020 Hr'g Tr. 38:2-4.
[23] *See* Pl.'s Opp'n to Defs.' Special Mot. to Strike at 7-10; Nov. 19, 2020 Hr'g Tr. 45:21-47:25.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

*v. Clean & Sober Media, LLC*, No. 18-cv-923, 2018 WL 6118440, at *12 (C.D. Cal. July 18, 2018)

(citing *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 966 (2002)).

Critically, Defendants do not dispute that (1) they are "primarily engaged in the business of

selling ... goods or services" or (4) "the intended audience [of their statements] [was] an actual or

potential buyer or customer."[24]  And as the Court recognized during oral argument, according to

the allegations in CoreCivic's complaint—which must be assumed true under a Rule 12(b)(6)

standard, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007):

> [Defendants are] trying to make money off of people's benevolent attitudes toward
> social investing.  And one way to do that is to malign somebody like CoreCivic. ...
> [Defendants] can have a financial evil motive because [they are] trying to steer
> investments, influence the investing public [to move their investments from
> Defendants' competitors who invest in CoreCivic to Defendants], and because that
> lines [Defendants'] own pocket. ... And so ... there is a plausible financial motive
> here.
>
>         * * *
>
> I see a for-profit company, ... Candide, who is putting false statements out there
> about CoreCivic for the purpose of making a profit.[25]

For those reasons—and the additional reasons in CoreCivic's Opposition to Defendants' Special

Motion to Strike—elements (2) and (3) of the commercial speech exemption are also satisfied.

Because the commercial speech exemption is thus satisfied—and no exception to the

exemption is applicable[26]—Section 425.16 does not apply to CoreCivic's claims, and Defendants'

Motion for Fees under Section 425.16 must be denied for this additional reason.

**III.    Defendants' Fee Motion Must Be Denied—Or, At Minimum, Their Requested Fees Substantially Reduced—Because Defendants Claim Highly Unreasonable Fees Based on Excessive Hours and Inflated Rates Up to Double What They Actually Paid Their Attorneys.**

Even if Section 425.16 applied in this case (it does not), Defendants' Fee Motion must be

denied because not only do Defendants fail to carry their burden of proving that their requested fee

award is "reasonable," *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008), but

their requested award is patently ***un***reasonable, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001)

(courts have "broad discretion to ... deny [an] unreasonable fee [request] altogether"); *Serrano v.*

---

[24] *See* Defs.' Reply in Supp. of Special Mot. to Strike (Sept. 24, 2020) [Dkt. 51].
[25] Nov. 19, 2020 Hr'g Tr. 35:1-5, 37:7-19.
[26] *See* Pl.'s Opp'n to Defs.' Special Mot. to Strike at 9-10.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

1    *Unruh*, 32 Cal. 3d 621, 635 (1982) (same).   In the alternative, if the Court declines to deny

2    Defendants' Fee Motion in its entirety, the Court must substantially reduce Defendants' requested

3    fees and award Defendants fees for no more than 75 hours at the rates Defendants actually paid

4    their attorneys.

5               **A.     Defendants' Request for Fees for Over 360 Hours of Work Is Grossly Excessive
                          and Patently Unreasonable.**

6               Defendants' Fee Motion must be denied (or, in the alternative, their requested fees must be

7    substantially reduced) because Defendants' request for fees for over 360 hours of attorney and

8    paralegal work in connection with their anti-SLAPP motion (and a separate stipulation and

9    administrative motion) is grossly excessive, as confirmed by Defendants' counsel's time entries,

10   voluminous caselaw resolving similar fee motions, and Defendants' counsel's own fee requests in

11   other cases.

12              To begin, although Defendants' counsel's billing records are the "starting point" for

13   assessing the "hours reasonably expended" in connection with their anti-SLAPP motion, "the court

14   is not bound by this number or this evidence."  *AT&T Mobility LLC v. Yeager*, No. 13-cv-7, 2018

15   WL 1567819, at *2 (E.D. Cal. Mar. 30, 2018) (citing *Christian Research Inst.*, 165 Cal. App. 4th

16   at 1324).   Rather, this Court "'has a great deal of discretion' in determining reasonableness of the

17   hours claimed," *id.* (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)), and "has

18   broad discretion to adjust the fee downward or deny an unreasonable fee altogether," *Ketchum*, 24

19   Cal. 4th at 1138.   "The court may, for instance, 'reduce the hours if it concludes the attorneys

20   performed work ... that was unnecessary, excessive or duplicative in light of the issues presented.'"

21   *AT&T Mobility*, 2018 WL 1567819, at *2 (quoting *569 E. Cty. Blvd. LLC v. Backcountry Against*

22   *the Dump, Inc.*, 6 Cal. App. 5th 426, 440 (2016)).   "[T]rial courts must carefully review attorney

23   documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not

24   subject to compensation."  *Ketchum*, 24 Cal. 4th at 1132.

25              Importantly, courts have repeatedly explained that ***where, as here, Defendants' counsel***

26   ***"are old hats at anti-SLAPP motions and experts in defamation [law],"*** they are "presum[ed]" to

27   be "up to speed on the subject" and "well versed in anti-SLAPP motion litigation" such that an anti-

28

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
                                     3:20-CV-03792-WHA

SLAPP motion "should not [be] a monumental undertaking" and **fewer hours of work may be reasonably incurred.** *Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1251-52 (2006); *see also Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. 14-cv-666, 2014 WL 5698448, at *4 (E.D. Cal. Nov. 4, 2014); *Crowe v. Gogineni*, No. 11-cv-3438, 2014 WL 130488, at *5 (E.D. Cal. Jan. 13, 2014), *adopted*, 2014 WL 1513277 (E.D. Cal. Apr. 16, 2014). Finally, "[u]nlike other fee shifting provisions, [Section 425.16] allows a movant to recover 'only those fees and costs incurred in connection with the motion to strike.'" *Minichino v. First Cal. Realty*, No. 11-cv-5185, 2012 WL 6554401, at *4 (N.D. Cal. Dec. 14, 2012).

Here, Defendants request fees for **over <u>360 hours</u>** of work in connection with their anti-SLAPP motion and a separate stipulation and administrative motion. And while Defendants attempt to obscure the total time their attorneys spent on various tasks associated with their anti-SLAPP motion (and other tasks), examination of Defendants' attorneys' time entries demonstrates the excessiveness and downright absurdity of Defendants' fee request.

As an initial matter, as noted above, CoreCivic's complaint presented two straightforward defamation claims based on a handful of short articles published by Defendants.[27] No discovery was taken, Defendants did not file an Answer, and no factual record was developed. Rather, Defendants filed a single Special Motion to Strike early in the case purporting to challenge only the legal sufficiency of CoreCivic's complaint under a Rule 12(b)(6) standard.[28]

Nevertheless, Defendants seek fees for over **330 hours of attorney work** as set forth in the following table:

(Table presented on the following page)

---

[27] *See* Compl. ¶¶ 48-57.
[28] Defs.' Special Mot. to Strike at 8-9.

| Task | Total Hours[29] | Thomas Burke (Senior Partner) Hours | Abigail Everdell (Senior Assoc.) Hours |
|---|---|---|---|
| *Research* the legal and factual bases and prepare a strategy for an anti-SLAPP motion | *63.7* | 20 | 43.7 |
| *Outline* analysis of claims and issues in preparation for anti-SLAPP filing | *31.3* | 7 | 24.3 |
| *Draft* anti-SLAPP Motion papers | *91.7* | 22.1 | 69.6 |
| *Draft* reply in support of anti-SLAPP motion. | *37.5* | 11.5 | 26 |
| *Prepare for hearing* on anti-SLAPP motion (motion argued by Ms. Everdell) | *26* | 4 | 22 |
| *Draft* Fee Motion and Reply | *~60* | ? | ? |
| *Attend to Stipulation regarding Briefing* | *1.7* | *.5* | *1.2* |
| *Respond to CoreCivic's Administrative Motion (separate from anti-SLAPP Motion)* | *20.1* | *5.8* | *14.3* |

These hours are grossly excessive for multiple reasons.

**First**, Defendants seek fees for work—fees that are themselves excessive—on a stipulation and a response to CoreCivic's administrative motion that was distinct from Defendants' anti-SLAPP motion, which is improper. *Minichino*, 2012 WL 6554401, at *4. Specifically, Defendants claim **1.7 hours**[30] for work on a proposed briefing stipulation ***that was denied*** by the court,[31] and **20.1 hours**[32] responding to an administrative motion filed by CoreCivic that sought to clarify a prior ruling, requested discovery, and sought a briefing extension without arguing the merits of Defendants' anti-SLAPP motion. Those hours must be excluded from any fee award to Defendants. But, even if they are not excluded *in toto*, the 20.1 attorney hours spent on Defendants' response to CoreCivic's administrative motion are excessive and must be reduced. CoreCivic's administrative motion was straightforward and short (6 pages), and Defendants filed only a 5-page response fewer

---

[29] The hours listed in this table are aggregated from Mr. Burke's Declaration and the time records attached as Exhibit F to that Declaration.
[30] *See* Burke Decl. ¶ 17.
[31] *See* L.R. 6-1 Stip. & Proposed Order (July 24, 2020) [Dkt. 36]; Order Denying Proposed Stipulation (Aug. 6, 2020) [Dkt. 40].
[32] *See* Burke Decl. ¶ 17.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

than 42 hours after CoreCivic filed its motion.  It strains credulity to claim that Defendants'

attorneys needed to spend over 20 hours (including nearly 6 hours by a senior partner)—and in fact

did so in a fewer-than-42-hour period—to draft a 5-page response to an administrative motion.

Those hours, if not excluded, must be substantially reduced.

   *Second*, Defendants seek fees for grossly excessive hours spent on their anti-SLAPP motion

and reply in support thereof.  Indeed, Defendants' attorneys' overbilling shocks the conscience.

Although Defendants expound about at length in their Fee Motion about their attorneys' expertise

and experience in defamation law—and, in particular, their expertise and experience litigating anti-

SLAPP motions[33]—Defendants' attorneys spent **63.7 hours** "researching the legal and factual

bases" and "preparing a strategy" for their anti-SLAPP motion—including 20 hours by senior

partner Mr. Burke, who literally wrote the book on "Anti-SLAPP Litigation."[34]  Then, on top of

those 63.7 hours of research, Defendants' attorneys spent an additional **31.3 hours** outlining what

would become their 24-page anti-SLAPP motion.[35]  That's 95 hours before putting pen to paper.

Then, on top of those 95 hours, Defendants' attorneys spent an additional **91.7 hours** drafting their

anti-SLAPP motion papers (including over 22 hours by senior partner Mr. Burke).[36]  ***That's a total***

***of 186.7 attorney hours spent on a 24-page anti-SLAPP motion that purported to challenge only***

***the legal sufficiency of CoreCivic's complaint.***  Looked at another way, Defendants' counsel spent

nearly 7.8 hours on each page of their anti-SLAPP motion.[37]  And Defendants' counsel spent an

additional **37.5 hours** drafting a 15-page reply in support of their anti-SLAPP motion[38]—a still-

excessive drafting rate of 2.5 hours/page.

---

[33] Defendants note, among other things, that Mr. Burke has for "nearly 30 years ... represented clients in ***hundreds*** of anti-SLAPP litigation matters in California," has "one of the strongest media and First Amendment practices in the country," and teaches media law, and that Ms. Everdell's practice "focus[es] almost exclusively on media and First Amendment litigation and counseling," she "regularly represents defendants in libel suits" in California courts, and she "regularly advises clients on their rights and obligations under the First Amendment."   (Burke Decl. ¶¶ 8-9, 14, Exs. A-B.)

[34] *See* Burke Decl. ¶¶ 6, 8, 17; Burke Decl. Ex. F at 1-10 [Dkt. 69-7].

[35] *See* Burke Decl. Ex. F at 2-5, 9 (time entries for "outlining" totaling 31.3 hours).

[36] *See* Burke Decl. ¶ 17; Burke Decl. Ex. F at 9-14.

[37] Although Defendants submitted a declaration with their anti-SLAPP motion, that was patently unnecessary because Defendants purported to only challenge the legal sufficiency of CoreCivic's complaint under Rule 12(b)(6)—a legal inquiry focused on the face of the complaint.

[38] *See* Burke Decl. ¶ 17.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

Tellingly, the attorney-hours for which Defendants seek reimbursement dwarf the quantum of attorney-hours spent on anti-SLAPP motions that courts have found to be reasonable in cases similar to this one. For instance, in *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242 (2006), a case that—like this case—involved questions regarding the applicability of Section 425.16 and whether the plaintiff properly pled defamatory meaning (and also complex privilege questions not presented here), the California Court of Appeal affirmed the rejection of the defendant's request for fees for ***"over 200 hours of work"*** as ***"excessive,"*** especially considering the defendant's counsel's familiarity with defamation law. *Id.* at 1251. Instead, the court held that "a reasonable time spent on the anti-SLAPP motion and [fee motion] is ... approximately ***50 hours*** or one attorney work week." *Id.* at 1249. Similarly, in *Lee-Tzu Lin v. Dignity Health-Methodist Hospital of Sacramento*, No. 14-cv-666, 2014 WL 5698448 (E.D. Cal. Nov. 4, 2014), a case involving seven different claims that presented questions regarding the applicability of Section 425.16 along with complex questions of privilege, immunity, res judicata, and exhaustion of remedies, the court rejected the defendant's request for fees for ***over 211 hours as excessive*** and reduced that total to just 72 hours. *Id.* at *5-7.

Additional examples are plenty—including in "heavily litigated case[s]"—and hold hours on the order of 75 or fewer to be reasonable to spend in connection with an anti-SLAPP motion. *E.g.*, *AT&T Mobility*, 2018 WL 1567819, at *3 (reducing 92.3 claimed hours to 74.8 hours, which is still "on the high end").[39] Indeed, consistent with this precedent, Mr. Burke himself has previously sought fees for just 70-80 hours in anti-SLAPP cases, including cases involving as many as seven separate claims for relief. *See, e.g.*, *Smith v. Payne*, No. 12-cv-1732, 2013 WL 1615850,

---

[39] *See also, e.g.*, *Crowe*, 2014 WL 130488, at *5 (135.4 hours excessive; reduced to 75 hours); *Moreau v. Daily Indep.*, No. 12-cv-1862, 2013 WL 796621, at *3 (E.D. Cal. Mar. 4, 2013) (164.6 hours excessive; reduced to 40 hours); *League of United Latin Am. Citizens Inc. v. Eureste*, No. 13-cv-4725, 2014 WL 5473560, at *2 (N.D. Cal. Oct. 28, 2014) (32.5 hours reasonable); *Plevin v. City & Cty. of S.F.*, No. 11-cv-2359, 2013 WL 2153660, at *8 (N.D. Cal. May 16, 2013) (71.5 hours reasonable); *Minichino v. First Cal. Realty*, No. 11-cv-5185, 2012 WL 6554401, at *5 (N.D. Cal. Dec.14, 2012) (27.4 hours reasonable); *Smith v. Payne*, No. 12-cv-1732, 2013 WL 1615850, at *3 (N.D. Cal. Apr.15, 2013) (78.5 hours reasonable); *Hyan v. Liberty Surplus Ins. Corp.*, No. 14-cv-2004, 2020 WL 5092448, at *4 (C.D. Cal. Jan. 15, 2020) (55 hours reasonable); *Bekele v. Ford*, No. 11-cv-1640, 2011 WL 4344189, at *4 (N.D. Cal. Sept. 15, 2011) (25 hours reasonable); *Blackburn v. ABC Legal Servs., Inc.*, No. 11-cv-1298, 2012 WL 1067632, at *6 (N.D. Cal. Feb. 24, 2012), *adopted*, 2012 WL 1067551 (N.D. Cal. Mar. 28, 2012) (37 hours reasonable).

NEWMEYER
DILLION

1   at *3 (N.D. Cal. Apr. 15, 2013) (Mr. Burke sought fees for 66.5 hours of work on anti-SLAPP

2   motion); *Smith v. Santa Rosa Press Democrat*, No. 11-cv-2411, 2011 WL 7777108, at *1 (N.D.

3   Cal. Dec. 19, 2011) (Mr. Burke sought fees for "89 hours ... preparing for and litigating the anti-

4   SLAPP motion").  This caselaw makes plain the excessiveness of Defendants' fee request here.

5       **Third**, Defendants' request for fees for **26 hours**[40] preparing for the hearing on their anti-

6   SLAPP motion (a sum that excludes attendance at the hearing) is likewise unreasonable.  Especially

7   following over 224 hours of work on Defendants' motion and reply, it is simply unreasonable to

8   seek fees for an additional 26 hours preparing for the hearing on that motion.  While Defendants'

9   counsel is certainly free to spend as much time preparing as they desire, it is unreasonable to seek

10  fees for such excessive preparation.

11      **Fourth**, Defendants' request for approximately **60 hours**[41] of "fees on fees" for work spent

12  on their Fee Motion and Reply—and perhaps more hours preparing for a hearing on that Motion—

13  must be denied as both unsubstantiated and excessive.  As an initial matter, Defendants bear the

14  burden of proving their entitlement to fees with evidence, *Christian Research Inst.*, 165 Cal. App.

15  4th at 1320, but Defendants have presented no time records to support their conclusory request for

16  approximately 60 hours in fees.  Indeed, at least one court has rejected a prior request by Mr. Burke

17  for fees incurred in connection with a fee motion for this very reason.  *See Payne*, 2013 WL

18  1615850, at *3.  And Defendants may not provide on Reply their purported evidence substantiating

19  their fee request in connection with their already-filed Fee Motion, thereby depriving CoreCivic

20  a chance to contest it.  *See Shearer v. United States*, 670 F. App'x 513, 513 (9th Cir. 2016) (granting

21  motion to strike evidence "presented for the first time in [a] reply brief").  Moreover, in moving for

22  fees for 60 attorney-hours in connection with their Fee Motion—a standard, largely cookie-cutter

23  filing extremely similar to other fee motions filed by Defendants' counsel[42]—**Defendants seek**

24

---

25  [40] *See* Mot. 3 n.2.
    [41] *See* Burke Decl. ¶ 21.

26  [42] *Compare* Mot. *with* Mot. to Recover Attorneys' Fees, *Smith v. Payne*, No. 12-cv-1732 (N.D. Cal.
    Jan. 9, 2013) [Dkt. 58] (Ex. 1), *and* Thomas Burke Decl., *Smith v. Payne*, No. 12-cv-1732 (N.D.

27  Cal. Jan. 9, 2013) [Dkt. 59] (Ex. 2), *and* Mot. to Recover Attorneys' Fees, *Smith v. Santa Rosa
    Press Democrat*, No. 11-cv-2411 (N.D. Cal. Nov. 3, 2011) [Dkt. 35] (Ex. 3), *and* J. Segal & E.

28  Stubbs' Decls., *Taylor v. Viacom, Inc.*, No. 17-cv-3247 (C.D. Cal. July 20, 2018) [Dkt. 39] (Ex. 4).

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
                                                                    3:20-CV-03792-WHA

NEWMEYER
DILLION

1   *"fees on fees" in six times the amount that courts have held reasonable*.  *See, e.g.*, *Barron v.*

2   *Ashland, Inc.*, No. 10-cv-1301, 2012 WL 13001044, at *4 (C.D. Cal. Jan. 9, 2012) (33.6 hours

3   excessive; reduced to 10 hours); *Eureste*, 2014 WL 5473560, at *2 (10 hours reasonable).

4   **Fifth**, Defendants' request for **25+ hours**[43] of paralegal fees must be denied because the

5   billing descriptions for those hours indicate that they were spent on clerical tasks for which fees

6   may not be recovered.  The law is clear:  fees for clerical work performed by paralegals are not

7   recoverable because such work "should [be] subsumed in firm overhead rather than billed [out] at

8   paralegal rates."  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Neil v. Comm'r of Soc.*

9   *Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (no recovery for clerical tasks).  This unrecoverable

10  clerical work includes such tasks as "filing, transcript and document organization time,"

11  *Nadarajah*, 569 F.3d at 921, and preparing documents for service, *Neil*, 495 F. App'x at 847;

12  *Compass Bank v. Morris Cerullo World Evangelism*, No. 13-cv-0654, 2015 WL 3442030, at *8

13  (S.D. Cal. May 28, 2015).

14  Here, Defendants demand recovery of paralegal fees for the exact sort of clerical work for

15  which recovery is not allowed, including "organiz[ing] exhibits to Request for Judicial Notice -

16  1.4 hours";[44] "organiz[ing] cases cited in SLAPP motion - 2.6 hours";[45] "organiz[ing] cases cited

17  in opposition to special motion to strike - 1.1 hours";[46] and "organiz[ing] exhibits to Request for

18  Judicial Notice - 1.4 hours."[47]  Fees incurred for this work are plainly unrecoverable.  *Nadarajah*,

19  569 F.3d at 921; *Neil*, 495 F. App'x at 847; *Compass Bank*, 2015 WL 3442030, at *8.  And

20  critically, because Defendants' counsel "block billed" these fees with other paralegal tasks without

21  specifying the time attributable to each, the entirety of Defendants' request for paralegal fees must

22  be denied—Defendants have failed to meet the burden of proving any quantum of paralegal hours

23  for which fees may be recovered.  *See Christian Research Inst.*, 165 Cal. App. 4th at 1320.

---

[43] *See* Mot. 9 (24.4 paralegal hours); Burke Decl. ¶ 21 (additional paralegal hours in connection with Fee Motion).
[44] *See* Burke Decl. Ex. F at 14.
[45] *See id.* at 18.
[46] *See id.*
[47] *See id.* at 14.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

Especially in light of this caselaw, Defendants' attempts to justify their fee request fall flat. To begin, the above analysis makes clear that Defendants did ***not*** "manage[] [this case] efficiently and economically." (*See* Mot. 14.) Next, Defendants' contention that their success on their anti-SLAPP Motion justifies a large fee award is simply wrong. Success on an anti-SLAPP motion is a prerequisite for any recovery of fees, Cal. Code Civ. P. § 425.16(c)(1); that alone does not justify a large award, as confirmed by the Defendants' own caselaw, which makes clear that recovery may only be had for "hours *reasonably* expended" in connection with an anti-SLAPP motion. (Mot. 12 (citing *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988).) Similarly, the fact that, according to Defendants, their "anti-SLAPP Motion vindicated [] First Amendment rights" (Mot. 12) cannot, without more, justify a fee award of any particular size. After all, the anti-SLAPP Act only applies to claims "arising from any act of that person in furtherance of the person's right of petition or free speech," Cal. Code Civ. P. § 425.16(b)(1), such that every successful anti-SLAPP motion necessarily "vindicates First Amendment rights."

Finally, Defendants' assertion that the complexity of this case justifies a massive fee award rings hollow. As noted above, CoreCivic's complaint presented two straightforward defamation claims based on a handful of short articles published by Defendants, no discovery was taken, no factual record was developed, there was no protracted litigation, and Defendants' anti-SLAPP motion presented a straightforward challenge to the legal sufficiency of CoreCivic's complaint. Indeed, the "comparable" cases Defendants cite as supposedly justifying their requested fees are wholly distinguishable. Rather than cite actually-comparable cases, Defendants rely on cases substantially more complex than this case (including cases litigated for years and involving class-actions, multiple defendants and appeals),[48] cases in which the plaintiffs waived their objections to

---

[48] *See Makaeff v. Trump Univ., LLC*, No. 10-cv-940, 2015 WL 1579000, at *5 (S.D. Cal. Apr. 9, 2015) ("complex and lengthy" anti-SLAPP motions practice in class-action case spanning five years and involving a Ninth Circuit appeal, petitions for rehearing, depositions, document production, supplemental briefing on multiple issues, and the like); *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550 (2008) (case involved 21 defendants, 10 anti-SLAPP motions, appellate briefing, briefing on remand, multiple demurrers, and 7 motions for attorneys' fees); *Open Source Sec., Inc. v. Perens*, No. 17-cv-4002, 2018 WL 2762637 (N.D. Cal. June 9, 2018) (case involved multiple anti-SLAPP motions, supplemental briefing thereon, motion to dismiss and summary judgment briefing related to anti-SLAPP motions, and a combined motions hearing); *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220 (S.D. Cal. 2002) (award included

NEWMEYER
DILLION

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

the defendants' fee motions,[49] and even a case in which the fee award was *vacated*.[50]  Defendants'

own caselaw confirms that their request for fees for over 300 attorney-hours is excessive.  *E.g.*,

*Open Source Sec. Inc. v. Perens*, No. 17-cv-4002, 2018 WL 2762637, at *6-7 (N.D. Cal. June 9,

2018) (holding excessive 457 hours to brief 3 substantive motions); *Premier Med. Mgmt. Sys., Inc.*

*v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 560 (2008) ("[A] reasonable time spent on [an]

anti-SLAPP motion and [fees] motion is ... approximately *50 hours*, or one attorney work week.").

### B. Defendants Improperly Seek "Recovery" of Unreasonably Inflated Attorney Billing Rates Up to Double What Defendants Actually Paid Their Attorneys.

Defendants' Fee Motion must also be denied because Defendants seek recovery for

"unreasonably inflated" billing rates up to double what they actually paid their attorneys.  *See*

*Christian Research Inst.*, 165 Cal. App. 4th at 1322 ("'A fee request that appears unreasonably

inflated is a special circumstance permitting the trial court to reduce the award or deny one

altogether.'" (quoting *Ketchum*, 24 Cal. 4th at 1137)).  In the alternative, Defendants may only

recover fees at the rate they actually paid their attorneys for work on their anti-SLAPP motion.  *See*

Cal. Code Civ. P. § 425.16(c)(1) ("prevailing defendant" may "recover *his or her* attorney's fees").

Although Defendants do not acknowledge it, California courts have unambiguously held

that for purposes of Section 425.16, the words *"attorney's fees"*—consistent with "the usual and

ordinary meaning of" the term "both in legal and in general usage"—*is the consideration that a*

*litigant **actually** pays or becomes liable to pay* in exchange for legal representation."  *Trope v.*

*Katz*, 11 Cal. 4th 274, 280 (1995); *Witte v. Kaufman*, 141 Cal. App. 4th 1201, 1208 (2006) ("'[T]he

commonly understood definition of attorney fees as determined in *Trope* applies with equal force

---

fees incurred by multiple separately-represented defendants and included substantial fees incurred prosecuting appeal); *Maloney v. T3Media, Inc.*, No. 14-cv-5048, 2015 WL 3879634, at *6-7 (C.D. Cal. May 27, 2015) (putative class action involving amended complaint, amended answer, 14 months of active motions practice; additionally, plaintiffs' "generalized objection" to defendants' fees "fail[ed] to identify ... any specific task that took too long"); *Wynn v. Chanos*, No. 14-cv-4329, 2015 WL 3832561 (N.D. Cal. June 19, 2015) (case involved complex factual investigation, multiple anti-SLAPP motions, multiple motions to dismiss related thereto, related discovery motions, multiple reply briefs, and multiple hearings); *Vargas v. City of Salinas*, 200 Cal. App. 4th 1331, 1350 (2011) (case spanned nine years and involved paid expert witnesses, post-judgment briefing, multiple appeals; plaintiff's appeal of award waived by "absence of comprehensible argument").
[49] *See Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014) (awarding fees based on plaintiff's "[f]ailure to raise specific challenges" to excessiveness); *Maloney*, 2015 WL 3879634, at *6-7 (*see supra* note 50).
[50] *Graham-Sult v. Clainos*, 756 F.3d 724, 753 (9th Cir. 2014).

NEWMEYER DILLION

to section 425.16.'" (quoting *Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 524 (2005) (brackets omitted))).[51]    The reason, these courts have explained, is simple:    When Section 425.16 was enacted (just as when the statute at issue in *Trope* was enacted), the term "'attorney's fees' ... had an established legal meaning"—the meaning quoted above—and "[i]n the absence of some indication ... that the Legislature intended ... to convey something other than th[at] established legal definition, the presumption is almost irresistible that the Legislature intended [the term] to have that meaning"—and "[t]here is no evidence" that the Legislature intended to depart from the "established legal meaning" of "attorney's fees" in Section 425.16.  *Trope*, 11 Cal. 4th at 282; *Soukup v. Stock*, 15 Cal. Rptr. 3d 303, 311 (Ct. App. 2004), *rev'd on other grounds sub nom. Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260 (2006).  Accordingly, it necessarily follows that **"a prevailing litigant who has negotiated a below-market rate with his or her attorney is not entitled to a lodestar amount based on fair market rates or ... a multiplier."**  *Stafford v. Sipper*, 76 Cal. Rptr. 2d 723, 726 (Ct. App. 1998), *depublished* (Nov. 4, 1998).[52]

The plain text of Section 425.16 confirms this conclusion.  Section 425.16 (c)(1) provides that "a prevailing defendant on a special motion to strike shall be entitled to ***recover his or her attorney's fees*** and costs."  Cal. Code Civ. P. § 425.16(c)(1).  Because "recover" means "[t]o get back or regain in full or in equivalence," Black's Law Dictionary (11th ed. 2019), under Section 425.16 a prevailing party may only "get back or regain" "his or her attorney's fees and costs"—that is, she may only recover fees she actually paid.  Indeed, consistent with the statutory text, Defendants' own caselaw explains that "[t]he anti-SLAPP fee-shifting provision" is "construed so as to effectuate the legislative purpose of ***reimbursing the prevailing defendant for expenses incurred*** in extracting herself from a baseless lawsuit."  *Graham-Sult*, 756 F.3d at 752.  In other words, the statute's focus is ensuring that a prevailing defendant (or plaintiff) is made whole and their conduct is not deterred by needing to pay attorneys' fees defending a meritless

---

[51] *See also, e.g.*, *In re Super Dieter's Tea Cases*, No. A114101, 2007 WL 2430160, at *4 (Cal. Ct. App. Aug. 28, 2007) (same; collecting cases); *Gotteman v. Santana*, 263 F. Supp. 3d 1034, 1047 (S.D. Cal. 2017) (same).

[52] "A Supreme Court order to depublish is not an expression of the court's opinion of the correctness of the result of the decision or of any law stated in the opinion."  Cal. Ct. R. 8.1125.

1    lawsuit (or, in the case of prevailing plaintiffs, overcoming a frivolous anti-SLAPP motion).  "The

2    Legislature ... did not intend recovery of fees and costs as a windfall" for lawyers.  *Christian*

3    *Research Inst.*, 165 Cal. App. 4th at 1321.[53]

4         Here, although Defendants attempt to obscure it, the record shows that Defendants ask this

5    Court to award them over double the fees that they actually "incurred in extracting [themselves]

6    from a [supposedly] baseless lawsuit."  *Graham-Sult*, 756 F.3d at 752.  The hourly rates at which

7    Defendants are seeking attorneys' fees and the actual rates they paid their attorneys are set forth in

8    the following table:

| Defendants' Attorneys' Hourly Rates:  Claimed vs. Actually Charged | | | |
|---|---|---|---|
| **Attorney/Paralegal** | **Claimed Hourly Rate** | **Actually Charged Hourly Rate** | **Inflation Percentage** |
| Thomas R. Burke (Sr. Partner) | $810 | $400 | *102.50%* |
| Abigail Everdell (Sr. Associate) | $555 | $325 | *70.77%* |
| Andrew Row (Jr. Associate) | $430 | $325 | *32.31%* |
| Noel Nurrenbern (Paralegal) | $240 | $115 | *108.70%* |

15        As the above table makes clear, Defendants are not attempting to "recover" the attorneys'

16   fees that they actually "incurred," but are instead asking for fees at up to double the rates they

17   actually paid—and over double the overall recovery:  Defendants have used their artificially

18   inflated billing rates to more than double their fee request, from $73,001 to over $165,570 (with

19   both figures also including the unreasonable, hours detailed above).  Defendants' request for such

20   a massive windfall  constitutes the precise type of "'unreasonably inflated'" fee request that justifies

21

---

22   [53] Defendants' attempt to avoid this conclusion by citing *Center for Biological Diversity v. County of San Bernardino*, 188 Cal. App. 4th 603, 619 (2010)—which Defendants' claim holds that a
23   prevailing party under Section 425.16 "who charged a reduced rate can seek higher reasonable market value of attorneys' services under the lodestar approach"—fails, as *Center for Biological*
24   *Diversity* is wholly inapposite.  Unlike here, the plaintiff in *Center for Biological Diversity* sought recovery of attorneys' fees under California Code of Civil Procedure § 1021.5, a "private attorney
25   general" statute that broadly provides "*a court may award attorneys' fees* to a successful party ... in any action which has resulted in the enforcement of an important right affecting the public
26   interest."  Cal. Code Civ. P. § 1021.5.  By contrast, Section 425.16 limits what attorneys' fees may be recovered under it by providing only that "a prevailing defendant on a special motion to strike
27   shall be entitled to *recover his or her attorney's fees* and costs," Cal. Code Civ. P. § 425.16(c)(1), so as to "effectuate the legislative purpose of *reimbursing* the prevailing defendant *for expenses*
28   *incurred* in extracting herself from a baseless lawsuit," *Graham-Sult*, 756 F.3d at 752.

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
                                                                      3:20-CV-03792-WHA

"'deny[ing] [their request] altogether.'"  *See Christian Research Inst.*, 165 Cal. App. 4th at 1322 (quoting *Ketchum*, 24 Cal. 4th at 1137).

Finally, even if Defendants could ignore *Trope*, its progeny, and the plain text of Section 425.16 (and they cannot), the arguments in their own Fee Motion demonstrate that their requested fees are "unreasonably inflated."  Defendants themselves argue that "the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate." (Mot. 10.)  Thus, according to Defendants' own argument, the "best evidence of a reasonable hourly rate" for the defense of this case is "the actual rate charged by counsel to [Defendants]"—*i.e.*, the rates Defendants actually paid, not Davis Wright Tremaine's "rack rates" that their clients were unwilling to pay.[54]

Defendants' only response is to note that their attorneys entered into a contract with their insurers under which their insurers "agreed to pay steeply discounted hourly rates, under an arrangement by which any fee recovery under the anti-SLAPP Statute would be earmarked to make up the difference between those discounted rates and counsel's standard rates."  (Mot. 10 n.6.)  But that is irrelevant—the focus of Section 425.16 (c)(1) is making a prevailing *party* whole, not getting extra money for their attorneys that Defendants were unwilling to pay in the first place.  Besides, it is axiomatic that "the effect of statutory provisions cannot be altered by contract."  *Rutherford v. Palo Verde Healthcare Dist.*, No. 13-cv-1247, 2014 WL 12631845, at *12 (C.D. Cal. May 20, 2014); *Miller v. California*, 18 Cal. 3d 808, 814 (1977) ("[S]tatutory provisions ... cannot be circumvented by purported contracts in conflict therewith.").  Defendants' attorneys' cannot contract for a windfall that is disallowed by statute.

## CONCLUSION

This Court should articulate and clarify whether it dismissed this case under California Code of Civil Procedure § 425.16 or Federal Rule of Civil Procedure 12(b)(6), and deny Defendants' Motion to Recover Attorneys' Fees and Costs either because, on the one hand, Defendants have

---

[54] Indeed, it appears that Davis Wright Tremaine (which handles hundreds of defamation/anti-SLAPP cases) often discounts its "rack rates" as it has done here.  *See Maloney*, 2015 WL 3879634, at *5 (Davis Wright Tremaine charged its client and sought attorneys' fees at rates of "$270 per hour" for an associate and "$495 per hour for a partner with 30 years of experience").

NEWMEYER
DILLION

failed to show that Section 425.16 applies in federal court, the anti-SLAPP Act's commercial speech exception excludes Defendants' speech from SLAPP protection, and Defendants' fee request is unreasonable, or because, on the other hand, Defendants have not met their burden to show that they are entitled to fees under Rules 11 and 12 of the Federal Rules of Civil Procedure.

Dated:  January 14, 2021

NEWMEYER & DILLION LLP                              CLARE LOCKE LLP

By:  _/s/ Michael B. McClellan_____        By:  __/s/ Elizabeth M. Locke, P.C._____
       Michael B. McClellan                                    Elizabeth M. Locke, P.C.
       CBN 241570                                                *Pro hac vice*; VA Bar 71784

1

**<u>FILER ATTESTATION</u>**

2

3

In accordance of Civil L.R. 5-1(i)(3), I hereby certify that I have authorization to file this document from the signatories above.

4

5

6

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed on this 14th day of January, 2021 at Newport Beach, CA.

7

8

*/s/ Michael B. McClellan*
Michael B. McClellan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA