Elizabeth M. Locke, P.C.* (VA Bar No. 71784)
CLARE LOCKE LLP
10 Prince Street
Alexandra, VA 22314
Telephone: (202) 628-7400
Email:   libby@clarelocke.com
*Appearance *Pro Hac Vice*

Michael B. McClellan, CBN 241570
NEWMEYER & DILLION LLP
895 Dove Street, Fifth Floor
Newport Beach, CA  92660
Telephone: (949) 854-7000
Email:   Michael.McClellan@ndlf.com

*Attorneys for Plaintiff CoreCivic, Inc.*



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORECIVIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CANDIDE GROUP, LLC and MORGAN SIMON,<br><br>Defendants. | CASE NO:  3:20-cv-03792-WHA<br><br>ASSIGNED TO: Judge William Alsup<br><br>**APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO RECOVER ATTORNEYS' FEES AND COSTS**<br><br>[Cal. Code Civ. Proc. § 425.16]<br><br><br>Date:        February 25, 2021<br>Time:        8:00 a.m.<br>Location:    San Francisco Courthouse<br>             Courtroom 7 – 19th Floor<br>             450 Golden Gate Avenue<br>             San Francisco, CA 94102<br><br>Action Filed (C.D. Cal.):        March 4, 2020<br>Action Transferred: (N.D. Cal.):  July 7, 2020 |

/ / /

/ / /

/ / /

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff CoreCivic, Inc. submits this Appendix of Exhibits in support of its Opposition to Defendants' Motion for Recovery of Attorneys' Fees and Costs.

| Ex. No. | Document | Pages |
|---------|----------|-------|
| 1 | Mot. to Recover Attorneys' Fees, *Smith v. Payne*, No. 12-cv-1732 (N.D. Cal. Jan. 9, 2013) [Dkt. 58] | 5 - 16 |
| 2 | Thomas Burke Decl., *Smith v. Payne*, No. 12-cv-1732 (N.D. Cal. Jan. 9, 2013) [Dkt. 59] | 18 - 44 |
| 3 | Mot. to Recover Attorneys' Fees, *Smith v. Santa Rosa Press Democrat*, No. 11-cv-2411 (N.D. Cal. Nov. 3, 2011) [Dkt. 35] | 46 - 84 |
| 4 | J. Segal & E. Stubbs' Decls., *Taylor v. Viacom, Inc.*, No. 17-cv-3247 (C.D. Cal. July 20, 2018) [Dkt. 39] | 86 - 136 |

Dated:  January 14, 2021

NEWMEYER & DILLION LLP

By: _/s/ Michael B. McClellan_
    Michael B. McClellan
    CBN 241570

CLARE LOCKE LLP

By: _/s/ Elizabeth M. Locke, P.C._
    Elizabeth M. Locke, P.C.
    *Pro hac vice*; VA Bar 71784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER ATTESTATION**

In accordance of Civil L.R. 5-1(i)(3), I hereby certify that I have authorization to file this document from the signatories above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed on this 14th day of January, 2021 at Newport Beach, CA.

    */s/ Michael B. McClellan*
    Michael B. McClellan

APPENDIX OF EXHIBITS ISO OPP'N TO DEFS.' MOT. FOR FEES & COSTS
3:20-CV-03792-WHA

# Exhibit 1

Exhibit 1

- 4 -

THOMAS R. BURKE (State Bar No. 141930)
JEFF GLASSER (State Bar No. 252596)
KATHLEEN CULLINAN (State Bar No. 287604)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
Email:        thomasburke@dwt.com; jeffglasser@dwt.com

Attorneys for THE PRESS DEMOCRAT DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH on Behalf of herself and her minor child Zeus Harrison Smith,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PAUL PAYNE and the SANTA ROSA PRESS DEMOCRAT,<br><br>                    Defendants. | Case No. CV12-01732-DMR<br><br>**THE PRESS DEMOCRAT DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES AND COSTS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Thomas R. Burke and Exhibits A-D concurrently filed]<br><br>Date:      February 28, 2013<br>Time:     11:00 a.m.<br>Dept.:     Oakland Courthouse—Courtroom 4 |

DAVIS WRIGHT TREMAINE LLP

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1
- 5 -

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND FACTUAL BACKGROUND ....................................................... 1

II.   FEE SHIFTING IS MANDATORY IN THIS CASE. ............................................................ 2

III.  COURTS HAVE AFFIRMED LARGER FEE AWARDS UNDER SECTION
      425.16(C) ............................................................................................................................. 6

IV.   THE PRESS DEMOCRAT DEFENDANTS ARE ALSO ENTITLED TO
      RECOVER ATTORNEYS' FEES FOR THIS FEE MOTION. ........................................... 6

V.    CONCLUSION ..................................................................................................................... 7

DAVIS WRIGHT TREMAINE LLP

i

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 6 -

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Church of Scientology v. Wollersheim,
  42 Cal. App. 4th 628 (1996)..................................................................................passim

eCash Technologies v. Guagliardo,
  210 F. Supp. 2d 1138 (C.D. Cal. 2000).................................................................... 1

Equilon Enterprises, LLC v. Consumer Cause, Inc.,
  29 Cal. 4th 53 (2002)................................................................................................ 2

Kearney v. Foley & Lardner,
  553 F. Supp. 2d 1178 (S.D. Cal. 2008) ................................................................... 2

Ketchum v. Moses,
  24 Cal. 4th 1122 (2001)................................................................................. 1, 2, 5, 6

Metabolife International, Inc. v. Wormick,
  213 F. Supp. 2d 1220 (S.D. Cal. 2002) ................................................................... 6

Rosenaur v. Scherer,
  88 Cal. App. 4th 260 (2001)..................................................................................... 6

Ryan v. Edditions Ltd. West, Inc.,
  Case No. C 06-04812, 2011 U.S. Dist. LEXIS 81917 (N.D. Cal. July 27, 2011) .................... 2

Sorenson v. Mink,
  239 F.3d 1140 (9th Cir. 2001).................................................................................. 4

Verizon Delaware v. Covad Comm'ns,
  377 F.3d 1081 (9th Cir. 2004).................................................................................. 1

Zamani v. Carnes,
  Case no. C-03-00852, 2009 U.S. Dist. LEXIS 80337 at *7 n. 1 (N.D. Cal. Aug. 21,
  2009)......................................................................................................................... 3

STATUTES

California Code of Civil procedure Section 425.16(c) .......................................... 1, 2, 6

DAVIS WRIGHT TREMAINE LLP

Exhibit 1

- 7 -

TO PLAINTIFFS GWENDOLYN SMITH AND ZEUS SMITH:

PLEASE TAKE NOTICE that at 11:00 a.m. on February 28, 2013, or as soon thereafter as counsel may be heard in Courtroom 4 of the Honorable Magistrate Judge Donna M. Ryu, located at 1301 Clay Street, Oakland, CA 94612, Defendants Paul Payne and the Santa Rosa Press Democrat ("The Press Democrat Defendants"), will and hereby do move this Court, pursuant to the mandatory fee-shifting provision of Code of Civil Procedure Section 425.16(c), for an order requiring Plaintiff Gwendolyn Smith ("Smith") to reimburse The Press Democrat Defendants for at least $33,743 in attorneys' fees and $53.71 in costs incurred in connection with its successful Special Motion to Strike, as well as the fees and costs incurred to prepare this Motion for Award of Mandatory Attorneys' Fees and Costs ("this Motion"), the Reply, and any hearing on the fee Motion. The total amount of fees and costs that The Press Democrat Defendants seek (including time incurred in connection with the litigation regarding fees) will be set forth in a supplemental declaration that will be filed concurrently with the Reply brief.

This Motion is made on the grounds that The Press Democrat Defendants are the "prevailing defendant[s]" under Code of Civil Procedure Section 425.16(c), which mandates that "a prevailing defendant on a special motion to strike <u>shall</u> be entitled to recover his or her attorneys' fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). On December 26, 2012, this Court entered an order granting The Press Democrat Defendants' Special Motion to Strike the Complaint. Counsel for The Press Democrat Defendants attempted to meet and confer with Plaintiffs regarding the attorneys' fees and costs incurred (Burke Decl. ¶ 10, Ex. D), but Plaintiffs did not respond. Consequently, The Press Democrat Defendants are now entitled to recover the fees and costs sought in this Motion, which were incurred as a consequence of being forced to defend against Plaintiffs' lawsuit.

These grounds are amplified and explained in the attached Memorandum of Points and Authorities. This Motion also is based on the attached Declaration of Thomas R. Burke with Exhibits A-D; on all pleadings, papers, records, and files in this case; and on such other arguments as may be presented to the Court at the hearing on this Motion.

DAVIS WRIGHT TREMAINE LLP

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 8 -

The Press Democrat Defendants, therefore, respectfully request that the Court grant this Motion and award $33,743 in attorneys' fees and $53.71 in costs incurred thus far in connection with their successful Special Motion to Strike, Reply, and Opposition to Plaintiffs' Ex Parte Application, as well as an amount to be determined in attorneys' fees incurred in connection with the briefing on fees and to appear at the hearing on the fee Motion.

DATED:  January 9, 2013

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JEFF GLASSER

By: _____/s/ Jeff Glasser_____
                    Jeff Glasser

Attorneys for The Press Democrat Defendants

DAVIS WRIGHT TREMAINE LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTUAL BACKGROUND

California Code of Civil procedure Section 425.16(c) provides that "a prevailing defendant on a special motion to strike <u>shall be entitled</u> to recover his or her attorneys' fees and costs." (emphasis added).  The California Supreme Court has made clear that this fee-shifting provision is mandatory.  In <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131-32 (2001), the court emphasized that "[a]ny SLAPP defendant who brings a successful motion to strike is entitled to <u>mandatory</u> attorney fees."  (Emphasis added.)  The fee provision of the anti-SLAPP statute is not a discretionary sanction, but rather a mandatory fee-shifting provision designed to protect First Amendment rights.  <u>Id.</u>  "The attorneys' fees provision of Section 425.16 also applies in federal court, and . . . an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted."  <u>eCash Technologies v. Guagliardo</u>, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2000) (emphasis added).  <u>See also</u> <u>Verizon Delaware v. Covad Comm'ns</u>, 377 F.3d 1081, 1091 (9th Cir. 2004) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail").  Based on this authority, Plaintiffs Gwendolyn Smith and Zeus Harrison Smith are now required to reimburse The Press Democrat Defendants for their attorneys' fees and costs incurred in connection with the successful Special Motion to Strike Plaintiffs' lawsuit.

Plaintiffs spurned every opportunity to avoid this result.  In Plaintiffs' first lawsuit, The Press Democrat Defendants warned Plaintiffs that if The Press Democrat Defendants prevailed on a Special Motion to Strike Plaintiffs' meritless defamation lawsuit, Plaintiffs would be responsible under California's anti-SLAPP statute to pay for The Press Democrat Defendants' attorneys' fees. Burke Decl. ¶ 8.  Plaintiffs ignored the warnings, and on December 19, 2011, Judge Illston ordered Plaintiffs to pay $30,613.50 in fees and $5,747.50 in costs to The Press Democrat Defendants.  <u>Id.</u>, Ex. B.  Undaunted, Plaintiffs filed a second lawsuit alleging a laundry list of claims arising out of the same nucleus of operative facts as the first lawsuit.  Once again, The Press Democrat Defendants warned Plaintiffs that they would face liability for The Press Democrat Defendants' fees and costs if the Court granted their Special Motion to Strike the latest

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 10 -

meritless claims.  Id., Ex. C.  Plaintiffs nevertheless chose to proceed with the litigation, and ignored The Press Democrat Defendants' effort to end the litigation and settle the remaining attorneys' fees issues after the Court entered an order on December 26, 2012 granting The Press Democrat Defendants' Special Motion to Strike Plaintiffs' Complaint (and after the Court entered Judgment for The Press Democrat Defendants and against Plaintiffs on December 27, 2012).

Plaintiffs now must reimburse The Press Democrat Defendants for the attorneys' fees and costs they reasonably incurred in connection with the dismissal of this case.  By this Motion, the Press Democrat Defendants seek an award of $33,743 in attorneys' fees and $53.71 in costs incurred in successfully defending this action, as well as the fees incurred to prepare the fee briefing and any hearing on the fee Motion.  Burke Decl. ¶ 2.[1]  As discussed below, The Press Democrat Defendants' request is reasonable, based on the time and expertise required to address the multitude of claims asserted in Plaintiffs' lawsuit.  Consequently, The Press Democrat Defendants' fee request should be granted in full.

## II.  FEE SHIFTING IS MANDATORY IN THIS CASE.

Because Section 425.16(c) requires a mandatory fee award to successful defendants, the only issue before this Court is the amount of fees that The Press Democrat Defendants should be awarded.  Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 658-59 (1996), disapproved on other grounds, Equilon Enterprises, LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 n. 5 (2002).  See also Ryan v. Editions Ltd. West, Inc., Case No. C 06-04812, 2011 U.S. Dist. LEXIS 81917 at *6 (N.D. Cal. July 27, 2011) ("An award of attorney's fees to a prevailing party on a special motion to strike is mandatory.").

As the California Supreme Court has explained, calculating the amount to be awarded under Section 425.16 begins by determining the "lodestar," defined as the "number of hours reasonably expended multiplied by the reasonable hourly rate[.]"  Ketchum, 24 Cal. 4th at 1134.  See also Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008) (a reasonable

---

[1] The total amount of fees and costs that The Press Democrat Defendants seek (including time billed to prepare this Motion to Recover Attorneys' Fees and the Reply and to attend any hearing on this Motion) will be set forth in a supplemental declaration that will be filed concurrently with their Reply brief.

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 11 -

DAVIS WRIGHT TREMAINE LLP

fee is determined by reference to the lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate) (quotations omitted).

When deciding whether a SLAPP defendant's fee request is "reasonable," a court "may and should consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handing the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the case, and the time consumed.'" Church of Scientology, 42 Cal. App. 4th at 659 (ellipses and citations omitted); see also Zamani v. Carnes, Case no. C-03-00852, 2009 U.S. Dist. LEXIS 80337 at *7 n. 1 (N.D. Cal. Aug. 21, 2009) ("Other potential factors in determining the reasonableness of the fees include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.") Applying these criteria, The Press Democrat Defendants' requested fees and costs are entirely reasonable.

First, the litigation raised important constitutional and statutory issues involving news reporting by The Press Democrat on Plaintiffs' extraordinary landlord-tenant disputes.  Returning to the same set of facts that sparked the first round of litigation, The Press Democrat Defendants were compelled to research and respond to a slew of new claims (e.g., assault, trespass, unfair competition) in addition to preparing the res judicata arguments that the Court ultimately found to be dispositive.  By securing the speedy dismissal of this lawsuit, The Press Democrat Defendants have helped to preserve the ability of reporters and publishers to continue to report important information to the public without the chill of persistent litigation. This Court's order striking Plaintiff's Complaint, together with a mandatory fee award under Section 425.16, are The Press

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1
- 12 -

DAVIS WRIGHT TREMAINE LLP

Democrat Defendants' only hope of discouraging Smith and her son and other like-minded plaintiffs from using the legal system to harass and punish the media for truthfully reporting on matters of public interest.

Second, The Press Democrat Defendants and their counsel handled the case efficiently and economically. The Press Democrat Defendants' counsel has extensive "experience in th[is] particular type of work." Church of Scientology, 42 Cal. App. 4th at 659. Mr. Burke has concentrated his practice in First Amendment issues for more than two decades. Burke Decl., ¶ 3. He has litigated hundreds of anti-SLAPP motions, and is knowledgeable about the anti-SLAPP statute and about the constitutional and statutory defenses asserted in The Press Democrats' Special Motion to Strike. Id. at ¶ 4. Mr. Burke's rate of $465 per hour is reasonable and well within the rates charged by lawyers in the San Francisco Bay Area for this kind of legal work. Mr. Glasser is a 2007 graduate of the University of California, Berkeley School of Law, who has concentrated on intellectual property and First Amendment litigation throughout more than five years at Davis Wright Tremaine LLP. Id. at ¶ 6. He has successfully litigated numerous anti-SLAPP motions. Id. His rate of $365 is also reasonable and within the rates charged by associates for this kind of legal work in the Bay Area. Id.

Defense counsel's substantial experience reduced the total amount of time and money expended on this case. Moreover, the hourly rates charged by these lawyers, notwithstanding their years of experience, is comparable to, if not below, the current market rate in the Bay Area for lawyers of comparable experience. Id. at ¶ 5.[2]

Third, The Press Democrat Defendants' request is reasonable because of the "success of [their] attorney's efforts." Church of Scientology, 42 Cal. App. 4th at 659. This Court accepted The Press Democrat's legal arguments and granted their Special Motion to Strike Plaintiffs' Complaint at the earliest stage. The Court also rejected Plaintiffs' Ex Parte Application seeking to stay the Special Motion to Strike so that Plaintiffs could take discovery, finding that Plaintiffs did not establish good cause for any such discovery.

_____

[2] A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

DAVIS WRIGHT TREMAINE LLP

**Fourth**, the "amount" of litigation and the "time consumed" were increased – in fact, wholly necessitated – by Plaintiffs' own choices in pursuing this case. Church of Scientology, 42 Cal. App. 4th at 659. Plaintiffs were fully aware from personal experience that a lawsuit arising from these facts would prompt an anti-SLAPP motion, and that if they lost the motion they would, once again, be liable for opposing counsel's fees. Nonetheless, early on in this litigation, The Press Democrat Defendants reminded Plaintiffs that they faced these risks if they refused to dismiss their Complaint before the Special Motion was filed. Burke Decl., ¶ 9, Ex. C. Undeterred, Plaintiffs proceeded with the lawsuit, which required The Press Democrat Defendants to brief the merits of each claim in Plaintiffs' shotgun pleadings as well as the res judicata and statute of limitations defenses that barred Plaintiffs' lawsuit as a matter of law. Plaintiffs also increased the litigation costs by applying ex parte to stay the proceedings on The Press Democrat Defendants' Special Motion to Strike until Plaintiffs took discovery, which required The Press Democrat Defendants to prepare an opposition to successfully oppose Plaintiffs' discovery request in addition to the merits briefing.[3] Now that Plaintiffs' case has been dismissed on an anti-SLAPP motion, just as The Press Democrat Defendants predicted, Plaintiffs must reimburse The Press Democrat Defendants for this ill-advised litigation. As the California Supreme Court has explained, "[t]he amount of litigation . . . typically lies in the plaintiff's hands; having litigated the matter tenaciously," a plaintiff "cannot be heard to complain about the time necessarily spent by the defendant in response." Ketchum, 24 Cal. 4th at 1141 (ellipses and brackets omitted).

**Finally**, an award of the entire amount of fees requested in this case is consistent with the policy behind the statute; namely, to discourage meritless litigation that threatens to chill the exercise of free speech rights concerning issues of public interest and public controversies. As the California Supreme Court explained in Ketchum, the SLAPP fee award is designed to discourage anti-speech litigation "by imposing the litigation costs on the party seeking to 'chill the valid

---

[3] In addition, unlike the earlier litigation that the district court decided without a hearing, The Press Democrat Defendants incurred fees and costs for their counsel to prepare for and attend a hearing on the anti-SLAPP motion. Mr. Glasser's rate of $365 per hour in 2012 is also higher than the $325 per hour rate that applied in 2011. Despite these differences between the two litigations, The Press Democrat Defendants have reduced the fees that they are requesting in this case.

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 14 -

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1  exercise of the constitutional right[] of freedom of speech' . . . and to encourage private

2  representation in SLAPP cases." 24 Cal. 4th at 1139. "[T]he legislative aim in including the

3  attorney fee provision was apparently to strengthen enforcement of certain constitutional rights,

4  including freedom of speech . . . , by placing the financial burden of defending against so-called

5  SLAPP actions on the party abusing the judicial system." Id. at 1136. Here, Plaintiffs sought to

6  civilly punish The Press Democrat Defendants' efforts to alert the public to Ms. Smith's

7  protracted, personal involvement in landlord-tenant disputes.

8       For each of these reasons, the Court should grant The Press Democrats' fee request in full.

9  **III.    COURTS HAVE AFFIRMED LARGER FEE AWARDS UNDER SECTION 425.16(C).**

10

11       The hourly rates for The Press Democrat Defendants and their counsel, and their total fee

12  request, are considerably less than many fee awards that have been granted in other SLAPP cases.

13  For example, in 2002, a United States District Court awarded a prevailing defendant $318,687.99

14  in attorneys' fees under Section 425.16(c), including $230,982.50 for legal work done before

15  appeal, based on 1999 rates. Metabolife International, Inc. v. Wormick, 213 F. Supp. 2d 1220,

16  1228 (S.D. Cal. 2002). In 2001, the California Supreme Court affirmed more than $70,000 in

17  attorneys' fees for a prevailing defendant, not including the multiplier for contingency work.

18  Ketchum, 24 Cal. 4th at 1139. See also Rosenaur v. Scherer, 88 Cal. App. 4th 260, 281 (2001)

19  (Court of Appeal affirmed an award of over $65,000 to a prevailing defendant); Church of

20  Scientology, 42 Cal. App. 4th at 659 (Court of Appeal affirmed an award of over $130,000 to a

21  prevailing defendant in a SLAPP case

22       As these cases demonstrate, The Press Democrat Defendants' fees request is absolutely

23  reasonable.

24  **IV.    THE PRESS DEMOCRAT DEFENDANTS ARE ALSO ENTITLED TO RECOVER ATTORNEYS' FEES FOR THIS FEE MOTION.**

25

26       The California Supreme Court has made clear that successful SLAPP defendants are

27  entitled to "compensation for all hours reasonably spent, including those necessary to establish

28  and defend the fee claim." Ketchum, 24 Cal. 4th at 1141 (emphasis added).

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

- 15 -

The fees that The Press Democrat Defendants incurred in preparing this Motion, including time spent drafting the Motion and preparing the supporting materials, might have been avoided had Plaintiffs simply cooperated.  Plaintiffs did not respond to an email request to discuss resolution of The Press Democrat Defendants' attorneys' fees.  Burke Decl. ¶ 10, Ex. D. Consequently, The Press Democrat Defendants should be awarded the entire amount of fees and costs incurred in preparing this Motion, as well as fees incurred in preparing its Reply and for counsel to attend the hearing on this Motion, should the Court require a hearing.  The Press Democrat Defendants will file a supplemental Declaration with the fees incurred for the fee briefing and to attend any hearing on the fees Motion with their Reply.

## V.  CONCLUSION

For all the above-described reasons, The Press Democrats respectfully request that the Court grant this Motion and award its attorneys' fees and costs incurred thus far in connection with its successful Special Motion to Strike and this Motion, as well as any fees that The Press Democrat Defendants will incur in preparing the Reply Brief and appearing at the hearing on this Motion.

DATED this 9th day of January, 2013.

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JEFF GLASSER

By:  ___/s/ Jeff Glasser_____
Jeff Glasser

DAVIS WRIGHT TREMAINE LLP

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV12-01732-DMR
DWT 20884236v4 0059240-000002

Exhibit 1

# Exhibit 2

Exhibit 2

- 17 -

THOMAS R. BURKE (State Bar No. 141930)
JEFF GLASSER (State Bar No. 252596)
KATHLEEN CULLINAN (State Bar No. 287604)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com; jeffglasser@dwt.com

Attorneys for THE PRESS DEMOCRAT DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH on Behalf of herself and her minor child Zeus Harrison Smith,<br><br>        Plaintiffs,<br><br>      v.<br><br>PAUL PAYNE and the SANTA ROSA PRESS DEMOCRAT,<br><br>        Defendants. | Case No.CV12-01732-DMR<br><br>**DECLARATION OF THOMAS R. BURKE IN SUPPORT OF THE PRESS DEMOCRAT DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES AND COSTS WITH EXHIBITS A-D**<br><br>[Motion to Recover Attorneys' Fees And Costs And Supporting Memorandum Concurrently Filed]<br><br>Date: February 28, 2013<br>Time: 11:00 a.m.<br>Dept.: Oakland Courthouse—Courtroom 4 |

1

## DECLARATION OF THOMAS R. BURKE

I, Thomas R. Burke, declare:

1.      I am an attorney admitted to practice before all the courts in the State of California and before this Court.  I am a partner in the law firm of Davis Wright Tremaine LLP and am lead counsel for The Press Democrat Defendants in this matter.  The matters stated herein are true of my own personal knowledge, except for those matters expressly stated on information and belief, which matters I believe to be true.  I make this declaration in support of The Press Democrat Defendants' Motion To Recover Attorneys' Fees and Costs.

2.      During the pendency of this case, the Press Democrat Defendants incurred approximately $33,743 in fees and $53.71 in costs associated with preparing the anti-SLAPP motion, reply, and ex parte opposition, and in preparing for and attending the hearing on the anti-SLAPP motion.  Attached as **Exhibit A** is a spreadsheet showing the contemporaneous billing records that were maintained by the Davis Wright Tremaine LLP attorneys who worked with me on this case.  Certain entries in this spreadsheet have been redacted to protect attorney-client privileged communications but in all instances, the entries involved professional services related to The Press Democrat Defendants' successful motion.  In its consideration of this motion, should the Court require more information regarding these few redactions, without waiving the privilege, upon request, The Press Democrat Defendants will arrange to provide further non-privileged descriptions of the work performed for these entries.  The Press Democrat Defendants also have removed certain entries for which they are not seeking reimbursement of attorneys' fees in this case.

3.      I majored in journalism at Arizona State University where I graduated *magna cum laude* in 1984.  In law school I was an extern law clerk for the Honorable U.S. District Judge Marilyn Hall Patel.  I graduated magna cum laude in 1989 from the University of San Francisco School of Law and have been in private practice with a concentration on media law and First Amendment matters since entering private practice that year.  Since the Fall of 2002, I have also been a Lecturer in Media Law and First Amendment issues at the Graduate School of Journalism at the University of California at Berkeley.  I have served as a legal advisor to the First

2

Amendment Coalition since 1990 and held similar capacities with other non-profit news organizations including my current work with the Center for Investigative Reporting in Berkeley. I regularly represent publishing and media and entertainment clients including the McClatchy Company, <u>The New York Times</u>, <u>The Bakersfield Californian</u>, <u>The Los Angeles Times</u>, CNN, CBS, NBC, and others. A true and correct copy of my current biography is available at http://www.dwt.com/People/ThomasRBurke.

4. Over the years, I have litigated hundreds of successful special motions to strike under California's anti-SLAPP statute. I was involved in appellate court proceedings in 1993 involving one of the first applications of California's anti-SLAPP statute. In 2007, I successfully represented the defendants in <u>Taus v. Loftus,</u> an anti-SLAPP case in which our clients successfully petitioned and obtained review by the California Supreme Court and later received a fee award of $241,872.23. My colleagues and I also successfully represented the defendants in <u>Club Members for an Honest Election v. Sierra Club</u>, 45 Cal. 4th 309 (2008) and <u>Simpson Strong-Tie Co., Inc. v. Gore,</u> 49 Cal.4th 12 (2010), two California Supreme Court decisions that narrowly construed the "public interest" and "commercial speech" exemptions to the anti-SLAPP statute so as to broadly construe Code of Civil Procedure Section 425.16. I am currently concluding my work on <u>Anti-SLAPP Litigation</u> (2013), a legal guide to anti-SLAPP litigation and CCP 425.16, to be published this spring by The Rutter Group.

5. My discounted hourly billing rate for The Press Democrat Defendants in this action is $465. My clients enjoy this discounted rate because of our long-standing business relationship. Over the years, I have served in various management capacities within my law firm and most recently served as co-chair of the firm's national media law practice, which includes more than 60 lawyers who practice media law in offices throughout the country. In this capacity, I am personally familiar with the billing rates of lawyers in private practice in the Bay Area and in particular, the regular billing rates of those lawyers who regularly handle First Amendment and media law matters. Based on this insight, I believe that my discounted billing rate is well below the hourly rate charged by other attorneys in the Bay Area with similar practices and experience. The overall fees incurred in this matter and the hourly rates charged to The Press Democrat

3

Defendants were reasonable and comparable to other attorneys with our level of experience in the Bay Area.

6.     I was assisted in this litigation by Davis Wright Tremaine LLP associate Jeff Glasser, as well as paralegal Ben Planchon. Mr. Glasser's regular hourly rate was $365 in 2012 and $325 in 2011. His bio is available at http://www.dwt.com/People/JeffGlasser. The rates and hours charged by this professional are also well within the hourly rates charged by similarly experienced attorneys in the Bay Area.

7.     The total amount of fees and costs that The Press Democrat Defendants seek (including time billed to prepare this Motion to Recover Attorneys' Fees and the Reply and to attend any hearing on the fee Motion) will be set forth in a supplemental declaration that will be filed concurrently with their Reply brief.

8.     Attached as **Exhibit B** is a true and correct copy of the December 19, 2011 Order in Smith v. The Press Democrat, et al., Northern District Case No. C11-02411, granting attorneys' fees and costs to The Press Democrat Defendants. In this lawsuit, The Press Democrat Defendants warned Plaintiffs early on in the litigation that if The Press Democrat Defendants prevailed on a Special Motion to Strike Plaintiffs' meritless defamation lawsuit, Plaintiffs would be responsible under California's anti-SLAPP statute to pay for The Press Democrat Defendants' attorneys' fees. Plaintiffs nevertheless chose to proceed with the litigation, which resulted in the order granting attorneys' fees and costs to The Press Democrat Defendants.

9.     Plaintiffs were put on notice that they would be responsible for fees and costs incurred by The Press Democrat Defendants. For example, on August 31, 2012, I sent a letter to Plaintiff Gwendolyn Smith apprising her of the law on res judicata and the other weaknesses in her claims, and explained that Plaintiffs would be responsible to pay The Press Democrat's attorneys' fees and costs under the California anti-SLAPP statute if the Court granted their Special Motion to Strike Plaintiffs' Complaint. A true and correct copy of that letter is attached to this declaration as **Exhibit C.**

10.     After this Court granted The Press Democrat Defendants' Special Motion to Strike and before work began on this motion, Mr. Glasser sought to meet and confer with Plaintiffs

---

4

DECLARATION OF THOMAS R. BURKE

DWT 20885252v2 0085000-002314

Exhibit 2

regarding the attorneys' fees and costs owed to The Press Democrat Defendants under the anti-SLAPP statute's fee-shifting provision. The email, sent on January 2, 2012, to juredoc@gmail.com, did not elicit any response. I was copied on the email. We do not have a current telephone number for Ms. Smith. Attached as **Exhibit D** is a true and correct copy of the January 2, 2012 email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this 9th day of January 2013, at San Francisco, California.

*/s/ Thomas R. Burke*
Thomas R. Burke

# EXHIBIT A

Exhibit 2

- 23 -

SANTA ROSA PRESS DEMOCRAT (News Access Issues) FEES & COST SUMMARY - August 2012 To Present

**FEES**

| Date | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|
| 8/20/2012 | Jeffrey D. Glasser | 3.00 | $ 1,095.00 | Confer with T. Burke regarding (.3); review allegations in Ms. Smith's latest complaint (.3); research and draft letter to Ms. Smith explaining why her lawsuit is subject to the anti-SLAPP statute and is barred by res judicata, among other things (2.4) |
| 8/22/2012 | Thomas Burke | 0.20 | $ 93.00 | Efforts to reach Ms. Smith regarding compliance with court deadline to meet and confer regarding Rule 26 issues and upcoming Case Management Conference |
| 8/24/2012 | Jeffrey D. Glasser | 0.20 | $ 73.00 | Call with T. Burke regarding |
| 8/27/2012 | Jeffrey D. Glasser | 1.30 | $ 474.50 | research and draft memorandum regarding (1.30) |
| 8/28/2012 | Jeffrey D. Glasser | 2.00 | $ 730.00 | Research and draft memorandum regarding (2.0) |
| 8/28/2012 | Thomas Burke | 0.20 | $ 93.00 | Provide direction to J. Glasser regarding focus of demand letter to Ms. Smith |
| 8/30/2012 | Thomas Burke | 1.30 | $ 604.50 | Revise demand letter to Ms. Smith and outline |

Exhibit 2

- 24 -

proposed litigation strategy for clients

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 8/31/2012 | Jeffrey D. Glasser | 0.20 | $ 73.00 | Revise letter brief to Ms. Smith regarding her filing of second baseless lawsuit against The Press Democrat |
| 9/6/2012 | Thomas Burke | 0.60 | $ 279.00 | Conference with Mr. McCraw regarding ; provide direction to J. Glasser regarding same |
| 9/6/2012 | Jeffrey D. Glasser | 0.10 | $ 36.50 | Confer with T. Burke regarding |
| 9/13/2012 | Jeffrey D. Glasser | 2.80 | $ 1,022.00 | Draft answer |
| 9/17/2012 | Thomas Burke | 1.40 | $ 651.00 | Review and revise Answer to Ms. Smith's complaint and provide further direction to J. Glasser regarding same (.60); exchange of communications with Mr. McCraw, Mr. Swofford and Mr. Swanson regarding (.60); telephone conference with Mr. Payne to confirm (.20) |
| 9/17/2012 | Jeffrey D. Glasser | 0.80 | $ 292.00 | Revise answer (.5); review and revise certificate of interested parties (.1); review and revise consent to magistrate judge (.1); correspondence with Mr. McCraw and T. Burke regarding (.1) |
| 9/24/2012 | Thomas Burke | 0.40 | $ 186.00 | Review strategy and update clients re and provide direction to J. Glasser regarding |

Exhibit 2

- 25 -

| Date | Name | Hours | | Amount | Description |
|---|---|---|---|---|---|
| 9/28/2012 | Jeffrey D. Glasser | 2.40 | $ | 876.00 | Research and draft first prong analysis for anti-SLAPP motion in Smith's latest lawsuit against The Press Democrat |
| 10/3/2012 | Thomas Burke | 0.80 | $ | 372.00 | Further review of plaintiff's new complaint and issues regarding The Press Democrat's special motion to strike (newsgathering liability issues) |
| 10/4/2012 | Jeffrey D. Glasser | 1.40 | $ | 511.00 | Research and draft first prong analysis and standard for prong two |
| 10/5/2012 | Jeffrey D. Glasser | 2.90 | $ | 1,058.50 | Research and draft res judicata portions of SLAPP motion (.8); research and draft statute of limitations portions of SLAPP motion (.5); research and draft portions of brief addressing Uniform Single Publication Rule and constitutional bar on claims that seek to creatively plead around defamation claims (1.6) |
| 10/7/2012 | Jeffrey D. Glasser | 2.40 | $ | 876.00 | Research and draft portions of SLAPP motion addressing trespassing claim (1.4); research and draft portions of SLAPP motion addressing assault claim (1.0) |
| 10/8/2012 | Jeffrey D. Glasser | 7.10 | $ | 2,591.50 | Research and draft portions of SLAPP motion addressing trespassing claim (1.5); research and draft portions of SLAPP motion addressing assault claim (1.1); research and draft portions of SLAPP motion addressing invasion of privacy claim (1.0); research and draft portions of brief addressing IIED claim (.8); research and draft portions of brief addressing Section 17500 claim (1.7); research and draft portion of brief addressing why conspiracy claims are defective (.2); draft opening |

Exhibit 2

- 26 -

section of brief (.8)

| Date | Timekeeper | Hours | Amount | Description |
|---|---|---|---|---|
| 10/8/2012 | Thomas Burke | 1.30 | $ 604.50 | Review and revise draft Special Motion to Strike and further review of plaintiffs' complaint (and compare with plaintiffs' earlier amended complaint) |
| 10/9/2012 | Jeffrey D. Glasser | 2.40 | $ 876.00 | draft administrative motion and proposed order (.9); draft initial case management conference statement (1.5) |
| 10/9/2012 | Thomas Burke | 1.80 | $ 837.00 | Further edit and revise anti-SLAPP motion (1.00) update Mr. McCraw regarding ____; review and revise draft CMC and administrative motion to vacate current CMC schedule (.80) |
| 10/10/2012 | Thomas Burke | 0.70 | $ 325.50 | Further review and revise motion and supporting declarations, Case Management Conference Statement, Administrative Motion and supporting declarations; telephone conference and follow-up communications with Mr. Payne regarding |
| 10/10/2012 | Jeffrey D. Glasser | 5.40 | $ 1,971.00 | Review complaint and draft Mr. Payne's declaration (.9); confer with T. Burke regarding ____ (.2); draft request for judicial notice and supporting memorandum (1.3); draft T. Burke declaration (.7); revise brief and add record cites (1.5); review Mr. Payne's correspondence and revise his declaration (.3); revise and finalize case management conference statement (.5) |

Exhibit 2
- 27 -

| Date | Name | Hours | Amount | Description |
| --- | --- | --- | --- | --- |
| 10/11/2012 | Jeffrey D. Glasser | 2.10 | $766.50 | Revise and finalize anti-SLAPP motion (1.4); revise administration motion and T. Burke declaration (.2); revise request for judicial notice (.2); review and prepare exhibits to declarations (.3) |
| 10/11/2012 | Thomas Burke | 1.20 | $558.00 | Review and attention to final revisions and edits to moving papers; follow-up communications with Mr. Payne (to confirm ) and Ms. Barnett (regarding ) |
| 10/22/2012 | Jeffrey D. Glasser | 0.10 | $36.50 | Correspondence with T. Burke regarding |
| 10/23/2012 | Jeffrey D. Glasser | 0.70 | $255.50 | (.1); correspondence with Ms. Smith regarding filing joint stipulation and proposed order (.1); draft joint stipulation and proposed order extending time for hearing on special motion to strike and stipulating to briefing schedule (.5) |
| 10/23/2012 | Thomas Burke | 0.30 | $139.50 | Review proposed extension request by plaintiff and revised language for draft stipulation and order |
| 10/24/2012 | Jeffrey D. Glasser | 0.40 | $146.00 | Correspondence with T. Burke regarding (.1); revise joint stipulation and proposed order (.2); correspondence with Ms. Smith regarding whether Plaintiffs will approve joint stipulation and proposed order (.1) |
| 11/1/2012 | Jeffrey D. Glasser | 0.30 | $109.50 | Correspondence with T. Burke regarding |

Exhibit 2
- 28 -

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 11/1/2012 | Thomas Burke | 0.50 | $ 232.50 | Initial review and analysis of plaintiffs' amended complaint and procedural and substantive strategy issues raised by same |
| 11/5/2012 | Jeffrey D. Glasser | 0.60 | $ 219.00 | Review amended complaint and original complaint and do comparison of two complaints (.5); correspondence with T. Burke regarding          (.1) |
| 11/6/2012 | Thomas Burke | 0.30 | $ 139.50 | Update Mr. McCraw regarding |
| 11/7/2012 | Thomas Burke | 1.40 | $ 651.00 | Exchange of communications with Mr. McCraw regarding          (1.30); initial review and analysis of plaintiffs' opposition to the special motion to strike and proposed ex parte continuance of hearing to allow for discovery (.70); conference with J. Glasser and provide guidance regarding same (.10); update Mr. McCraw regarding (.20) |
| 11/7/2012 | Jeffrey D. Glasser | 4.00 | $ 1,460.00 | confer with T. Burke regarding          (.2); research and draft opposition to ex parte application (3.8) |
| 11/8/2012 | Jeffrey D. Glasser | 0.80 | $ 292.00 | Revise opposition to ex parte application (.6); draft proposed order (.1); correspondence with |

Exhibit 2

Mr. McCraw and T. Burke regarding (.1)

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 11/8/2012 | Thomas Burke | 0.60 | $ 279.00 | Review and revise Opposition to Plaintiffs' ex parte application |
| 11/14/2012 | Thomas Burke | 2.10 | $ 976.50 | Further review and analysis of plaintiffs' recent filings (including amended complaint) and plaintiffs' opposition to The Press Democrat's anti-SLAPP motion in preparation for work regarding Reply |
| 11/19/2012 | Thomas Burke | 0.60 | $ 279.00 | Assist J. Glasser regarding |
| 11/19/2012 | Jeffrey D. Glasser | 5.80 | $ 2,117.00 | Research and draft prong one portions of anti-SLAPP reply (1.2); research and draft res judicata portions of anti-SLAPP reply (3.4); research and draft statute of limitations and Uniform Single Publication Act portions of anti-SLAPP reply (1.2) |
| 11/20/2012 | Jeffrey D. Glasser | 5.50 | $ 2,007.50 | Research and draft res judicata portions of anti-SLAPP reply (1.0); research and draft trespass portion of anti-SLAPP reply (1.4); research and draft assault portion of anti-SLAPP reply (1.3); research and draft private facts portion of anti-SLAPP reply (.8); research and draft unfair business practices portion of anti-SLAPP reply (1.0) |
| 11/20/2012 | Thomas Burke | 3.90 | $ 1,813.50 | Further review plaintiffs' Opposition and revise and edit The Press Democrat's Reply brief |

Exhibit 2

| Date | Name | Amount | Description |
|---|---|---|---|
| 11/21/2012 | Thomas Burke | 0.70 $ 325.50 | Further revise Reply brief and associated correspondence with Mr. McCraw and Ms. Barnett regarding |
| 11/21/2012 | Jeffrey D. Glasser | 1.60 $ 584.00 | Call with T. Burke regarding (.2); revise and finalize anti-SLAPP reply (1.4) |
| 11/21/2012 | Ben Planchon | 1.30 $ 279.50 | Review Reply In Support of Special Motion to Strike for all cites to judicial authority, prepare negative history report; review report and prepare summary for J. Glasser |
| 12/17/2012 | Thomas Burke | 0.40 $ 186.00 | Provide guidance to J. Glasser regarding preparations for upcoming oral argument; update Mr. McCraw re |
| 12/17/2012 | Jeffrey D. Glasser | 0.20 $ 73.00 | Confer with T. Burke regarding |
| 12/19/2012 | Jeffrey D. Glasser | 1.80 $ 657.00 | Prepare for hearing on anti-SLAPP motion |
| 12/20/2012 | Jeffrey D. Glasser | 6.50 $ 2,372.50 | Prepare for hearing on The Press Democrat Defendants' anti-SLAPP motion (4.7); attend and appear at hearing on The Press Democrat Defendants' anti-SLAPP motion (1.8) |
| 12/26/2012 | Thomas Burke | 0.40 $ 186.00 | Review trial court's order dismissing plaintiffs' entire case with prejudice (or leave to amend) and update clients regarding |
| | FEES TOTAL | 87.20 $ 33,743.00 | |

COSTS

| Date | Name | Amount | Description |
|---|---|---|---|

Exhibit 2

- 31 -

| 9/13/2012 | DWT DavisWrightTremaine | $ 10.87 | Outside delivery service -- FED EX ERS -09/13/12 Delivery to 1301 Clay Street, Courtroom Oakland CA per Natasha Majorko |
| 9/17/2012 | DWT DavisWrightTremaine | $ 10.87 | Outside delivery service -- FED EX ERS -09/17/12 Delivery to 1301 Clay Street Oakland CA per Natasha Majorko |
| 10/10/2012 | DWT DavisWrightTremaine | $ 11.07 | Outside delivery service -- FED EX ERS -10/10/12 Delivery to 1301 Clay Street Oakland CA per Natasha Majorko |
| 11/8/2012 | DWT DavisWrightTremaine | $ 11.12 | Outside delivery service -- FED EX ERS -11/08/12 Delivery to 1301 Clay St Oakland CA per Natasha Majorko |
| 11/21/2012 | DWT DavisWrightTremaine | $ 9.78 | Outside delivery service -- FED EX ERS -11/21/12 Delivery to 1301 Clay Street Oakland CA |
| **COSTS TOTAL** | | **$ 53.71** | |

Exhibit 2

- 32 -

# EXHIBIT B

Exhibit 2

- 33 -

Case3:11-cv-02411-SI Document759-2 Filed01/11/29/13 Page34 of 136

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN SMITH on behalf of herself and
her minor child Zeus Harrison Smith

              Plaintiffs,

    v.

THE SANTA ROSA PRESS DEMOCRAT, et
al.,

              Defendants.

No. C 11-02411 SI

**ORDER GRANTING DEFENDANTS'
MOTION FOR ATTORNEYS FEES AND
COSTS**

Currently before the Court is defendants' motion for an award of $34,015.00 in attorneys fees and $5,747.50 in costs under California's anti-SLAPP statute. Cal. Code Civ. Proc. § 425.16(c)(1). That motion came on for hearing on December 16, 2011. Plaintiff did not file a written opposition to the motion, but did attend the hearing, where she argued that defendants were not entitled to attorneys fees at all, and in the alternative, that they should be awarded significantly less than the $34,015.00 sought.

An award of attorneys fees and costs to a defendant who successfully moves to strike under the California anti-SLAPP statute is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The fees requested, however, must be reasonable in light of the circumstances of the case. *See, e.g., Cabral v. Martins*, 177 Cal. App. 4th 471, 491 (Cal. App. 2009); *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242, 1250-52 (Cal. App. 2006). Moreover, fees should only be awarded for work reasonably related to the special motion to strike brought under the anti-SLAPP statute. *See, e.g., Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1320 (Cal. App. 2008); *cf. Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 39 Cal. App. 4th 1379, 1383 (1995) (when a suit includes causes of

Exhibit 2
- 34 -

1  action not covered by an anti-SLAPP motion to strike, attorney's fees incurred in obtaining dismissal

2  of the non-anti-SLAPP causes of action cannot be awarded under the anti-SLAPP statute). Finally, fees

3  are also recoverable for the reasonable time spent seeking an award of statutory attorney's fees.

4  *Ketchum*, 24 Cal. 4th at 1141.

5      Based on the above authorities and the fact that every cause of action alleged in plaintiff's

6  complaint was subject to defendants' successful motion to strike, the Court concludes that defendants

7  are entitled to a mandatory award of attorneys' fees and costs for work reasonably related to their anti-

8  SLAPP motion. This includes defense counsels' time in reviewing the initial and amended complaint,

9  communication with plaintiff regarding their intent to file a special motion to strike if plaintiff did not

10  dismiss her complaint, the time drafting the pleadings for the anti-SLAPP motion, and the time related

11  to seeking fees. The Court also finds that the hourly rates requested by counsel are reasonable and

12  within the range of billing rates for attorneys performing comparable work.

13      Finally, the Court has considered the specific time records submitted by defendants' counsel –

14  as well as plaintiff's argument that the time entries show "padding" – and concludes that the majority

15  of the time claimed by defense counsel was reasonably necessary to litigate the anti-SLAPP motion and

16  the fee motion. Defense counsel spent 89 hours of time preparing for and litigating the anti-SLAPP

17  motion. While that amount of time appears to be high, the Court recognizes that a significant

18  evidentiary record had to be built (relying on court and other public records regarding plaintiff's prior

19  landlord tenant disputes) in order to support defendants' fair and true report privilege claim. Moreover,

20  the billing records submitted are supported by specific descriptions of the work completed by each

21  attorney and paralegal, and there does not appear to be any "padding" as alleged by plaintiff. *But see*

22  *Christian Research Inst. v. Alnor*, 165 Cal App 4th 1315, 1326 (2008) (substantial evidence supported

23  trial court's conclusion that the billing hours counsel submitted were vague, unreasonably padded, and

24  noncredible, thereby justifying a severe reduction).

25      However, the Court finds evidence of some unnecessary duplication, as reflected by the time

26  records for the associates responsible for drafting the briefs and the partner reviewing and editing them

27  – both on the substantive motion to strike as well as the motion for attorneys fees. There is no evidence

28  that defense counsel have already exercised billing discretion to take into account such duplication. As

2

Exhibit 2

- 35 -

Case3:12-cv-03782-WHA   Document39-2   Filed01/11/12   Page36 of 136

United States District Court
For the Northern District of California

1    such, the Court finds a 10% reduction in the lodestar is appropriate.

2        Finally, plaintiff complains that defendants should not be awarded fees for defense counsels'

3    time that was not billed to them. *See, e.g.*, Ex. A to Declaration of Thomas Burke (listing separately

4    "unbilled" and "billed" totals). However, simply because defendants did not pay some portion of the

5    fees incurred by defense counsel for their representations does not mean they are not recoverable. *See,*

6    *e.g., Lolley v. Campbell*, 28 Cal. 4th 367, 373 (2002) ("California courts have routinely awarded fees

7    to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship,

8    although the party did not have a personal obligation to pay for such services out of his or her own

9    assets."); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 287 (Cal. App. 2001) (section 425.16 and case law

10   "support the recovery of attorney fees that have accrued in representing the defendants here,

11   notwithstanding counsel's agreement not to look to defendants for payment.").

12       For the foregoing reasons, defendants' motion for attorneys fees and costs is GRANTED.

13   Defendants are awarded $30,613.50 in fees and $5,747.50 in costs.

18   **IT IS SO ORDERED.**

20   Dated: December 19, 2011

         _Susan Illston_
         SUSAN ILLSTON
         United States District Judge

3

Exhibit 2
- 36 -

# EXHIBIT C

Exhibit 2

- 37 -



**Davis Wright Tremaine** LLP

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

Thomas R. Burke
Tel: 415.276.6552
Fax 415.276.6599

Email: thomasburke@dwt.com

August 31, 2012

*Via Email and U.S. Mail*

Gwendolyn Smith
4207 S.E. Woodstock Blvd. #107
Portland, Oregon 97206
juredoc@gmail.com

    Re:    <u>Smith v. Payne et al.</u>, **Northern District of California Case No. 4:12-cv-01732-DMR**

Dear Ms. Smith:

On behalf of our clients, The Press Democrat and its reporter, Paul Payne, we write to respond to the filing of your latest lawsuit. We request that you voluntarily withdraw this motion promptly. If you do not do so, we are authorized to file a motion to summarily dismiss this action, order you to pay the attorneys' fees and costs associated with that motion, and to have the Court screen any future lawsuits you seek to file. You <u>already</u> owe The Press Democrat $30,613.50 in fees and $5,747.50 in costs awarded by the Court in the earlier filed action. <u>See</u> 12/19/11 Order in <u>Smith v. The Santa Rosa Press Democrat, et al.</u>, Northern District of California Case No. C11-02411 SI.

**You Are Precluded From Re-Arguing Your Baseless Claims.**

Federal and California courts have been clear that Plaintiffs cannot bring new actions that "involve exactly the same parties and are premised on precisely the same set of facts and circumstances" as the earlier lawsuit. <u>S.C. v. County of Solano</u>, 2010 U.S. Dist. LEXIS 138930, at *8-*9 (E.D. Cal. December 30, 2010). The fact that the later action alleges different claims for relief than the earlier action "does not overcome the strictures of res judicata because "[d]ifferent theories of recovery are not separate primary rights." <u>Id.</u> (dismissing 42 U.S.C. Section 1983 claim that was premised on the same underlying allegations about false imprisonment, defamation and intentional infliction of emotional distress as the previous complaint stricken in state court under California's anti-SLAPP statute) (quoting <u>Manufactured Home Communities Inc. v. City of San Jose</u>, 420 F.3d 1022, 1031-1032 (9th Cir. 2005)). In addition, the granting of an anti-SLAPP motion is "a final determination of the rights of the parties based on the merits" and is entitled to full res judicata effect. <u>Id.</u> <u>Accord</u> <u>Finander v. Eskanos & Adler</u>, 255 Fed. Appx. 192, 192 (9th Cir. Nov. 20, 2007) ("district court properly

Anchorage    New York    Seattle
Bellevue    Portland    Shanghai
Los Angeles    San Francisco    Washington, D.C.

Exhibit 2

- 38 -

Gwendolyn Smith
August 31, 2012
Page 2

dismissed the action on the basis of res judicata because it involved the same claims and parties as a prior state court action that was dismissed on the merits under the [anti-SLAPP] laws").

The Ninth Circuit repeatedly has stated that "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151 (2011) (quoting Tahoe-Sierra Pres. Council v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003)). Accord Western Systems, Inc. v. Ulloa, 958 F.2d 864, 868 (9th Cir. 1992) ("[r]es judicata bars both claims actually litigated and those that arise from the same transaction and could have been litigated in a prior proceeding") (emphasis in original). The most important consideration in whether res judicata bars a subsequent action is whether the two lawsuits "arise out of the same transactional nucleus of facts." Id. Where there "are no real differences" between the "factual predicates" for the two actions, the parties are the same or are in privity, and the court has entered a final judgment in the prior action, res judicata applies. Id. at 1150-1151.

Here, it is undisputed that the parties are the same and that Judge Illston entered a final order on the merits granting defendants Paul Payne and The Press Democrat's special motion to strike your first two complaints. See October 20, 2011 Order Granting Motion to Strike and November 23, 2011 Order Denying Motion to Alter or Amend in Smith v. The Santa Rosa Press Democrat, et al., Northern District Case No. C11-02411SI) (Docket Nos. 33, 39). It is also clear that the two lawsuits concern the same nucleus of operative facts, and that all of your claims arising from these facts were actually litigated or could have been litigated in the prior proceedings.

For example, in your amended complaint in the first lawsuit, you claimed that Paul Payne "physically intruded upon Plaintiff's home on the morning of April 8, 2010." Amended Compl. ¶ 11. In that complaint, you also alleged that "defendants "associated with illegal lessors and deceitful attorneys … to accomplish the unlawful objectives of severely harassing … plaintiff." You also claimed that The Press Democrat was somehow prohibited from reporting on the landlord-tenant lawsuits involving you because they were "confidential." See Order Denying Motion to Alter or Amend at 2 (quoting Smith Decl. ¶¶ 26-27). And you brought claims for "conspiracy" and invasion of privacy premised on "intrusion on solitude," "public disclosure of private facts," and "false light publicity." Amended Compl. ¶ 7.

Judge Illston considered these complaints and rejected them, granting Mr. Payne's and The Press Democrat's special motion to strike your complaint and dismissing the case with prejudice. Judge Illston also considered your motion to amend and denied it as meritless. Your recourse was to appeal both the anti-SLAPP decision and the denial of the motion to amend. But you failed to prosecute that appeal, and the Ninth Circuit dismissed it. See February 17, 2012

Exhibit 2
- 39 -

Gwendolyn Smith
August 31, 2012
Page 3

Order in <u>Smith v. The Santa Rosa Press Democrat, et al.</u>, Ninth Circuit Case No. 11-18060
(dismissing case for failure to file Notice of Appeal within "30 days after district court's
judgment, entered on October 20, 2011, or the order denying reconsideration, entered on
November 23, 2011").[1] Because the prior action was finally decided against you, you cannot
bring a new action premised on the same operative facts, both for the content-related claims and
the conduct-related claims. <u>See</u> Order Granting Motion to Strike at 9 (finding that privacy and
conspiracy claims "rest on the same facts as [your] defamation claim" and "are duplicative and
must be dismissed as well").

 The gravamen of your latest lawsuit is the same complaints from the first lawsuit about
Mr. Payne appearing at your house to attempt to interview you, your hyperbolic allegations about
a purported conspiracy between the newspaper, its reporters and lessors and attorneys, and your
incorrect assertion that The Press Democrat could not report on legal proceedings that you
perceived to be confidential. Judge Illston already found these arguments to be unpersuasive,
and you are not allowed to burden the Court's time and to cause the parties needlessly to spend
more money on another baseless lawsuit arising out of the same facts. Because your latest
lawsuit is barred by res judicata, it will be dismissed with prejudice like the previous one.

 **Your Lawsuit Is Barred By The Statute of Limitations.**

 Because all of the claims in your latest complaint are based on allegations of reputational
harm purportedly caused by publication of articles in The Press Democrat, they are all subject to
a one-year statute of limitations. <u>See</u> <u>Roberts v. McAfee, Inc.</u>, 660 F.3d 1156, 1166 (9th Cir.
2011) (affirming grant of anti-SLAPP motion based on one-year statute of limitations for
defamation and false light claims); <u>McGuiness v. Motor Trend Magazine</u>, 129 Cal. App. 3d 59,
63 (1982) (dismissing negligence claim under one-year statute of limitations because
"[r]egardless of the label which plaintiff chooses, the action is in substance one for libel, and
more importantly, it arises out of a mass communication"). This rule applies to any claim for
unfair business practices, because the California Unfair Competition Law "does not give a
plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of
action by recasting those causes of action as ones for unfair competition." <u>Glenn K. Jackson Inc.</u>
<u>v. Roe</u>, 273 F.3d 1192, 1203 (9th Cir. 2001); <u>see also</u> <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d
1001, 1007 n.3 (9th Cir. 2008) (rejecting attempt "to take advantage of the longer statute of
limitations under [the] UCL [where other] claims would be barred").

 Here, your complaints about "trespass," "assault," "invasion of privacy," "intentional
infliction of emotional distress," "unfair trade practices," and "conspiracy" boil down to the

---

[1] Judge Illston had construed your motion to alter or amend as a motion for reconsideration of
the order granting the anti-SLAPP motion.

DWT 20277602v1 0059240-000002

Exhibit 2

- 40 -

Gwendolyn Smith
August 31, 2012
Page 4

following: you are upset that Mr. Payne arrived at your home to seek comment for an article in
The Press Democrat, reported on a lawsuit involving you that you perceived to be confidential,[2]
and included comments in the articles from landlords and attorneys that you dislike, all of which
purportedly caused you reputational harm. See Compl. ¶¶ 8-34. Thus, however you label your
claims, they are still subject to the one-year statute of limitations because they are premised on
alleged reputational harm. See Cal. Code of Civil Procedure § 340.[3] Since The Press Democrat
published the articles in question in 2010, and you filed this lawsuit in 2012, your lawsuit is
barred by the applicable statute of limitations.

**You Risk Having Yourself Declared A Vexatious Litigant By Continuing With This
Lawsuit.**

The Ninth Circuit has long recognized that "[t]here is strong precedent establishing the
inherent power of federal courts to regulate the activities of abusive litigants by imposing
carefully tailored restrictions under appropriate circumstances." DeLong v. Hennessey, 912 F.2d
1144, 1147 (9th Cir. 1990). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts
have "the inherent power to enter pre-filing orders against vexatious litigants. Molski v.
Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing Weissman v. Quail Lodge
Inc., 179 F.3d 1194, 1197 (9th Cir. 1999).

Courts have declared a plaintiff to be a vexatious litigant where the plaintiff attempted to
"re-litigate" the prior action and brought the second action "with the intent to harass the
defendants in this case." Shafter v. HSBC Bank USA, 2007 U.S. Dist. LEXIS 15400, at *18-*19
(N.D. Cal. Feb. 21, 2007) (basing vexatious litigant order on plaintiff's filing pleadings that
"contain unsupported allegations and personal attacks on defendants," and noting that plaintiff
"does not have the right to file the same claims over and over again"). Id. at *19-*20. In
Shafter, the court's vexatious litigant order prevented plaintiff from filing a new lawsuit against
the same defendants unless she filed an application that establishes new issues that could not
have been raised in the previous action. Id. at *20-*21. The court also required that plaintiff file

---

[2] Judge Illston already ruled that the articles are protected by the fair and true report privilege
codified in Civil Code § 47(d) regardless of whether the proceedings were confidential. See
Order Granting Motion to Strike at 7-8.

[3] For example, your intentional infliction of emotional distress claim is based on purported harm
"by prematurely publicizing the particulars of a still pending matter under seal in a deeply
misleading manner." Compl. ¶ 36. Likewise, your unfair business practices claim is based on
"stories that Defendant Payne wrote and Defendant PD ran...." Compl. ¶ 47. Because these
complaints are about purported damage from publications, you must satisfy the one-year statute
of limitations for you to proceed on them.

DWT 20277602v1 0059240-000002

Exhibit 2

- 41 -

Gwendolyn Smith
August 31, 2012
Page 5

a proposed complaint with the application and a declaration providing a good faith basis for concluding she can obtain the evidence necessary to support the allegations. Id. And the court also stated that the court, in its discretion, may require "plaintiff post a bond in the amount of the fees and costs that the defendants will likely incur in defending against the action." Id. "If the defendants prevail in the action, they will be entitled to be compensated out of this bond for the fees and costs incurred in defending against plaintiff's action, notwithstanding any other provisions of the state or federal law limiting the right to recover attorneys' fees and costs." Id. See also Beauregard v. Lewis County, 2011 U.S. Dist. LEXIS 96762 (W.D. Wash. Aug. 29, 2011) (declaring plaintiffs vexatious litigants based on filing of previous duplicative lawsuits).

Here as in the above cases, you are obviously attempting to re-litigate the issues raised in the prior action and have brought this second action with the intent to harass defendants in this case. You do not have the right to file a lawsuit complaining about a reporter's appearance at your house seeking an interview and then file a second lawsuit based on the same factual allegations. Nor do you have the right to make wildly unfounded conspiracy claims about a purported "conspiracy" between The Press Democrat, its reporter, and the landlords and lawyers quoted in articles reporting on the various landlord-tenant proceedings involving you. Not only are such allegations implausible and unsupported, but you already made the same allegations in the prior litigation, and Judge Illston rejected them. If you do not voluntarily dismiss this action promptly, we will ask the Court to enter a vexatious litigant order barring you from bringing complaints against Mr. Payne and The Press Democrat unless you meet the requirements outlined in Shafter.

Please carefully review this matter. If you do not voluntarily request that the Court dismiss this matter by the close of business on September 7, 2012, we will proceed as described.

Very truly yours,

Davis Wright Tremaine LLP

*Thomas R. Burke* [88]

Thomas R. Burke

DWT 20277602v1 0059240-000002

Exhibit 2

- 42 -

# EXHIBIT D

Exhibit 2

- 43 -

**From:** Glasser, Jeffrey
**Sent:** Wednesday, January 02, 2013 3:36 PM
**To:** juredoc@gmail.com
**Cc:** Burke, Thomas
**Subject:** Smith v. Payne, et al.

Ms. Smith:

By now you are probably aware that the district court granted our anti-SLAPP motion. As we have repeatedly explained to you, the granting of the anti-SLAPP motion triggers an obligation by you and your son to pay the attorneys' fees and costs that our clients have incurred in responding to your meritless lawsuit. See Cal. Civ. Proc. Code Section 425.16(c). Our clients are willing to forego obtaining another fee award against you and your son if you and your son will agree not to appeal the ruling and if you and your son agree to stop filing lawsuits against The Press Democrat and related entities. Because we have a short time frame in which to bring a fee motion, we need a response from you by the close of business on January 3. If you do not respond, you and your son will be responsible not only for the fees our clients accrued in successfully bringing the anti-SLAPP motion, but also for all fees and costs associated with a fee motion.

Sincerely,

Jeff Glasser

# Exhibit 3

Exhibit 3

- 45 -

THOMAS R. BURKE (State Bar No. 141930)
JEFF GLASSER (State Bar No. 252596)
JONATHAN SEGAL (State Bar No. 264238)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com; jeffglasser@dwt.com; jonathansegal@dwt.com

Attorneys for THE PRESS DEMOCRAT DEFENDANTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GWENDOLYN SMITH On Behalf of herself and her minor child Zeus Harrison Smith, <br><br> Plaintiff(s), <br><br> v. <br><br> THE SANTA ROSA PRESS DEMOCRAT, pressdemocrat.com, PAUL PAYNE, CATHERINE BARNETT, and BRUCE KYSE, <br><br> Defendant(s). | Case No. **CV11-2411-SI** <br> Assigned to the Hon. Susan Illston <br><br> **THE PRESS DEMOCRAT DEFENDANTS' NOTICE OF MOTION AND MOTION TO RECOVER ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF THOMAS R. BURKE WITH EXHIBITS A-C** <br><br> Date: December 16, 2011 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 10, 19th Floor |

DAVIS WRIGHT TREMAINE LLP

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No.: CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3
- 46 -

# TABLE OF CONTENTS

I.    INTRODUCTION AND FACTUAL BACKGROUND ........................................................ 1

II.   FEE SHIFTING IS MANDATORY IN THIS CASE.......................................................... 2

III.  COURTS HAVE AFFIRMED LARGER FEE AWARDS UNDER SECTION 425.16(**c**) .... 5

IV.  The PRESS DEMOCRAT DEFENDANTS ARE ALSO ENTITLED TO RECOVER ATTORNEYS' FEES FOR THIS MOTION............................................................................ 6

V.   CONCLUSION ............................................................................................................ 6

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3

1   TO PLAINTIFFS GWENDOLYN SMITH AND ZEUS SMITH:

2          PLEASE TAKE NOTICE that on December 16, 2011, or as soon thereafter as counsel

3   may be heard in the Courtroom 10 of the Honorable Susan Illston, located at 450 Golden Gate

4   Avenue, San Francisco, CA 94102, Defendants NYT Management Services, Inc. (incorrectly sued

5   as the "Santa Rosa Press Democrat"), Paul Payne, Catherine Barnett, and Bruce Kyse ("The Press

6   Democrat Defendants"), will and hereby do move this Court, pursuant to the mandatory fee-

7   shifting provision of Code of Civil Procedure Section 425.16(c), for an order requiring Plaintiff

8   Gwendolyn Smith ("Smith") to reimburse The Press Democrat Defendants for at least

9   $34,015.00 in attorneys' fees incurred in connection with its successful Special Motion to Strike,

10  and to prepare this Motion for Award of Mandatory Attorneys' Fees and Costs ("this Motion").

11  The total amount of fees and costs that The Press Democrat Defendants seek (including time billed

12  to prepare this Motion to Recover Attorneys' Fees and the Reply and to attend any hearing on this

13  Motion) will be set forth in a supplemental declaration that will be filed concurrent with their

14  Reply brief.

15         This Motion is made on the grounds that The Press Democrat Defendants are the

16  "prevailing defendant[s]" under Code of Civil Procedure Section 425.16(c), which mandates that

17  "a prevailing defendant on a special motion to strike shall be entitled to recover his or her

18  attorneys' fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). On October 10,

19  2011, this Court entered an order granting The Press Democrat Defendants' Special Motion to

20  Strike Smith's Complaint. Counsel for The Press Democrat Defendants attempted to reach

21  Plaintiffs regarding the attorneys' fees and costs incurred, but Plaintiffs did not respond.

22  Consequently, The Press Democrat Defendants are now entitled to recover the fees and costs

23  sought in this Motion, which were incurred as a consequence of being forced to defend against

24  Plaintiffs' lawsuit.

25         These grounds are amplified and explained in the attached Memorandum of Points and

26  Authorities. This Motion also is based on the attached Declaration of Thomas R. Burke with

27  Exhibits A-C; on all pleadings, papers, records, and files in this case; and on such other argument

28  as may be presented to the Court at the hearing on this Motion.

DAVIS WRIGHT TREMAINE LLP

1
The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002          Exhibit 3

- 48 -

The Press Democrat Defendants, therefore, respectfully request that the Court grant this Motion and award $34,015.00 in attorneys' fees incurred thus far in connection with their successful Special Motion to Strike, Reply, and Opposition to Plaintiffs' Ex Parte Application, as well as an amount to be determined in attorneys' fees incurred to prepare the fee briefing and to appear at the hearing on the fee Motion.

DATED:  November 3, 2011

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JEFF GLASSER
JONATHAN SEGAL

By:    /s/ Thomas R. Burke
            Thomas R. Burke

Attorneys for The Press Democrat Defendants

DAVIS WRIGHT TREMAINE LLP

2

Exhibit 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION AND FACTUAL BACKGROUND

California Code of Civil Procedure Section 425.16(c) provides that "a prevailing defendant on a special motion to strike <u>shall be entitled</u> to recover his or her attorneys' fees and costs." (emphasis added).  The California Supreme Court has made clear that this fee-shifting provision is mandatory.  In <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131-32 (2001), the court emphasized that "[a]ny SLAPP defendant who brings a successful motion to strike is entitled to <u>mandatory</u> attorney fees." (emphasis added). The fee provision of the anti-SLAPP statute is not a discretionary sanction, but rather a mandatory fee-shifting provision designed to protect First Amendment rights.  <u>Id</u>.  "The attorneys' fees provision of Section 425.16 also applies in federal court, and … an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted."  <u>eCash Technologies v. Guagliardo</u>, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2000) (emphasis added). <u>See also</u> <u>Verizon Delaware v. Covad Comm'ns</u>, 377 F.3d 1081, 1091 (9th Cir. 2004) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail").  Based on this authority, Plaintiffs Gwendolyn Smith and Zeus Harrison Smith are now required to reimburse The Press Democrat Defendants for their attorneys' fees and costs incurred in connection with The Press Democrat Defendants' successful Special Motion to Strike Smith's defamation and false-light lawsuit.

Smith had every opportunity to avoid this result.  She chose to file a baseless defamation action and ignored opposing counsel's detailed explanation that The Press Democrat Defendants' news coverage was protected by several privileges (including one <u>absolute</u> privilege under Cal. Civ. Code § 47(d)) in addition to other settled legal defenses.  Declaration of Thomas R. Burke ("Burke Decl."), ¶ 2 & Ex. A.  Opposing counsel also warned Plaintiffs that should they proceed with their lawsuit and lose the anti-SLAPP motion, they would have to reimburse The Press Democrat Defendants' attorneys' fees and costs.  <u>Id</u>.

On October 10, 2011, this Court entered an order granting The Press Democrat Defendants' Special Motion to Strike Smith's Complaint.  Smith now must reimburse The Press

DAVIS WRIGHT TREMAINE LLP

1

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3

- 50 -

Democrat Defendants for the attorneys' fees and costs they reasonably incurred in connection with its successful dismissal of this case. By this Motion, The Press Democrat Defendants seek an award of $34,015.00 in attorneys' fees incurred in successfully defending this action, as well as the fees incurred to do the fee briefing and any hearing on the fee Motion. Burke Decl., ¶ 2, Ex. A.[1] As discussed below, The Press Democrat Defendants' request is reasonable, based on the time and expertise that was required to address the multitude of claims asserted in Plaintiffs' lawsuit. Consequently, The Press Democrat Defendants' fee request should be granted in full.

## II. FEE SHIFTING IS MANDATORY IN THIS CASE.

Because Section 425.16(c) requires a mandatory fee award to successful defendants, the only issue before this Court is the amount of fees that The Press Democrat Defendants should be awarded. Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 658-59 (1996), disapproved on other grounds, Equilon Enterprises, LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 68 n.5 (2002). See also Ryan v. Editions Ltd. West, Inc., Case No. C 06-04812, 2011 U.S. Dist. LEXIS 81917, at *6 (N.D. Cal. July 27, 2011) ("An award of attorney's fees to a prevailing party on a special motion to strike is mandatory.")

As the California Supreme Court has explained, calculating the amount to be awarded under Section 425.16 begins by deciding the "lodestar," defined as the "number of hours reasonably expended multiplied by the reasonably hourly rate[.]" Ketchum, 24 Cal. 4th at 1134. See also Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1185 (S.D. Cal. 2008) (a reasonable fee is determined by reference to the lodestar figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate) (quotations omitted).

When deciding whether a SLAPP defendant's fee request is "reasonable," a court "may and should consider 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded; the intricacies and importance of the litigation, the labor and necessity for skilled legal

---

[1] The total amount of fees and costs that The Press Democrat Defendants seek (including time billed to prepare this Motion to Recover Attorneys' Fees and the Reply and to attend any hearing on this Motion) will be set forth in a supplemental declaration that will be filed concurrent with their Reply brief.

training and ability in trying the case, and the time consumed.'" Church of Scientology, 42 Cal. App. 4th at 659 (ellipses and citations omitted); See also Zamani v. Carnes, Case No. C-03-00852, 2009 U.S. Dist. LEXIS 80337, at *7 n.1 (N.D. Cal. Aug. 21, 2009) ("Other potential factors in determining the reasonableness of the fees include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or the circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.") Applying these criteria, The Press Democrat Defendants' requested fees and costs are entirely reasonable.

First, the litigation involved important constitutional and statutory issues involving news reporting by The Press Democrat about the extraordinary landlord-tenant disputes involving Plaintiffs. By securing the speedy dismissal of this lawsuit, The Press Democrat Defendants have helped to preserve the ability of reporters and publishers to continue to report important news developments to the public without the chill of litigation. This Court's order striking Plaintiffs' Complaint against The Press Democrat Defendants, together with a mandatory fee award under Section 425.16, will hopefully discourage Smith and her son and other like-minded plaintiffs from seeking to punish the media for truthfully reporting on allegations made in court proceedings that they hope would not be known to the public.

Second, The Press Democrat Defendants and their counsel handled the case efficiently and economically. The Press Democrat Defendants' counsel has extensive "experience in th[is] particular type of work." Church of Scientology, 42 Cal. App. 4th at 659. Mr. Burke has concentrated his practice in First Amendment issues for more than two decades. Burke Decl., ¶ 3. He has litigated hundreds of anti-SLAPP motions, and is knowledgeable about the anti-SLAPP statute and about the constitutional and statutory defenses asserted in The Press Democrat Defendants' Special Motion to Strike. Id. at ¶ 4. Mr. Burke's rate of $465 per hour is reasonable

DAVIS WRIGHT TREMAINE LLP

3

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3

- 52 -

and well within the rates charged by partners in the San Francisco Bay Area for this kind of legal work.  Mr. Glasser is a 2007 graduate of the University of California, Berkeley School of Law, who has concentrated on intellectual-property and First Amendment litigation throughout his nearly four-year tenure at Davis Wright Tremaine LLP.  Id. ¶ 6.  He has successfully litigated numerous anti-SLAPP motions.  Id.  His rate of $325 per hour is also reasonable and within the rates charged by associates for this kind of legal work in the Bay Area.  Id.

Defense counsel's substantial experience reduced the total amount of time and money expended on this case.  Moreover, the hourly rates charged by these lawyers, notwithstanding their years of experience, is comparable to, if not below the current market rate in the Bay Area for lawyers of comparable experience.  Burke Decl. ¶¶ 5-6.[2]

Third, The Press Democrat Defendants' request is reasonable because of the "success of [their] attorney's efforts."  Church of Scientology, 42 Cal. App. 4th at 659.  This Court accepted The Press Democrat's legal arguments and granted their Special Motion to Strike Plaintiffs' Complaint in its entirety.  The Court also rejected Plaintiffs' Ex Parte Application seeking to stay the Special Motion to Strike so that Plaintiffs could take discovery, finding that Plaintiffs did not establish good cause for any such discovery.

Fourth, the "amount" of litigation and the "time consumed" were increased by Plaintiffs' own conduct.  Church of Scientology, 42 Cal. App. 4th at 659.  Plaintiffs ignored The Press Democrat Defendants' early warning that they would be liable for The Press Democrat Defendants' fees if Plaintiffs pursued their meritless claims and refused to dismiss their Complaint before the Special Motion to Strike was filed.  Burke Decl. ¶ 8.  Moreover, Plaintiffs applied ex parte to stay the proceedings on the Press Democrat Defendants' Special Motion to Strike until Plaintiffs took discovery, which the Press Democrat Defendants also had to spend time to successfully oppose.  Plaintiffs must now pay for this ill-advised litigation.  As the California Supreme Court explained, "[t]he amount of litigation … typically lies in the plaintiff's hands; having litigated the matter tenaciously," a plaintiff "cannot be heard to complain about the time

---

[2] A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

4

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3

- 53 -

DAVIS WRIGHT TREMAINE LLP

necessarily spent by the defendant in response." Ketchum, 24 Cal. 4th at 1141 (ellipses and brackets omitted).

Finally, an award of the entire amount of fees requested in this case is consistent with the policy behind the statute; namely, to discourage meritless litigation that threatens to chill the exercise of free speech rights concerning issues of public interest and public controversies. As the California Supreme Court explained in Ketchum, the SLAPP fee award is designed to discourage anti-speech litigation "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional right[] of freedom of speech' . . . and to encourage private representation in SLAPP cases." 24 Cal. 4th at 1139. "[T]he legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech . . . , by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." Id. at 1136.

For each of these reasons, the Court should grant The Press Democrat Defendants' fee request in full.

## III.   COURTS HAVE AFFIRMED LARGER FEE AWARDS UNDER SECTION 425.16(c).

The hourly rates for The Press Democrat Defendants and their counsel, and their total fee request, are considerably less than many fee awards that have been granted in other SLAPP cases. For example, in 2002, a United States District Court awarded a prevailing defendant $318,687.99 in attorneys' fees under Section 425.16(c), including $230,982.50 for legal work done before appeal, based on 1999 rates. Metabolife International, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002). In 2001, the California Supreme Court affirmed more than $70,000 in attorneys' fees for a prevailing defendant, not including the multiplier for contingency work. Ketchum, 24 Cal. 4th at 1139. See also Rosenaur v. Scherer, 88 Cal. App. 4th 260, 281 (2001) (Court of Appeal affirmed an award of over $65,000 to a prevailing defendant); Church of Scientology, 42 Cal. App. 4th at 659 (Court of Appeal affirmed an award of over $130,000 to a prevailing defendant in a SLAPP case). For a further example, consider Streisand v. Adelman

5

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3
- 54 -

DAVIS WRIGHT TREMAINE LLP

(Los Angeles Superior Court Case No. SC077257), where the court found that the following *2003* hourly billing rates for defense counsel were reasonable for a successful anti-SLAPP motion: $575 for a senior partner, $425 for a partner, and $275 for an associate. Burke Decl., Ex. C. The court also concluded that 417.60 hours and $177,000 in fees reasonably were incurred by the lawyers who researched and drafted the motion and supplemental briefing, and attended several hearings. Id.

As these cases demonstrate, The Press Democrat Defendants' fees request is extremely reasonable.

## IV. THE PRESS DEMOCRAT DEFENDANTS ARE ALSO ENTITLED TO RECOVER ATTORNEYS' FEES FOR THIS FEE MOTION.

The California Supreme Court has made clear that successful SLAPP defendants are entitled to "compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." Ketchum, 24 Cal. 4th at 1141 (emphasis added).

The fees that The Press Democrat Defendants incurred in preparing this Motion, including time spent drafting the Motion and preparing the supporting materials might have been avoided had Plaintiff simply cooperated. Plaintiffs did not respond to email requests to discuss resolution of The Press Democrat Defendants' attorneys' fees. (Burke Decl. ¶ 9). Consequently, The Press Democrat Defendants should be awarded the entire amount of fees and costs incurred in preparing this Motion, as well as fees incurred in preparing its Reply and for counsel to attend the hearing on this Motion, should the Court require a hearing. The Press Democrat Defendants will file a supplemental Declaration with the fees incurred for the fee briefing and to attend any hearing on the fees Motion with their Reply.

## V. CONCLUSION

For all of the above-described reasons, The Press Democrat Defendants respectfully request that the Court grant this Motion and award its attorneys' fees and costs incurred thus far in connection with its successful Special Motion to Strike and this Motion, as well as any fees that

6

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3

- 55 -

DAVIS WRIGHT TREMAINE LLP

The Press Democrat Defendants will incur in preparing the Reply Brief and appearing at the hearing on this Motion.

DATED: November 3, 2011

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
JEFF GLASSER
JONATHAN SEGAL

By: ___/s/ Thomas R. Burke___
　　　　　　　　　Thomas R. Burke

Attorneys for The Press Democrat Defendants

DAVIS WRIGHT TREMAINE LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

The Press Democrat Defendants' Notice of Motion and Motion to Recover Attorneys' Fees
Case No. CV11-2411-SI
DWT 18470121v2 0059240-000002

Exhibit 3
- 56 -

# DECLARATION OF THOMAS R. BURKE

I, Thomas R. Burke, declare:

1.     I am an attorney admitted to practice before all the courts in the State of California and before this Court. I am a partner in the law firm of Davis Wright Tremaine LLP and am lead counsel for The Press Democrat Defendants in this matter. The matters stated herein are true of my own personal knowledge, except for those matters expressly stated on information and belief, which matters I believe to be true. I make this declaration in support of The Press Democrat Defendants' Motion for Attorneys' Fees and Costs.

2.     During the pendency of this case, the Press Democrat Defendants incurred approximately $34,015.00 in fees and costs associated with preparing the anti-SLAPP motion, reply, and ex parte opposition. Attached as **Exhibit A** is a spreadsheet showing the contemporaneous billing records that were maintained by the Davis Wright Tremaine LLP attorneys who worked with me on this case. Certain entries in this spreadsheet have been redacted to protect attorney-client privileged communications but in all instances, the communications involved work related to The Press Democrat Defendants' successful motion. In its consideration of this motion, should the Court require more information regarding these few redactions, without waiving the privilege, upon request, The Press Democrat Defendants will arrange to provide further non-privileged descriptions of the work performed for these entries.

3.     I majored in journalism at Arizona State University where I graduated *magna cum laude* in 1984. In law school I was an extern law clerk for the Honorable U.S. District Judge Marilyn Hall Patel. I graduated *magna cum laude* in 1989 from the University of San Francisco School of Law and have been in private practice with a concentration on media law and First Amendment matters since entering private practice that year. Since the Fall of 2002, I have also been a Lecturer in Media Law and First Amendment issues at the Graduate School of Journalism at the University of California at Berkeley. I have served as a legal advisor to the First Amendment Coalition since 1990 and held similar capacities with other non-profit news organizations including my current work with the Center for Investigative Reporting in Berkeley. I regularly represent publishing and media and entertainment clients including the McClatchy

1

DECLARATION OF THOMAS R. BURKE

Company, *The New York Times, The Bakersfield Californian, The Los Angeles Times,* CNN, CBS, NBC, and others. A true and correct copy of my current biography is available at http://www.dwt.com/People/ThomasRBurke.

4.       Over the years, I have litigated hundreds of successful special motions to strike under California's anti-SLAPP statute. I was involved in appellate court proceedings in 1993 involving one of the first applications of California's anti-SLAPP statute. In 2007, I successfully represented the defendants in <u>Taus v. Loftus,</u> an anti-SLAPP case in which our clients successfully petitioned and obtained review by the California Supreme Court and later received a fee award of $241,872.23. My colleagues and I also successfully represented the defendants in <u>Club Members for an Honest Election v. Sierra Club,</u> 45 Cal. 4th 309 (2008) and <u>Simpson Strong-Tie Co., Inc. v. Gore,</u> 49 Cal.4th 12 (2010), two California Supreme Court decisions that narrowly construed the "public interest" and "commercial speech" exemptions to the anti-SLAPP statute so as to broadly construe Code of Civil Procedure Section 425.16. I am also currently under contract with The Rutter Group to write a legal guide to California's anti-SLAPP Statute.

5.       My discounted hourly billing rate for The Press Democrat Defendants in this action is $465. My clients enjoy this discounted rate because of our long-standing business relationship. Over the years, I have served in various management capacities within my law firm and am currently co-chair of the firm's national media law practice, which includes more than 60 lawyers who practice media law in offices throughout the country. In this capacity, I am personally familiar with the billing rates of lawyers in private practice in the Bay Area and in particular, the regular billing rates of those lawyers who regularly handle First Amendment and media law matters. Based on this insight, I believe that my discounted billing rate is well below the hourly rate charged by other attorneys in the Bay Area with similar practices and experience. The overall fees incurred in this matter and the hourly rates charged to The Press Democrat Defendants were reasonable and comparable to other attorneys with our level of experience in the Bay Area.

6.       I was assisted in this litigation by Davis Wright Tremaine LLC associates Jeff Glasser, as well as paralegal Kristina Roth. Mr. Glasser's regular hourly rate is $325. Davis

2

DECLARATION OF THOMAS R. BURKE

Wright Tremaine associate Jonathan Segal also assisted in the preparation of this fees motion. His regular hourly rate is $310. Bios for these lawyers are available at http://www.dwt.com/People/JeffGlasser and http://www.dwt.com/People/JonathanSegal. The rates and hours charged by these professionals are also well within the hourly rates charged by similarly experienced attorneys in the Bay Area.

7. The total amount of fees and costs that The Press Democrat Defendants seek (including time billed to prepare this Motion to Recover Attorneys' Fees and the Reply and to attend any hearing on the fee Motion) will be set forth in a supplemental declaration that will be filed concurrent with their Reply brief.

8. Plaintiff had the opportunity to spare herself costs. For example, on July 26, 2011, I sent a letter to Ms .Smith, using Federal Express, to the address shown on her Complaint, apprising her of her claims' weaknesses and offering an opportunity for her to dismiss the case. A true and correct copy of that letter is attached to this Declaration as **Exhibit B.**

9. After this Court granted The Press Democrat Defendants' Special Motion to Strike and before work began on this motion, I twice emailed Ms. Smith asking her to contact me about the Court's order so as to discuss the resulting attorneys' fees that The Press Democrat Defendants had incurred. The emails, sent on October 20, and 21, 2011 to juredoc@gmail.com, did not elicit any response. I did not receive any notice that the emails could not be delivered or that the email account was no longer operating. I do not have a telephone number for Ms. Smith. Previous Federal Express deliveries to the addresses reflected in the Court's records for Plaintiffs have been returned as un-deliverable.

10. Attached as **Exhibit C** is a true and correct copy of "Ruling on Submitted Matters: Motion to Tax Costs and Motions for Attorneys' Fees," a court order entered on May 10, 2004, by Los Angeles County Superior Court Judge Allan J. Goodman in *Barbra Streisand v. Kenneth Adelman, et al.*, SC077257. Judge Goodman's Order found the following hourly rates for Irell & Manella counsel on media-related privacy litigation in 2003 to be reasonable: $575 for senior partner Richard Kendall; $425 for partner Laura Seigle; $275 for associate attorney Chris Newman. The Court also found that 417.60 hours and $177,000 in fees reasonably were spent by

3

DECLARATION OF THOMAS R. BURKE

Exhibit 3

- 59 -

1  Irell lawyers researching and drafting preparing the successful anti-SLAPP motion and
2  supplemental briefing, and attending several hearings.
3       I declare under penalty of perjury under the laws of the State of California that the
4  foregoing is true and correct and that this Declaration was executed this Third day of November
5  2011, at San Francisco, California.

6
7                                                    _____
                                                       /s/ Thomas R. Burke
                                                        Thomas R. Burke
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                              4
DECLARATION OF THOMAS R. BURKE

DWT 18476456v2 0059240-000002          Exhibit 3

# Exhibit A

Exhibit 3

- 61 -

| Date | Initials | Name / Invoice Number | Hours | Amount | Description |
|---|---|---|---|---|---|
| 7/23/2011<br>8/16/2011 | BURKT | Thomas Burke<br>Invoice=5998065 | 3.3 | $ 1,534.50 | Analysis of plaintiff's complaint, federal docket information and underlying articles published by The Press Democrat; prepare demand letter to Plaintiff (outlining her liability for newspaper's anti-SLAPP attorneys' fees); prepare Answer to complaint |
| 7/25/2011<br>8/16/2011 | BURKT | Thomas Burke<br>Invoice=5998065 | 1.4 | $ 651.00 | Revise draft demand and Answer and provide background to J. Glasser regarding |
| 7/25/2011<br>8/16/2011 | GLASJ | Jeffrey D. Glasser<br>Invoice-5998065 | 0.1 | $ 32.50 | Call with T. Burke regarding |
| 7/26/2011<br>8/16/2011 | GLASJ | Jeffrey D. Glasser<br>Invoice-5998065 | 0.2 | $ 65.00 | Call with T. Burke regarding |
| 7/26/2011<br>8/16/2011 | BURKT | Thomas Burke<br>Invoice=5998065 | 2.6 | $ 1,209.00 | Further revise and edit draft Answer and anti-SLAPP demand letter to Ms. Smith; conference with Mr. McCraw regarding' provide further background to J. Glasser re |
| 7/27/2011<br>8/16/2011 | BURKT | Thomas Burke<br>Invoice=5998065 | 0.5 | $ 232.50 | Revise and finalize required certificate of interested parties and The Press Democrat's Answer to Plaintiff's Complaint for defamation and exchange of communications with Mr. McCraw |
| 7/28/2011<br>8/16/2011 | GLASJ | Jeffrey D. Glasser<br>Invoice-5998065 | 0.2 | $ 65.00 | Revise Answer and Certificate of Interested Parties in Smith v. The Press Democrat and related conferring with T. Burke |
| 7/29/2011<br>8/16/2011 | GLASJ | Jeffrey D. Glasser<br>Invoice-5998065 | 3.3 | $ 1,072.50 | Confer with N. Majorko and R. Wilcox regarding (.1); research and draft anti-SLAPP motion (3.2) |

Exhibit 3

- 62 -

| Date | Attorney / Invoice | Hours | Amount | Description |
|---|---|---|---|---|
| 8/8/2011 GLASS 9/19/2011 | Jeffrey D. Glasser Invoice=6007015 | 4.3 | $ 1,397.50 | Research and draft anti-SLAPP motion in Smith v. Press Democrat case |
| 8/9/2011 GLASS 9/19/2011 | Jeffrey D. Glasser Invoice=6007015 | 2.7 | $ 877.50 | Further research and draft anti-SLAPP motion in Smith v. Press Democrat case |
| 8/12/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 0.3 | $ 139.50 | Attention issues regarding Special Motion to Strike and provide further direction to J. Glasser |
| 8/15/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 2.1 | $ 976.50 | Initial review and analysis of draft Special Motion to Strike for revisions to same |
| 8/16/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 1.2 | $ 558.00 | Further analysis of factual issues regarding draft Special Motion to Strike and follow-up conference with Mr. Payne |
| 8/23/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 2.9 | $ 1,348.50 | Prepare factual evidence for anti-SLAPP motion (1.30); review and analysis of Ms. Smith's amended complaint and update Mr. McCraw (1.60) |
| 8/24/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 0.9 | $ 418.50 | Telephone conference with Mr. Payne regarding |
| 8/26/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 2.2 | $ 1,023.00 | Further review and revise draft Special Motion to Strike in light of plaintiff's amended complaint |
| 8/31/2011 BURKT 9/19/2011 | Thomas Burke Invoice=6007015 | 1.6 | $ 744.00 | Further revise the memorandum of points and authorities in support of The Press Democrat's Special Motion to Strike |
| 9/2/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | 0.8 | $ 372.00 | Confirm filing status of plaintiffs' amended complaint (.20); review evidence for Payne declaration (.60) |
| 9/3/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | 4.7 | $ 2,185.50 | Further revise memorandum of points and authorities in support of anti-SLAPP motion and develop retraction, actual malice and additional legal defenses |

Exhibit 3

| Date | Timekeeper | Invoice | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/4/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | | 1.2 | $ 558.00 | Further revise anti-SLAPP memorandum of points and authorities and outline potential declarations needed to support same |
| 9/6/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | | 1.4 | $ 651.00 | Update Mr. McCraw regarding (.20); further revise draft declarations in support of motion and confer with Mr. McCraw regarding (1.20) |
| 9/6/2011 ROTHK 10/19/2011 | Kristina R. Roth Invoice=6014109 | | 1.9 | $ 237.50 | Cite check Smith Anti-SLAPP motion per J. Glasser |
| 9/7/2011 ROTHK 10/19/2011 | Kristina R. Roth Invoice=6014109 | | 2.6 | $ 325.00 | Continue cite check regarding SLAPP motion per J. Glasser |
| 9/7/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | | 0.9 | $ 418.50 | Revise declaration of Paul Payne in support of Special Motion to Strike (.60); exchange of communications with Mr. McCraw regarding (.30) |
| 9/8/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | | 3.2 | $ 1,488.00 | Telephone conference with Mr. McCraw regarding edits to memorandum of points and authorities in support of Special Motion to Strike (.60); series of telephone conferences with Mr. Payne regarding . (1.60); further revise order and arguments in memorandum (1.00) |
| 9/9/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | | 2.9 | $ 1,348.50 | Review edits to and further confirm materials to support Mr. Payne's declaration and follow-up conference regarding (1.20); further revise and edit memorandum of points and authorities in support of The Press Democrat's Special Motion to Strike and |
| 9/26/2011 GLASJ 10/19/2011 | Jeffrey D. Glasser Invoice=6014109 | | 0.3 | $ 97.50 | Correspondence with T. Burke regarding . . (.1); draft |

Exhibit 3
- 64 -

| Date | Name / Invoice | Hours | Amount | Description |
|---|---|---|---|---|
| 9/27/2011 GLASI 10/19/2011 | Jeffrey D. Glasser Invoice=6014109 | 0.1 | $ 32.50 | Call with T. Burke regarding stipulation (.2) |
| 9/27/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | 0.7 | $ 325.50 | Review and revise stipulation and exchange of communications with Ms. Smith regarding same |
| 9/28/2011 GLASI 10/19/2011 | Jeffrey D. Glasser Invoice=6014109 | 0.2 | $ 65.00 | Review Smith's opposition in Smith v. Press Democrat anti-SLAPP motion issue |
| 9/29/2011 GLASI 10/19/2011 | Jeffrey D. Glasser Invoice=6014109 | 0.2 | $ 65.00 | Call with T. Burke regarding (.2) |
| 9/29/2011 BURKT 10/19/2011 | Thomas Burke Invoice=6014109 | 2.1 | $ 976.50 | Review status of stipulation and related timing issues and prepare status letter to Judge Illston regarding plaintiff's unavailability to execute stipulation (.80); initial analysis of plaintiffs' Opposition to Special Motion to Strike and exchange of communications with clients regarding |
| 10/3/2011 BURKT | Thomas Burke | 0.9 | $ 418.50 | Review Ms. Smith's mailed ex parte request for discovery and update clients regarding strategy to respond to same (.70); review court's scheduling order and update clients regarding same (.20) |
| 10/5/2011 GLASI | Jeffrey D. Glasser | 6.4 | $ 2,080.00 | Research and draft anti-SLAPP reply in Smith v. The Press Democrat |
| 10/6/2011 GLASI | Jeffrey D. Glasser | 7.6 | $ 2,470.00 | Research and draft anti-SLAPP reply in Smith v. The Press Democrat |
| 10/7/2011 GLASI | Jeffrey D. Glasser | 6.8 | $ 2,210.00 | Research and draft anti-SLAPP reply (2.00); research and draft opposition to ex parte application (4.8) |
| 10/7/2011 BURKT | Thomas Burke | 3.4 | $ 1,581.00 | Review and revise The Press Democrat's Reply to Plaintiffs' Opposition to Special Motion to Strike and Opposition to Plaintiff's Ex Parte Application to take discovery |

Exhibit 3

| Date | Name | Hours | Amount | Description |
|---|---|---|---|---|
| 10/10/2011 BURKT | Thomas Burke | 3.8 | $ 1,767.00 | Further revise and finalize reply brief to Special Motion to Strike and Opposition to Plaintiffs' Ex Parte Application regarding discovery and supporting declaration of Burke |
| 10/10/2011 GLASJ | Jeffrey D. Glasser | 2.1 | $ 682.50 | Revise Smith reply and Smith opposition to ex parte application (1.7); draft supplemental Burke declaration (.2); review cite checks for reply and opposition to ex parte (.2) |
| 10/10/2011 ROTHK | Kristina R. Roth | 2.6 | $ 325.00 | Cite check Anti-SLAPP reply per J. Glasser |
| 10/17/2011 BURKT | Thomas Burke | 0.7 | $ 325.50 | Attention to evidence of plaintiff's selective receipt of court-filed items through Federal Express and alert the Court and Mr. McCraw regarding same (.60); coordinate preparation of declaration from Federal Express regarding same (.10) |
| 10/18/2011 BURKT | Thomas Burke | 0.6 | $ 279.00 | Address issues regarding Fed Ex declaration; respond to Court's request for plaintiff's ex parte filing |
| 10/18/2011 GLASJ | Jeffrey D. Glasser | 0.8 | $ 260.00 | Call with T. Burke re officials re (.2); call with Federal Express |
| 10/19/2011 GLASJ | Jeffrey D. Glasser | 0.1 | $ 32.50 | Call with Federal Express official regarding |
| 10/19/2011 BURKT | Thomas Burke | 0.2 | $ 93.00 | Review Court's re-scheduling of Case Management Conference (per our request) and update clients |
| UNBILLED TOTALS: : | | 36 | $ 12,524.00 | |
| BILLED TOTALS: | | 53 | $ 21,491.00 | |

(5)

Exhibit 3
- 66 -

GRAND TOTALS:

89    $    34,015.00

Exhibit 3

- 67 -

# Exhibit B

Exhibit 3

- 68 -



Davis Wright
Tremaine LLP

Thomas R. Burke
Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

Tel 415.276.6500
Fax 415.276.6599
Email: thomasburke@dwt.com

July 26, 2011

Gwendolyn Smith
2341 Ashland Street
P. O. Box 3542
Ashland, Oregon 97520

Re:     *US District Court for the Northern District of California Case No. CV11-2411-SI
        Gwendolyn Smith v. The Santa Rosa Press Democrat*

Dear Ms. Smith:

        This law firm represents The Press Democrat in this action.  We are writing to urge you
to voluntarily dismiss your Complaint for Defamation in light of the mandatory attorneys' fees
that our client will be awarded should this action be dismissed.

        Because The Press Democrat's news reporting that you challenge involves the exercise of
its free speech rights about judicial proceedings in which you were involved, your claim for
defamation falls squarely within California's anti-SLAPP statute, Code of Civil Procedure
§ 425.16.  Unless you voluntarily dismiss this action by August 5, 2011, The Press Democrat is
prepared to file an anti-SLAPP motion.  Under the statute's mandatory fee-shifting provision,
when that motion is granted, you will then be liable for The Press Democrat's attorneys' fees and
costs.[1]

### C.C.P. Section 425.16 – The Anti-SLAPP Statute

        The California Legislature enacted Code of Civil Procedure Section 425.16 in 1993 to
check "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the
constitutional right[] of freedom of speech[.]" C.C.P. § 425.16(a).  Under the statute, any "cause
of action against a person arising from any act of that person in furtherance of that person's right
of ... free speech ... in connection with a public issue shall be subject to a special motion to
strike, unless the court determines that the plaintiff has established that there is a probability that
the plaintiff will prevail on the claim."  C.C.P. § 425.16(b)(1) (emphasis added).

        As the California Supreme Court explained, the Legislature provided a "bright line test"
for determining whether a particular claim is subject to a special motion to strike.  Briggs v.

---

[1] Once The Press Democrat files its motion under Section 425.16, even a voluntary dismissal of this action will not
relieve you of the obligation to pay our clients' fees and costs incurred in bringing the motion.  See, e.g., Liu v.
Moore, 69 Cal. App. 4th 745, 752 (1999); Coltrain v. Shewalter, 66 Cal. App. 4th 94, 106-107 (1998).

DWT 17675188v1 0059240-000002

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

Exhibit 3
- 69 -

Ms. Gwendolyn Smith
July 26, 2011
Page 2

Eden Council, 19 Cal. 4th 1106, 1122-1123 (1999). That test is set forth in Section 425.16(e), which sets forth four categories of conduct that are protected by the statute, including:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a ... judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right ... of free speech in connection with an issue of public interest.

C.C.P. § 425.16(e) (emphasis added). Thus, because your claim against The Press Democrat arise from conduct that falls into several of these four categories, you must satisfy the "probability-of-success" threshold or face dismissal. C.C.P. § 425.16(b)(1).

**Plaintiffs' Claims Against *The Press Democrat* Are Subject To A Special Motion To Strike.**

It is well established that "news reporting" constitutes "free speech" activity within the scope of Section 425.16. Lafayette Morehouse, Inc. v. Chronicle Pub., 37 Cal. App. 4th 855, 864 (1995). Courts have held that media entities are protected by the anti-SLAPP statute, and have granted media defendants' anti-SLAPP motions arising from news reports about official government proceedings and records. Id., 37 Cal. App. 4th at 863-864. Here the news articles Plaintiffs challenge are plainly protected by the anti-SLAPP statute.

**Plaintiffs Lack The Evidence To Satisfy The Required "Probability" Showing.**

Because Plaintiffs' claims against The Press Democrat easily fall within the protection of Section 425.16, the burden will shift to Plaintiffs to demonstrate a "probability" that they will prevail. C.C.P. § 425.16(b)(1). If Plaintiffs fail to satisfy this burden, the court must strike the Complaint. Id. As set forth below, because Plaintiffs' claims are barred as a matter of law, Plaintiffs cannot meet the probability-of-success standard.

Plaintiffs cannot meet their burden for at least two fundamental reasons, among many others.[2] First, Plaintiffs' Complaint utterly fails because Plaintiffs do not identify any allegedly defamatory or false statements that were published about them. Plaintiffs may not simply assert that a series of news articles is false and defamatory without identifying the allegedly libelous language. Second, Plaintiffs' Complaint is barred by California Civil Code Section 47(d). This statute provides an absolute privilege for news reports about judicial and other official

---

[2] Zeus Harrison Smith is also listed as a plaintiff yet the news articles contain only passing references to him – and certainly nothing defamatory – nor does Plaintiffs' Complaint assert any specific allegations on his behalf. For these reasons, he is not a proper plaintiff to this action.

DWT 17675188v1 0059240-000002

Exhibit 3

- 70 -

Ms. Gwendolyn Smith
July 26, 2011
Page 3

proceedings. The statute provides that a "privileged publication or broadcast is one made" by a "a fair and true report in ... a public journal of ... a ... or [any] other public official proceeding, or ... anything said in the course thereof[.]" Cal. Civ. Code § 47(a), (d).[3]

Courts consistently have recognized that a "fair and true" report need not be a verbatim republication of the judicial proceeding at issue. Instead, the report complained of only need be "substantially in accord" with the material relied upon. Handlesman v. San Francisco Chronicle, 11 Cal. App. 3d 381, 386-387 (1970). Courts have interpreted this protection very broadly to include any reports that capture the "gist" of the official record. Id.; see also Jennings v. Telegram-Tribune Co., 164 Cal. App. 3d 119 (1985) (applying privilege to article that inaccurately reported that the plaintiff was convicted of tax fraud and tax evasion when he actually pleaded no contest to a charge of failure to file income tax returns). Whether a statement falls within the scope of this privilege is a question of law decided by the trial court, not the jury. McClatchy Newspapers v. Superior Court, 189 Cal. App. 3d 961, 976-977 (1987). If the court determines that the statement complained of falls within the scope of Section 47(d), the statute "provid[es] an absolute privilege." McClatchy, 189 Cal. App. 3d at 974-975. In fact, even if "the media publish an accurate report of a statement they know to be false," – which was not the case here – "the protective cloak of subdivision 4 remains intact." Id. (emphasis added).[4]

As these authorities demonstrate, The Press Democrat's news reporting is absolutely protected under Section 47(d). The reporting generically challenged by Plaintiffs' Complaint accurately reflected events in court proceedings and the commentary of participants to those legal proceedings filed against you. These news reports thus fall squarely within Section 47(d)'s absolute privilege.

While this letter is not intended to summarize all of the legal defenses available to The Press Democrat, any one of the above defenses will require the court to strike Plaintiffs' Complaint.

---

[3] Before its amendment in 1990, this provision was designated Civil Code § 47(4); consequently, the earlier cases cite to Section 47(4).

[4] Plaintiffs' defamation claim independently is barred by an analogous fair report privilege that exists under the First and Fourteenth Amendments to the United States Constitution, and Article I, § 2 of the California Constitution. The United States Supreme Court has held unequivocally that reporting on official court proceedings and records is absolutely protected under the First Amendment. Based on this constitutional protection, no action for libel or claims whose gravamen targets a defendant's exercise of free speech can arise from news reports about judicial proceedings and government records. Cox Broadcasting v. Cohn, 420 U.S. 469, 491, 495-496 (1975); Florida Star v. B.J.F., 491 U.S. 524, 526-529, 533 (1989); Gates v. Discovery Communications, Inc., 34 Cal. 4th 679, 692 (2004). Because of this First Amendment protection, Plaintiffs' defamation claim against The Press Democrat also fails.

DWT 17675188\1 0059240-000002

Exhibit 3

Ms. Gwendolyn Smith
July 26, 2011
Page 4

**Mandatory Recovery of Attorneys' Fees Is Required Under Section 425.16.**

     The anti-SLAPP statute mandates that a defendant who prevails on a special motion to strike "shall" be awarded its attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c). As a prevailing defendant, The Press Democrat will be entitled to recover its attorneys' fees and costs. See, e.g., Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 785 (1996); Robertson v. Rodriguez, 36 Cal. App. 4th 347, 362 (1995). Under California Civil Procedure Code Section 425.16(c), the California Courts of Appeal have upheld awards to prevailing defendants of trial court fees and costs of hundreds of thousands of dollars. See, e.g., Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 658 (1996) ($130,000 fee award); see also Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) ($260,000 fee award); Thomas v. Los Angeles Times Communications, LLC, 189 F. Supp. 2d 1005 (C.D. Cal. 2002) (defendants were awarded more than $60,000 in fees at district court level, with total of almost $100,000 assessed against plaintiff following appeal). Indeed, in an anti-SLAPP matter handled by this law firm, Taus v. Loftus, 40 Cal.4th 683 (2007), following remand from the California Supreme Court, the trial court awarded our clients some $241,000 in attorneys' fees and costs. Similarly, in another recent anti-SLAPP matter handled by this law firm, Club Members For An Honest Election v. Sierra Club, 45 Cal.4th 309 (2008), following remand from the California Supreme Court, the trial court awarded our clients some $337,672 in attorneys' fees and costs.

     We appreciate your immediate consideration of this request and look forward to your prompt response.

Very truly yours,

DAVIS WRIGHT TREMAINE LLP

Thomas R. Burke

Exhibit 3

- 72 -

# Exhibit C

Exhibit 3

- 73 -

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

ATE: 05/10/04                                              **DEPT.** WEH

ONORABLE Allan J. Goodman      JUDGE | D. SALISBURY       DEPUTY CLERK

ONORABLE              JUDGE PRO TEM | B. HALL, CSL.

             Deputy Sheriff | NONE           ELECTRONIC RECORDING MONITOR

                                                  Reporter

8:30 am | SC077257                 Plaintiff
                              Counsel

BARBARA STREISAND              NO APPEARANCES
VS
KENNETH ADELMAN, ET. AL    Defendant
                              Counsel

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTERS;

No appearances.

The matters of plaintiff's Motion to Tax Costs and of
defendants' Motions for Attorneys' Fees having been
argued and submitted, the Court now rules as follows:

The motion is granted in part and denied in part and
costs are taxed accordingly and are fully set forth
in the Court's ruling filed and incorporated herein.

Clerk to give notice.

         CLERK'S CERTIFICATE OF MAILING/
           NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
5/10/04 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in W. Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: May 10, 2004

John A. Clarke, Executive Officer/Clerk

             Page   1 of   2    DEPT. WEH

                                               | MINUTES ENTERED
                                               | 05/10/04
                                               | COUNTY CLERK

Exhibit 3

- 74 -

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/10/04                             **DEPT.** WEH

HONORABLE Allan J. Goodman     JUDGE    D. SALISBURY        DEPUTY CLERK
                                        B. HALL, CSL.

HONORABLE            JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR

                    Deputy Sheriff    NONE                      Reporter

8:30 am   SC077257                  Plaintiff
                                     Counsel
         BARBARA STREISAND                NO APPEARANCES
         VS
         KENNETH ADELMAN, ET. AL    Defendant
                                     Counsel

---

NATURE OF PROCEEDINGS:

By: _____
         D. Salisbury


Alschuler, Grossman, Stein & Kahan
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060


Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276


Reynolds Casas & Riley, LLP
One First Street, Suite 2
Los Altos, CA 94022-4109


Page   2 of   2    DEPT. WEH

```
MINUTES ENTERED
05/10/04
COUNTY CLERK
```

Exhibit 3

- 75 -

**ORIGINAL FILED**

MAY 1 0 2004

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

BARBRA STREISAND,

    Plaintiff,

vs.

KENNETH ADELMAN, et al,

    Defendants.

CASE NO.  **SC 077 257**

**RULING ON SUBMITTED
MATTERS: MOTION TO TAX
COSTS AND MOTIONS FOR
ATTORNEYS' FEES**

      The matters of plaintiff's Motion to Tax Costs and of defendants' Motions for Attorneys' Fees having been argued and submitted, the Court now rules as follows:

**MOTION TO TAX COSTS**

This motion is granted in part and denied in part.

Costs are taxed as follows:

/ / /

Exhibit 3

- 76 -

1     1. Item 11 is taxed by $211.09 for the exhibit board [showing a portion of a front

2   page of the Los Angeles Times] that was not admitted; thus $1,027.35 is allowed. The

3   Court notes that photocopying was done at the rate of 10 cents per page and this cost

4   was incurred for copying exhibits as allowed by statute. See CCP 1033.5(b)(3).

5     2. Item 13 is taxed by $837.20. As counsel for defendant stated at the hearing,

6   it is a matter of professional courtesy to messenger copies of filings to opposing

7   counsel. The Court Rules suggest and encourage courtesy in general (see, e.g., Rule

8   7.12, Los Angeles Superior Court Rules) and there is much to commend defense

9   counsel for their exemplary courtesy in this case. Nor does the Court wish to

10  discourage such practices in the future. Nevertheless, the messenger fees in this case

11  exceed a reasonable amount, particularly when there were less costly options available,

12  and what is desirable is not always compensable: Conducting oneself in accordance

13  with a high professional standard is done for its intrinsic value.

14     Defendants seek reimbursement for 18 messenger trips to the courthouse or to

15  the office of counsel for the plaintiffs. The burden is on defendants to establish the

16  reasonable nature of a service or charge and the reasonableness of the amount

17  charged. While defendants established that the use of messengers to make such

18  deliveries in this case was reasonable, the frequency of trips and the amounts charged

19  for the various trips are not, as next indicated.

20     Exhibit B to the declaration of principal counsel for defendants Adelman and

21  Pictopia.com, submitted with the Motion for Award of Fees (filed March 4, 2004), sets

22  out the detail for line 13 of defendants' Memorandum of Costs. There are 4 entries for

23  deliveries to the Courthouse on July 14, 2003, totaling $303.10. This amount is taxed in

24  the sum of $253.10 [allowing $50.00 because one of the deliveries had to include

25  several large exhibits which could not otherwise be transported] - a single delivery that

26  date is reasonable; the other deliveries are not reasonable in the context of a motion to

27  tax. There are 3 entries for deliveries to the courthouse on July 15, 2004, totaling

28  $260.50. For the same reasons, this amount is taxed in the sum of $235.50 [allowing

1   $25.00 for a single trip that day]. Deliveries on other days to the courthouse are taxed

2   by the amount each exceeds $25.00. Deliveries to the firm of counsel for plaintiff are

3   taxed by the amount each exceeds $30. The differential is allowed as the distance from

4   defense counsel's office to the office of plaintiff's counsel is greater that the distance

5   from the former location to the courthouse.

6         Plaintiff did not raise any other issues with respect to line 13, as was her burden

7   to do. The total amount taxed on line 13 is $837.20.

8         All other costs are allowed.

9

10              **ATTORNEYS' FEES REQUESTED BY**

11        **DEFENDANTS ADELMAN AND PICTOPIA.COM**

12

13         Moving parties submitted extensive and detailed documentation to explain the

14   numbers of hours devoted to each aspect of this matter and to inform the Court of the

15   levels of expertise of the various persons employed by defendants' firm who devoted

16   time to the case. Moving parties also filed declarations addressed to the rates charged

17   in this legal community by persons of skill and experience levels similar to those of the

18   its lawyers and other staff who devoted time to this case.[1] This Court is fully familiar

19   with the quality of the legal services rendered in this matter and with the amount of time

20   devoted to the hearing of this case, and inferentially to the time reasonably required to

21   prepare the memoranda and exhibits filed and to prepare for and participate in the

22   hearings in this case. The Court is also familiar with the rates charged in this legal

23   community for legal services, derived from 33 years of legal and judicial experience.

24   Further, the Court is mindful of the difficulty in estimating the reasonable amount for

25   which counsel should be compensated and with appellate decisions on the subject,

26

27   ————————————

    [1] Moving parties did not request a multiplier, thus waiving use of any multiplier

28     other than 1.

SC077257-Fees-MO.wpd                 3

Exhibit 3

- 78 -

1 including but not limited to the caution suggested by one appellate court in determining

2 the propriety of fees based in part on the length of the documents filed:

3 "The length of a document is no gauge of the time needed to prepare it. The

4 pithy pleadings that are most effective usually require more time to prepare than the

5 endlessly discursive and digressive documents judges often receive. Moreover, given

6 the complexities of this case, the precise language of the concise complaint warranted

7 the exceptional attention counsel devoted to its preparation. Judicial use of the length

8 of a pleading or brief as a measure of the time necessary to prepare it would reward

9 verbosity and penalize thoughtful and precise draftsmanship. Given the ponderous

10 plethora of prolix pleadings that inundate our courts, no trial judge in his or her right

11 mind would adopt such an approach." *Children's Hosp. and Medical Center v. Bonta*

12 (2002) 97 Cal.App.4th 740, 783 -784.

13 The evidence of prevailing or reasonable hourly rates submitted by the parties is

14 supplemented by the Court's experience in such matters as indicated. The Court has

15 placed lesser weight on the declaration of plaintiff's CPA-expert because the rates he

16 suggests as reasonable are based on *all* firms of 76 or more lawyers. The court is

17 aware that that category is too broad to provide data entitled to great weight in

18 connection with the determination of the proper rates with respect to firms

19 approximating the size of the firm representing moving parties Adelman and

20 Pictopia.com. This is not to say that the determination is properly made only if one

21 limits the comparison of rates to that which is the reasonable prevailing rate for firms of

22 identical size. Rather, one of the premises of this determination is that firms of over 200

23 lawyers, as is the firm representing the defendants, are in a different rate category than

24 firms with fewer lawyers.

25 Further, no adverse inference should be drawn from the determinations made;

26 these determinations are not negative comment on the skill or devotion to this case by

27 any defense counsel.

28

SC077257-Fees-MO.wpd

4

Exhibit 3

- 79 -

With all of the forgoing in mind, the court determines that the reasonable hourly rates for the lawyers and others billing time on behalf of defendants' counsel for whom compensation is requested in this motion are as set out in the table which follows. The Court also sets out its determination of the appropriate number of hours to be allocated to each person or category below. This subject will be discussed below these tables.

I. Moving Papers

#### Legal research and analysis

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Newman | $275 | 21.75 | 5,981.25 |
| Cooper | $225 | 5.5 | 1,237.50 |
| Summer Assocs. | $75 | 60.00 | 4,500.00 |
| Rsrch. Librarians | $135 | 6.25 | 843.75 |
| | Totals | 93.5 | $12,562.50 |

#### Factual Research

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Summer Assoc. | $75 | 4.25 | 318.75 |
| Sr. Legal Assistant | $190 | 13.25 | 2,517.50 |
| Litigation Clerk | $50 | 1.5 | 75.00 |
| Rsrch. Librarians | $135 | 5.75 | 776.25 |
| | Totals | 24.75 | $3,687.50 |

#### Client communication, legal analysis, motion management

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Seigle | $425 | 6 | 2,550 |
| Kendall | $575 | 17.5 | 10,062.50 |
| | Totals | 23.5 | $12,612.50 |

SC077257-Fees-MO.wpd

5

Exhibit 3

- 80 -

Drafting motion, declarations and accompanying papers

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Newman | 275 | 56 | 15,400 |
| Seigle | 425 | 33 | 14,025 |
| Kendall | 575 | 11 | 6,325 |
| | Totals | 100 | $35,750 |

II. Reply papers

Research, analysis, client communications, motion management

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Rsrch. Librarians | 135 | 2.75 | 371.25 |
| Sr. Legal Assistant | 190 | .5 | 95 |
| Newman | 275 | 9.5 | 2,612.50 |
| Seigle | 425 | 6 | 2,550 |
| Kendall | 575 | 3.5 | 2,012.50 |
| | Totals | 22.25 | $7,641.25 |

Drafting reply, declarations and accompanying papers

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Seigle | 425 | 25 | 10,625 |
| Kendall | 575 | 2.25 | 1,293.75 |
| | Totals | 27.25 | $11,918.75 |

/ / /

/ / /

/ / /

SC077257-Fees-MO.wpd

6

Exhibit 3

iii.  Hearing Preparation

Preparing objections and responses, preparing for argument,

addressing issues arising during hearings, supplemental brief

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Rsrch. Librarians | 135 | 4.25 | 573.75 |
| Sr. Legal Assistant | 190 | 6 | 1,140 |
| Newman | 275 | 15 | 4,125 |
| Seigle | 425 | 35 | 14,875 |
| Kendall | 575 | 21.1 | 12,132.50 |
| | Totals | 81.35 | $32,846.25 |

IV.  Attending Hearing

| NAME | HOURLY RATE | HOURS EXPENDED | LODESTAR AMOUNT |
|---|---|---|---|
| Sr. Legal Assistant | 190 | 0 | 0 |
| Newman | 275 | 22.5 | 0 |
| Seigle | 425 | 22.5 | 9,562.50 |
| Kendall | 575 | 22.5 | 12,937.50 |
| | Totals | 45 | $22,500 |

The adjustments in hours are as follows:

1.  The number of hours which summer associates devoted to legal research is reduced.  The 60 hours allowed represents a reasonable number of hours for the work described.

2.  The total number of hours devoted to drafting the motion, etc. is reduced to 100; it is allocated in the same proportion as the hours sought. One hundred hours is two full 50 hour weeks; that is a reasonable amount of time for the drafting of the motion and declarations accompanying the motion.

SC077257-Fees-MO.wpd

7

Exhibit 3

- 82 -

1      3. Time allocated to preparation for the hearings has been reduced for certain

2  timekeepers to amounts which the Court determines to be reasonable based on the

3  complexity of the issues, the number of persons performing research, the relative levels

4  of skill and knowledge of the timekeepers and the amount of time reasonably necessary

5  for that preparation.

6      4. Time for attendance at the hearings of this matter by Mr. Newman and a

7  senior legal assistant is reduced to zero. While counsel clearly found it convenient to

8  have persons available to respond to questions immediately during the breaks, there is

9  nothing that prevented counsel from instructing those persons to be available at the firm

10  by telephone for the same consultation during the break to which counsel referred at

11  argument on this motion. That would have allowed them to work on other matters, but

12  be on call for any telephonic contact with respect to this matter. Moreover, defendants

13  were represented at the hearing by their two most experienced litigators working on this

14  case. Had there been an emergency requiring immediate consultation with one of the

15  persons whose billing is now reduced (e.g., a question the answer to which neither of

16  the counsel present at a hearing knew), the other could have stepped outside of the

17  courtroom and made the telephone call to the person available at the firm but otherwise

18  occupied on other matters.

19      The Court awards a total of $139,518.75 for this motion for attorneys' fees.

20      Counsel also seek fees for securing the recovery of the fees discussed. This

21  request is proper. The amount requested, $15,000, is reasonable under the

22  circumstances. The motion itself was extensive and included considerable detail. A

23  motion of this nature takes [and, in this case, took] considerable time to prepare, write

24  and file. Argument on the motion took more than two hours, and due to technical

25  problems, took up almost an entire morning. The amount sought is reasonable and

26  shall be paid with the sum set out earlier in this paragraph.

27      Plaintiff shall pay the total of $154,518.75 for attorneys' fees and for the motion

28

SC077257-Fees-MO.wpd                       8

Exhibit 3

- 83 -

1   to collect those fees, and $1,048.29 for costs, to counsel for defendants by noon on

2   May 28, 2004.

3

4           **ATTORNEYS' FEES REQUESTED BY DEFENDANT LAYER42.NET**

5           The Court has reviewed the motion, opposition and reply following the argument

6   on April 30.  The Court concludes that the rates at which services are billed by moving

7   party's counsel are reasonable; indeed, plaintiff's principal objection is that time has not

8   been allocated properly, viz., time has been charged to the SLAPP motion that should

9   have been charged to other functions, e.g., the demurrer.   After review of the billing

10  attached to the moving papers, the Court concludes that some adjustment is necessary

11  to meet the 'reasonable number of hours' test of the cases.

12          Time for the following dates has been reduced to zero due to lack of relevance

13  of that time to the SLAPP motion: 5/28, 5/29, 5/30 [slip 71237], 6/26 [this is described as

14  relating to a property dispute with a neighbor], 9/24, 9/29, and 10/3.

15          Time for the following dates has been decreased, generally by half to represent

16  a reasonable allocation to the SLAPP motion; the balance is properly allocated to other

17  work performed for the client: 5/30 [slip 71277], 6/2, 6/3, 6/4, 6/5, 6/6, 6/9, and 6/19.

18          The reduction in the $21,294.00 claimed is $2,353.50; the Court determines that

19  the amount of $18,940.50 is reasonable and constitutes the amount which plaintiff shall

20  pay to counsel for this defendant by noon on May 28, 2004.

21          Layer42.net has also sought recovery of $2,600 for fees incurred in making and

22  prosecuting this motion.  The court finds that amount to be reasonable and it shall be

23  paid to counsel for this moving party by the same date as the principal sum set out

24  above is paid.

25

26  DATED: MAY 10, 2004

                                    _____
27                                  ALLAN J. GOODMAN
                                    JUDGE OF THE SUPERIOR COURT
28

SC077257-Fees-MO.wpd                                              9

Exhibit 3
- 84 -

# Exhibit 4

Exhibit 4

- 85 -

1
**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
2
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
3
TELEPHONE (213) 633-6800
FAX (213) 633-6899
4

ALONZO WICKERS IV (State Bar No. 169454)
5
  alonzowickers@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
6
  jonathansegal@dwt.com

7
Attorneys for Defendants
VIACOM INC., VIACOM
8
INTERNATIONAL INC., and NEW
POP CULTURE PRODUCTIONS INC.
9

10
UNITED STATES DISTRICT COURT

11
CENTRAL DISTRICT OF CALIFORNIA

12

13
JAYCEON TERRELL TAYLOR, an
individual,
14

15
                    Plaintiff,

16
        vs.

17
VIACOM, INC., VIACOM
INTERNATIONAL, INC., and NEW
18
POP CULTURE PRODUCTIONS, INC.

19
                    Defendants.

|   |   |
|---|---|
| | Case No. 2:17-cv-03247 DMG (AFMx) |
| | **DECLARATION OF JONATHAN L. SEGAL IN SUPPORT OF DEFENDANTS VIACOM INC., VIACOM INTERNATIONAL INC. AND NEW POP CULTURE PRODUCTIONS INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES WITH EXHIBITS A - E** |
| | **[Notice Of Motion And Motion For Attorneys' Fees; Declaration of Emily A. Stubbs; [Proposed] Order Filed Concurrently]** |
| | Date: August 24, 2018 Courtroom: 8C Time: 9:30 a.m. |
| | Complaint Served: May 5, 2017 |

20

21

22

23

24

25

26

27

28

## DECLARATION OF JONATHAN L. SEGAL

I, Jonathan L. Segal, declare as follows:

1.     I am a partner at the law firm of Davis Wright Tremaine LLP ("DWT"), which represents Defendants Viacom Inc., Viacom International Inc., and New Pop Culture Productions Inc. (collectively "Viacom") in this matter. The matters stated in this declaration are true of my own personal knowledge. If called as a witness, I could and would competently testify to these matters.

2.     DWT is a national law firm of more than 500 lawyers. The firm represents many newspapers and other media organizations and is known and recognized nationally and in California for its First Amendment and media litigation practice.

3.     On June 5, 2016, the Court entered an order granting Viacom's special motion to strike Plaintiff Jayceon Terrell Taylor's complaint in its entirety under California's anti-SLAPP statute.

4.     While Viacom seeks reimbursement for time incurred by four attorneys, the anti-SLAPP motion was handled primarily by Alonzo Wickers IV and myself, when I was an associate, with assistance from others as needs dictated. I was responsible for case strategy; researched and drafted the anti-SLAPP motion, reply brief, and supporting documents; and communicated with opposing counsel and the client. Mr. Wickers was responsible for overall strategy as well as revising briefs and supporting documents. Associate Cydney Swofford Freedman assisted with finalizing the anti-SLAPP motion and exhibits for filing. Associate Diana Palacios drafted the fees motion and supporting documents with my oversight. As set forth below, I believe that the hourly rates for all members of our defense team are highly reasonable:

- **Alonzo Wickers IV** is a media partner in DWT's Los Angeles office and served as Viacom's lead counsel. He is a preeminent media, intellectual property, and entertainment attorney and has consistently been named one of the "50

DECLARATION OF JONATHAN L. SEGAL
4814-7692-4781v.1 0098567-000013

Exhibit 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Top Entertainment Attorneys" by *The Daily Journal*, one of the "Top 100 Power Lawyers - Litigation" by *The Hollywood Reporter*, one of "America's Leading Lawyers for Business" in Media & Entertainment: Litigation (California) by Chambers USA, and one of the "Best Lawyers in America" in Media Law and First Amendment Law by Woodward/White, among many other accolades.  A true and correct copy of his biography is attached as **Exhibit A** to this declaration.

- I am a media partner (as of January 1, 2018) in DWT's Los Angeles office.  I graduated from the University of California, Los Angeles School of Law in 2008, and litigate primarily media and First Amendment matters.  Prior to joining DWT in 2011, I was a litigation associate at Irell & Manella LLP and from 2008 to 2009, I clerked for the Honorable Cormac J. Carney in the U.S. District Court for the Central District of California.  A true and correct copy of my biography is attached as **Exhibit B** to this declaration

- **Diana Palacios** is an associate in the media group in DWT's Los Angeles office.  She graduated from the University of California, Irvine School of Law in 2012.  She is also an adjunct professor of First Amendment law at the University of California-Irvine Law School.  Prior to joining DWT, she clerked for two years for the Honorable John A. Mendez in the U.S. District Court for the Eastern District of California.

- **Cydney Swofford Freedman** is an associate in the media group in DWT's Los Angeles office.  Ms. Freeman graduated from New York University School of Law in 2015 and her practice focuses primarily on media and First Amendment cases.

5.	Because of a long-time negotiated discount under which rates were set for DWT certain personnel at the time they joined the firm, Viacom received a substantial reduction – far below prevailing rates for the Southern California legal market based on my experience – from the standard billing rates for these attorneys, as reflected in the following chart:

3

Exhibit 4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Attorney | Viacom Negotiated Discount Rate | Viacom Negotiated Discount Rate as of July 2018 | DWT Standard Billing Rate |
|---|---|---|---|
| Alonzo Wickers IV | $488 | $512.50 | $710 |
| Jonathan Segal | $256.68 | $270 | $530 |
| Diana Palacios | $262.50 | $262.50 | $435 |
| Cydney Swofford Freeman | $302.22 | $302.22 | $390 |

6.    We were also assisted by paralegal Ana Morales with a discounted hourly rate of $175.95, paralegal Ben Planchon with a discounted rate of $171.81, and document clerk Manda Feuerman with a discounted rate of $116.

7.    DWT's invoices documenting the time spent on Viacom's anti-SLAPP motion, reply brief, and supporting documents – up to and including June 2018 – are attached as **Exhibit C**.  The invoices have been redacted to remove time entries for which Viacom does not seek reimbursement and to protect privileged or confidential information.  As demonstrated in the billing records, the team minimized inter-office communications and avoided duplicative work.  I have prepared the following chart summarizing the time billed by Viacom's attorneys relating solely to the anti-SLAPP motion and related documents:

DECLARATION OF JONATHAN L. SEGAL
4814-7692-4781v.1 0098567-000013

Exhibit 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| FEES INCURRED FOR ANTI-SLAPP MOTION AND RELATED DOCUMENTS | | | |
|---|---|---|---|
| Title | Name | Hours | Amount Billed |
| Partner | Alonzo Wickers | 25.8 | $12,595.30 |
| Partner (2018)/Associate (2016-2017) | Jonathan Segal | 65.9 | $16,935.25 |
| Associate | Cydney Freedman | 3.9 | $1,178.66 |
| Paralegal | Ana Morales | 10.6 | $1,865.09 |
| Paralegal | Ben Planchon | 1.3 | $223.35 |
| Document clerk | Manda Feuerman | 4.1 | $475.60 |
| **Total** | | **111.6** | **$33,273.25** |

8.    With respect to this motion for attorneys' fees, Ms. Palacios prepared the brief and supporting documents, while I revised. The following chart summarizes the time billed by Viacom's attorneys relating to this fee motion, up to and including July 20, 2018:

| FEE MOTION (OPENING BRIEF ONLY) | | | | |
|---|---|---|---|---|
| **Title** | **Name** | **Hours** | **Hourly Rate** | **Amount Billed** |
| Partner | Jonathan Segal | 2 | $270 | $540 |
| Associate | Diana Palacios | 7.3 | $262.50 | $1,916.25 |
| **Total** | | | | **$2,456.25** |

9.    We will submit supplemental evidence along with Viacom's reply brief that will include any additional fees incurred in connection with the reply in support of this fee motion.

DECLARATION OF JONATHAN L. SEGAL
4814-7692-4781v.1 0098567-000013    Exhibit 4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10. The fees incurred and billed to the clients in this matter were reasonable and necessary for the defense of Plaintiff's lawsuit and were actually performed by Viacom's attorneys. All amounts incurred have been paid, or the obligation for payment has been incurred and is outstanding.

11. On June 12, 2018, I met and conferred with Plaintiff's counsel Andrew Williams regarding Viacom's motion for attorneys' fees. I explained that Viacom was willing to forego filing a motion for attorneys' fees, even though it is entitled to fees under the anti-SLAPP statute, if Plaintiff agreed to forego any appeal. Mr. Williams said he would check with his client and get back to me. I followed-up with Mr. Williams several times via email, and attempted to contact him by telephone (his voicemail box was full), but received no response. Attached as **Exhibit D** is a true and correct copy of my correspondence with Mr. Williams.

12. On June 7, 2018, the Ninth Circuit awarded fees to the defense in *Simoni v. Am. Media, Inc.*, Case No. 14-56558, Dkt. No. 38 (9th Cir. June 7, 2018). I was one of the attorneys involved in the case. Attached as **Exhibit E** is a true and correct copy of fee award order in that case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on July 20, 2018.


_____ */s/ Jonathan L. Segal* _____
Jonathan L. Segal

DECLARATION OF JONATHAN L. SEGAL
4814-7692-4781v.1 0098567-000013

Exhibit 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# *EXHIBIT A*

Exhibit 4

- 92 -





# Alonzo Wickers IV

**Partner**

alonzowickers@dwt.com

**Los Angeles**
T  213.633.6865
F  213.633.6899

Al Wickers focuses on media, IP, and entertainment law. On the litigation side of his practice, he and his team represent content creators and distributors in copyright, trademark, right of publicity, idea submission, defamation, invasion of privacy, and breach of contract disputes in federal and state courts across the country.

In addition, Al and his team provide 24/7 counseling on development, acquisition, and production issues, including chain of title and rights analyses, day-to-day production and clearance advice, production legal services, and pre-broadcast review for television networks, production companies, film studios, video game publishers, documentarians, and newspaper, book, and magazine publishers.

He also has extensive experience defending media organizations against subpoenas and prior restraints, gaining access to court proceedings and records, and litigating California Public Records Act, Freedom of Information Act, and Brown Act matters.

## Representative Experience

### COPYRIGHT AND TRADEMARK

**LaBau v. Food Network**
Represented Food Network in copyright-infringement action arising from alleged copying of an online cooking video for Snow Globe Cupcakes. (C.D. Cal. 2017)

**Estate of Barre v. Pretty Bird Pictures, et al.**
Represented music video producer, director, artist, and others in copyright and trademark case arising from alleged use of deceased performer's voice in music video for hit song "Formation." (E.D. La. 2018)

**The Sporting Times, et al. v. Orion Pictures, Metro-Goldwyn-Mayer Studios, Inc., Have Glove Productions, et al.**
Representing defendants in a lawsuit filed by an online sports publication, The Sporting Times, which claims that its trademark was unlawfully used in Spaceman, a biopic about eccentric former Major League Baseball star Bill "Spaceman" Lee. The plaintiffs allege that the film and its trailer infringed their mark by using it without their permission. The lawsuit includes trademark and false advertising claims under federal and state law, and pits our clients' First Amendment right to free expression against the plaintiffs' trademark interests. Our motion to dismiss is pending. (Ongoing)

**Brownmark Films v. Comedy Partners**
Successfully defended Comedy Central, South Park Digital Studios, and other defendants against a copyright-infringement claim arising from "South Park's" parody of the Internet viral video "What What in the Butt." The district court granted the defendants' motion to dismiss, finding that "South Park's" use of the plaintiffs' video was protected as a fair use under Section 107 of the Copyright Act. The court also granted the defendants' fee motion. Plaintiffs appealed the dismissal to the 7th Circuit, which affirmed the district court's "well-reasoned and delightful opinion," and unequivocally held that "South Park's" parody was a fair use. Importantly, the 7th Circuit instructed that the fair-use defense may be decided without discovery in

## EDUCATION

**J.D., University of California, Berkeley, School of Law, 1993**

**A.B., History, Harvard College, 1989, magna cum laude**

## RELATED PRACTICES

Copyright Litigation

Trademark Litigation

Media & First Amendment

Right of Publicity

Defamation & Privacy

Theft of Ideas

Pre-Publication & Pre-Broadcast Review

Television Programming & Production

Advertising, Marketing & Promotions

Commercial Speech & Advertising

Government Regulation of Content

Access to Public Records & Proceedings

Subpoenas & Reporters' Privilege

## ADMITTED TO PRACTICE

California, 1993

U.S. Supreme Court, 2005

U.S. Court of Appeals 9th Circuit, 2005

U.S. Court of Appeals 7th Circuit, 2011

U.S. District Court Central District of California, 1994

U.S. District Court Southern District of California, 1999

U.S. District Court Eastern District of California, 2000

Exhibit 4

appropriate cases—something that other circuits have resisted—enabling content creators to avoid long and burdensome litigation. (E.D. Wis., 7th Cir. 2012)

**Dream Quest Florida Keys v. Boxcars Entertainment, et al.**
Defended Boxcars Entertainment and Litton Entertainment in a trademark and unfair competition lawsuit arising from the title of a reality television series airing on the CW network. (M.D. Fla. 2017)

**BWP Media v. Bleacher Report**
Represented Bleacher Report in copyright-infringement lawsuit arising from use of publicity photos from motion picture in sports reporting. (C.D. Cal. 2016)

**Jeremy Bales Creative, LLC v. Nerdist Industries, LLC**
Represented defendant Nerdist in copyright-infringement lawsuit arising from use of photograph on Nerdist website in connection with podcast. (C.D. Cal. 2016)

**Collier v. Black Entertainment Television, et al.**
Defended BET and Film Garden Entertainment in a copyright-infringement action arising from the use of plaintiff's fashion photographs in a reality-television series. The case was resolved days after BET and Film Garden filed their motion for summary judgment. (C.D. Cal. 2012)

**Williams v. McGraw-Hill**
Successfully defended McGraw-Hill against two copyright-infringement lawsuits based on use of allegedly copyrighted material in book. The district court granted McGraw-Hill's motion to dismiss and awarded McGraw-Hill its attorneys' fees. The 9th Circuit dismissed plaintiff's appeal. (C.D. Cal., 9th Cir. 2011)

**Dane v. Gawker Media**
Defended Gawker Media in a copyright-infringement lawsuit filed by actors Eric Dane and Rebecca Gayheart, based on Gawker.com's publication of a news item. In December 2009, the district court granted Gawker's motion to strike plaintiffs' claims for statutory damages and attorneys' fees. (C.D. Cal. 2010)

**RIGHT OF PUBLICITY**

**Frigon v. Universal Pictures**
Defending Universal Pictures in a right-of-publicity, unfair competition, and false advertising lawsuit arising from the upcoming Tom Cruise film "American Made" (formerly "Mena"), which chronicles the life of Barry Seal, a cocaine smuggler and CIA informant who was assassinated by Colombian drug lords in 1986. Seal's ex-wife/executor alleges that the studio was required to obtain her consent to make the film and asked the court for damages for violation of his right-of-publicity and for an order setting aside a life rights agreement that the producers entered into with several of Seal's other relatives. The district court in Louisiana granted our motion to dismiss in September 2016, and recently denied the plaintiffs' motion for a new trial, as well. In February 2017, the court deemed Universal to be the prevailing party under Louisiana's anti-SLAPP statute and set a hearing on our client's entitlement to recover its attorneys' fees. The plaintiff has appealed, and we will file our appellate briefing later this summer. (19th Judicial Dist. Ct. of the State of Louisiana Ongoing)

**Jim Brown v. Electronic Arts**
Defended Electronic Arts in nine-year right-of-publicity and trademark litigation by former NFL star Jim Brown, who challenged EA's use of his alleged likeness in its "Madden NFL" video game. After the 9th Circuit affirmed the dismissal of Brown's Lanham Act claim, he re-filed his state-law right-of-publicity claims in Superior Court. After the Superior Court denied EA's anti-SLAPP motion, EA appealed to the California Court of Appeal arguing that the existing balancing tests applied in right-of-publicity cases are not sufficiently protective of speech, and that courts should treat the right-of-publicity as a content-based restriction on speech that is subject to almost-always-fatal strict constitutional scrutiny. The matter was resolved informally while the appeal was pending. (2016)

**Michael Davis, et al. v. Electronic Arts**
Represented Electronic Arts in the 9th Circuit in an appeal of order denying EA's special motion to strike right-of-publicity claims targeting alleged use of retired NFL players' alleged likenesses in Madden NFL video

U.S. District Court Western District of Wisconsin, 2001

U.S. District Court Northern District of California, 2002

U.S. District Court Eastern District of Wisconsin, 2011

U.S. Court of Appeals 5th Circuit, 2014

Exhibit 4

- 94 -

game. Oral argument focused the panel on the threshold issue of whether the right-of-publicity, when applied to expressive works like films, books, and video games, is a content-based regulation that should be subject to strict constitutional scrutiny. The panel found that it was bound by previous 9th Circuit authority and affirmed the district court's decision. In its next major right-of-publicity opinion, however, the 9th Circuit adopted EA's argument that California's right-of-publicity statute is a content-based restriction on speech that is subject to strict scrutiny. (2016)

**Rahman v. Showtime Networks, Floyd Mayweather, et al.**
Represented Showtime in right-of-publicity lawsuit arising from docuseries "All Access." Two amateur boxers sued Showtime and boxing champion Floyd Mayweather based on the production and airing of an episode of the series, which showed them sparring at Mayweather Las Vegas gym in the weeks leading up to the Mayweather-Pacquiao fight. (Nev. Dist. Ct. 2016)

**Hoelscher v. Magical Elves, Turner Broadcasting, et al.**
Defending Magical Elves, Turner Broadcasting, Wolf Reality, and others in right-of-publicity lawsuit filed by a murder victim's surviving children against producers of TNT's docuseries "Cold Justice." (57th Judicial Dist. Ct. of the State of Texas, Bexar County, Ongoing)

**Singletary v. Magical Elves, Wolf Reality, et al.**
Defended Magical Elves and Wolf Reality in right-of-publicity lawsuit filed by a murder suspect against producers of TNT's docuseries "Cold Justice." The case was resolved on favorable terms for our client. (Tenn. Cir. Ct., Sumner County, 2015)

**Keller v. Electronic Arts**
Represented EA in the district court and 9th Circuit in key right-of-publicity case. The district court denied EA's special motion to strike the plaintiff's claims arising from EA's use of the former college quarterback's likeness in its "NCAA Football" video game. The case, which was consolidated for appeal with *Brown v. Electronic Arts*, pitted the game publisher's First Amendment rights against celebrities' right-of-publicity. (C.D. Cal., 9th Cir. 2009-2013)

**Buzz Aldrin v. The Topps Company**
Successfully defended The Topps Company against right-of-publicity claims filed by astronaut Buzz Aldrin arising from Topps' use of Aldrin's name and likeness in the Topps American Heritage: American Heroes trading-card set and on the cover and packaging of that work. The court recognized (for the first time within the 9th Circuit) that trading-cards are constitutionally protected expressive works, granted Topps' anti-SLAPP motion, and dismissed the claims. Aldrin agreed to dismiss his appeal in exchange for Topps' waiver of its right to recover fees. (C.D. Cal., 9th Cir. 2012)

**Ahmed v. Lions Gate Entertainment**
Successfully defended Lionsgate against right of publicity claims arising from use of convicted terrorist's likeness in motion picture "The Next Three Days." The defendant contended that the film's producer should have obtained permission to use his likeness on a watch list used as a prop. The court granted Lionsgate's anti-SLAPP motion, entitling Lionsgate to a fee award, and dismissed the lawsuit. (Cal. Super. Ct. 2012)

**Lindgren v. Microsoft**
Defended Microsoft against right-of-publicity, false light, and unfair competition claims arising from MSN.com's article that used plaintiff's likeness without his permission. The court granted Microsoft's SLAPP motion, finding that MSN.com's conduct was protected under California's SLAPP statute and that plaintiff could not show a probability of prevailing on any of his claims. (Cal. Super. Ct. 2012)

**Eisenberg v. Lions Gate Entertainment**
Defended Lionsgate against right-of-publicity and unfair-competition claims arising from the use of actor Jesse Eisenberg's name and likeness on the cover of a DVD release of the film "Camp Hell." The matter was resolved during the appeal of an order denying Lionsgate's anti-SLAPP motion. (Cal. Super. Ct., Cal. Ct. App., 2013)

**Hilton v. Hallmark Cards**

Exhibit 4

Represented several video game publishers as amici counsel in connection with rehearing petition in 9th Circuit in right-of-publicity case arising from the use of Paris Hilton's likeness on a parodic greeting card. The court modified its original opinion, adopting amici's arguments. (9th Cir. 2010)

## IDEA SUBMISSION

### Hulse v. MTV Networks

Successfully defended MTV Networks against idea-submission claims arising from hit reality series "Jersey Shore." After allowing plaintiff extensive discovery, the court granted MTVN's motion for summary judgment, finding that VH1 had independently created the series without using plaintiff's idea that allegedly was pitched to MTV. The court also found that plaintiff lacked standing to assert his implied-in-fact contract claim. (Cal. Super. Ct. 2012; Cal. Ct. App. 2013)

### McGhee v. MTV Networks

Defended MTV Networks and Randy Jackson against breach of implied-in-fact contract and other idea-submission claims arising from the reality-television show "America's Best Dance Crew." The case was resolved several days after MTV filed its motion for summary judgment based on independent creation and the statute of limitations. (Cal. Super. Ct. 2011)

### Mete v. Showtime Networks

Defended Showtime Networks against idea-submission lawsuit filed by woman who pitched idea for online reality program. Court sustained Showtime's demurrer to complaint without leave to amend, and entered judgment in favor of Showtime. Plaintiff dismissed her appeal voluntarily. (Cal. Super. Ct. 2010)

## DEFAMATION AND INVASION OF PRIVACY

### Bryan v. News Corp., et al

Representing News Corp. and related defendants against libel, privacy, and illegal recording claims filed by the toe-sucking former paramour of Sarah Ferguson, Duchess of York.  Plaintiff's complaint focuses on an article reported and written by the so-called Fake Sheikh, an English journalist whose controversial reporting techniques recently led to his conviction on criminal charges in the UK. The case presents the important issue of whether a third party's television exposé about a news organization's years-old reporting restarts the statute of limitations. (Los Angeles Superior Court, Cal. Ct. App. Ongoing)

### Shelton v. Bauer Publishing, et al.

Defending entertainment magazine publisher against defamation claims arising from reporting about country music star's well-publicized alcohol use. The district court denied our anti-SLAPP motion, and we have appealed to the 9th Circuit. (Ongoing)

### Boladian, et al. v. Simon & Schuster, et al.

Defended Simon & Schuster and Ben Greenman, the publisher and co-author of funk musician George Clinton's 2014 memoir, in a defamation and false light lawsuit filed by Clinton's nemesis, Armen Boladian. In late 2015, the court granted our anti-SLAPP motion on behalf of Simon & Schuster and Greenman, and dismissed Boladian's claims with prejudice. Plaintiff has subsequently dismissed his appeal as to our clients. (Los Angeles Superior Court, 2015; Cal. Ct. App. 2016)

### Strouse-Johnson v. Penguin Group

Successfully defended Penguin and author Jillian Shriner against defamation, invasion of privacy, and other claims arising from the use of the plaintiff's photograph in a promotion for book "Some Girls: My Life in a Harem," which recounted the author's experiences in a royal harem in Brunei. The court granted Penguin and Ms. Shriner's anti-SLAPP motion and dismissed all of the plaintiff's claims with prejudice. (Cal. Super. Ct. 2012)

### Herpin v. Simon & Schuster

Successfully defended Simon & Schuster and child star Jodie Sweetin against false-light lawsuit filed by her ex-husband based on her memoir. The plaintiff dismissed his lawsuit with prejudice after defendants filed their anti-SLAPP motion. (Cal. Super. Ct. 2011)

Exhibit 4

- 96 -

**Rooke v. MTV Networks**

Successfully defended MTV Networks in an invasion of privacy, trespass, and negligence lawsuit arising from the production and broadcast of the popular reality television series "The Hills." MTV moved to strike the plaintiff-homeowner's claims under California's anti-SLAPP statute. After the court dismissed the privacy and trespass claims the homeowner voluntarily dismissed all of his claims against MTV to avoid liability for MTV's attorneys' fees. (Cal. Super. Ct. 2010)

**Ishkanian v. Baker**

Successfully represented Wenner Media, publisher of Us Weekly, in persuading the Court of Appeal to overturn a trial court's order denying the magazine's special motion to strike a former employee's $55 million lawsuit for defamation and other torts. On remand, the trial court awarded Wenner Media its attorneys' fees. (Cal. Super. Ct., Cal. Ct. App. 2009)

**Clark v. Cable News Network and Larry King**

Defended CNN and Larry King against defamation lawsuit filed by actress Lynn Redgrave's ex-husband, based on statements about their divorce proceedings made on "Larry King Live." The 9th Circuit affirmed the district court's order dismissing the lawsuit. (C.D. Cal., 9th Cir. 2007)

**Spears v. Us Weekly**

Successfully defended Us Weekly against libel claim by Britney Spears. The court granted the magazine's anti-SLAPP motion, dismissed the lawsuit, and awarded the magazine its attorneys' fees. (Cal. Sup. Ct. 2007)

## PRIOR RESTRAINTS

**State of Idaho v. Brad Compher**

Represented TNT and Magical Elves in connection with a murder defendant's request for prior restraint/injunction to prohibit TNT from airing an episode of TNT's docuseries "Cold Justice," which investigated the unsolved killing for which the defendant faces trial. The defendant claimed that the episode, if aired on TNT, would prejudice his right to a fair trial. The district court denied his request for an injunction, and an appellate court affirmed in an emergency proceeding. Two months later, the defendant subpoenaed outtakes and other materials from Magical Elves relating to the investigation. We successfully moved to quash the subpoena. (Bannock County Idaho District Court 2015)

**Freedom Communications v. Superior Court**

Petitioned Court of Appeal for emergency writ to vacate prior restraint against newspaper. The court granted the newspaper's petition and issued a published opinion reaffirming the strong constitutional presumption against prior restraints. (Cal. Super. Ct. 2008)

## OTHER LITIGATION EXPERIENCE

**Taylor v. Viacom**

Defending Viacom against rap artist's breach of fiduciary duty, negligence, and related claims arising from casting of the reality television series "She's Got Game." We intend to file an anti-SLAPP motion. (Ongoing)

**The Press-Enterprise v. San Bernardino County Employees Retirement Association**

Successfully represented "The Press-Enterprise" in Public Records Act lawsuit resulting in judgment compelling public agency to release information about pensions paid to retired public employees. The court subsequently awarded "The Press-Enterprise" 100 percent of its requested fees. (Cal. Super. Ct. 2011)

**In re Marriage of Nicholas**

Represented Los Angeles Times and argued before Court of Appeal in case arising from sealing of court records relating to high-profile divorce. The Court of Appeal recognized that successor judges have broad rights to vacate sealing orders and affirmed order granting public access to court file. 186 Cal. App. 4th 1566 (2010)

**Mattel v. MCA**

Successfully defended "BusinessWeek" reporter who was subpoenaed to testify by Mattel in multibillion-

Exhibit 4

- 97 -

dollar civil lawsuit arising from ownership of Bratz dolls. Relying on First Amendment reporter's privilege, the court denied Mattel's motions to compel and motions for reconsideration before the discovery master, and Mattel's motions asking the district court judge to reverse the master's orders. (C.D. Cal. 2008)

**Board of Trustees of California v. Superior Court**
Represented The Copley Press, publisher of the *San Diego Union-Tribune*, in a Public Records Act lawsuit against San Diego State University. The court ordered the university to release several documents, and awarded the newspaper its attorneys' fees and costs. 132 Cal. App. 4th 889 (2005)

**In re Molz**
Represented the California Newspaper Publishers Association as amicus curiae in an important newspaper adjudication case. The Court of Appeal allowed CNPA to participate in oral argument and issued a published decision adopting CNPA's position. 127 Cal. App. 4th 836 (2005)

**Los Angeles Times v. Board of Supervisors**
Obtained important published decision from the Court of Appeal, reversing a trial-court order denying attorneys' fees to a successful plaintiff in a Brown Act open-meetings case. 112 Cal. App. 4th 1313 (Cal. Super. Ct., Cal. Ct. App. 2003)

**DEVELOPMENT, PRODUCTION, AND PRE-BROADCAST COUNSELING, AND OTHER IP ADVICE**

**Pre-broadcast and production counseling and IP advice for various television series and pilots**
Al and his team regularly provide counsel on rights, pre-broadcast, advertising, and promotions issues, and related services for television networks, production companies, and other content services including: Amazon Studios, Netflix, HBO, Showtime, Comedy Central/Viacom, Turner Broadcasting (TNT, truTV, Turner Sports, Adult Swim, Cartoon Network), VICELAND, Fusion, AMC, A&E, El Rey Network, Pivot/Participant Media, Legendary Television, Lionsgate Television, Funny or Die, SuperDeluxe, Abso Lutely, ITV, Magical Elves, Left/Right, Titmouse Studios, Red Bull Media House, LeVision Entertainment, LinkedIn, Shed Media, Entertainment One, Blumhouse, South Park Studios and others. Representative projects include "@midnight," "Tosh.0," "South Park," "Cold Justice," "Unlocking the Truth," "Billions," "The Affair," "Ray Donovan," "Orange is the New Black," "Ballers," "Full Frontal with Samantha Bee," "Last Week Tonight," "Chumel con Chumel Torres," "The Man in the High Castle," "Transparent," "I Love Dick," "Stranger Things," "Nathan for You," "The Eric Andre Show," "Rick and Morty," "With Bob and David," "American Playboy," "Throwing Shade," "Manuscript," "Grand Tour," "Desus & Mero," "Weediquette," "Hamilton's Pharmacopeia," and "Triumph's Election Special 2016." (Ongoing)

**Pre-distribution and production counseling and IP advice for motion pictures, documentaries, and video games**
Al and his team regularly counsel the producers of feature-length films, documentaries, and video games regarding right of publicity, life rights, copyright, trademark, and defamation issues, often on projects that tackle sensitive topics and involve substantial fair use issues ("Spotlight," "Funny or Die Presents Donald J. Trump's The Art of the Deal," "Anomalisa," "Winning: The Racing Life of Paul Newman," "Virunga," "Finding Vivian Maier," "Prophet's Prey," "Deliver Us From Evil," "West of Memphis," "Tales of the Grim Sleeper," "South Park: Stick of Truth," "South Park: Fractured But Whole," "Whitney: Can't I Be Me?"). Representative clients include Netflix, Amazon Studios, Cross Creek Pictures, Disarming Films, Funny or Die, South Central Films, Participant Media, Ravine Pictures, Legendary, and South Park Digital Studios.

**Intellectual property/First Amendment Counsel to Entertainment Software Association**
IP and First Amendment counsel to the Entertainment Software Association, the trade association that represents major video-game publishers in the United States. Worked with the ESA on proposed right-of-publicity bills in Minnesota, Arkansas, Alabama, South Carolina, Michigan, Indiana, Massachusetts, New Hampshire, and New York, encouraging lawmakers to afford video games the same protections as other expressive works. Testified before legislative committees, met with lawmakers, submitted written comments to proposed legislation, and helped formulate ESA's strategy. ESA's efforts have been opposed by professional athletes' union and by SAG-AFTRA. (Ongoing)

**Professional & Community Activities**

Exhibit 4
- 98 -

- Instructor, "Law of Mass Communications," Annenberg School for Communication, University of Southern California, Fall 2000-2007
- Founding Co-Chair, Media Law Resource Center, California Chapter
- Board of Trustees, Hollywood United Methodist Church
- ABA Forum on Communications Law

<span style="color:red">**Professional Recognition**</span>

- Received the "H. Stewart Tremaine Award for Exemplary Teamwork," Davis Wright Tremaine, 2018
- Named One of the "50 Top Entertainment Attorneys" by The Daily Journal, 2014-present
- Named as one of the "Top 75 Intellectual Property Litigators in California" by the Los Angeles Daily Journal, 2013-2014
- Named by the Hollywood Reporter as one of the "Top 100 Power Lawyers-Litigation," 2011-2017
- Named one of "America's Leading Lawyers for Business" in Media & Entertainment: Litigation (California) by Chambers USA, 2006-2018; Received "Band 1" ranking, 2012-2018
- Selected by Best Lawyers as Los Angeles' "Lawyer of the Year" in Litigation–First Amendment, 2013, 2018; Media Law, 2017
- Named one of the "Best Lawyers in America" in Media Law by Best Lawyers, 2007-present; named in First Amendment Law, 2010-present
- Selected to "Southern California Super Lawyers" in Intellectual Property Litigation, Media and Advertising, Entertainment & Sports, Thomson Reuters, 2004-2018
- Named one of Lawdragon's "500 New Stars, New Worlds," 2006
- Named as one of California Law Business' "20 Under 40," 2000

<span style="color:red">**Advisories**</span>

| | |
|---|---|
| 10.15.13 | New California Law Protects Journalists' Records Held By Third Parties |
| 06.14.12 | 7th Circuit Affirms Early Dismissal Based on Fair Use in "South Park" Parody Case |
| 06.01.11 | 9th Circuit: California Idea-Submission Claims Not Preempted by Copyright Act |
| 05.19.10 | 9th Circuit Significantly Revises Its Opinion in Hilton v. Hallmark Cards |
| 08.27.07 | California Supreme Court Strongly Reaffirms Right of Access to Information about Public Employees |
| 07.28.06 | California Supreme Court Applies Electronic-Recording Statute to Calls Placed from One-Party-Consent State into California |

<span style="color:red">**News**</span>

| | |
|---|---|
| 05.07.18 | Davis Wright Tremaine Recognized by Chambers as One of the Country's Leading Law Firms for Business |
| 01.29.18 | Quoted in "Media & Entertainment Group of the Year: Davis Wright," Law360 |
| 08.15.17 | Twelve From Davis Wright Tremaine Named 2018 "Lawyers of the Year" by Best Lawyers |
| 08.03.17 | Chambers USA Recognizes More Than 100 Davis Wright Tremaine Lawyers as Leaders in Their Fields |
| 05.03.17 | Kelli Sager and Alonzo Wickers Named to Hollywood Reporter's List of "Power Lawyers" |

Exhibit 4

| | |
|---|---|
| 04.26.17 | "Power Lawyers 2017: Hollywood's Top 100 Attorneys," The Hollywood Reporter |
| 04.17.17 | "Beyonce Asks Court to Slay 'Formation' Lawsuit," The Hollywood Reporter |
| 08.15.16 | Eighteen DWT Attorneys Named 2017 "Lawyers of the Year" by Best Lawyers |
| 06.16.16 | Davis Wright Tremaine Partner Alonzo Wickers Named to the Hollywood Reporter's List of "Power Lawyers" |
| 05.27.16 | Chambers USA Recognizes Davis Wright Tremaine LLP in 33 Practice Areas and Names 89 Attorneys "Leading Lawyers for Business" |
| 05.20.15 | Chambers USA Recognizes Davis Wright Tremaine LLP in 31 Practice Areas and Names 86 Attorneys "Leading Lawyers for Business" |
| 05.01.15 | Davis Wright Tremaine Partners Kelli Sager and Alonzo Wickers Named Once Again to The Hollywood Reporter's List of "Power Lawyers" |
| 05.27.14 | Chambers USA Recognizes Davis Wright Tremaine LLP in 31 Practice Areas and Names 89 Attorneys "Leading Lawyers For Business" |
| 04.30.14 | Davis Wright Tremaine Partners Kelli Sager and Alonzo Wickers IV Named Once Again to The Hollywood Reporter's List of "Power Lawyers" |
| 04.24.14 | "James Franco Sued for Violating Film Rights to Charles Bukowski Novel," The Hollywood Reporter |
| 04.11.14 | Kelli Sager and Alonzo Wickers IV of Davis Wright Tremaine LLP Named to List of California's Top 75 IP Litigators |
| 05.30.13 | Chambers USA Recognizes Davis Wright Tremaine LLP in 43 Practice Areas and Names 88 Attorneys "Leading Lawyers For Business" |
| 05.23.13 | Davis Wright Tremaine Partners Kelli Sager and Alonzo Wickers IV Named to Hollywood Reporter's List of "Power Lawyers" |
| 04.18.13 | Three Davis Wright Tremaine LLP Attorneys Named to List of California's Top 75 IP Litigators |
| 09.14.12 | Nine Attorneys From Davis Wright Tremaine LLP Named 2013 "Lawyers of the Year" by Best Lawyers |
| 07.20.12 | Two From Davis Wright Tremaine Named To The Hollywood Reporter's "Power Lawyers" List |
| 06.07.12 | Chambers USA Recognizes Davis Wright Tremaine LLP in Multiple Practice Areas and Names 89 Attorneys "Leading Lawyers For Business" |
| 10.05.11 | Eleven Attorneys From Davis Wright Tremaine LLP Named 2012 "Lawyers of the Year" by Best Lawyers |
| 07.13.11 | The Hollywood Reporter Names Three From Davis Wright Tremaine To "Power Lawyers" List |

## Presentations

| | |
|---|---|
| 04.16.11 | "California's Public Records Act: Nuts 'n Bolts," California Newspaper Publishers |

Exhibit 4

Association Press and Governmental Affairs Summit,

| | |
|---|---|
| 2010 | "Privacy, Publicity, and Use and Protection of Data," NAA/NAB/MLRC Media Law Conference, Chantilly, Va. - Co-Chair |
| 2010 | "Catastrophes: Case Studies, Can Attorneys Work Well with Others to Manage and Survive Big Problems?" 7th Annual Media Law Resource Center/Southwestern Law School Entertainment and Media Law Conference |
| 2008 | "Developments in Entertainment Law," ABA Forum on Communications Law |
| 2008 | "Developments in Entertainment and First Amendment Law," Entertainment and Sports Law Conference and Intellectual Property Law Institute |
| 2007 | "Developments in Newsgathering," National Association of Broadcasters Annual Conference |
| 2007 | Facilitator, Newsgathering Breakout Session, ABA Forum on Communications Law |
| 2007 | MLRC/Southwestern Law School Digital Revolution Conference - Co-Chair |
| 2006 | "Newsgathering and Pre-publication Review," HBO Legal Retreat |
| 2005 | "Developments in Indecency Regulation," Entertainment and Sports Law Conference and Intellectual Property Law Institute |
| 2003 | "Diversity in the Media Bar," ABA Forum on Communications Law, Scottsdale, Ariz. |
| 2003 | "Access to Courtrooms and Court Records in High-Profile Trials," California First Amendment Coalition Open Government '03 Conference |
| 2003-2005, 2007-2009 | ABA Forum on Communications Law, Media Law Advocacy Workshop - Faculty |
| 2002 | "Asserting Your CPRA Rights to Government Records," California First Amendment Coalition Open Government '02 Conference |
| 2002 | "Developments in Newsrack Law," Cal-Western Circulation Manager's Annual Conference |
| 2000 | "Defamation, Privacy and Publicity," UCLA Extension, Legal and Business Program |

## Publications

| | |
|---|---|
| August 2011 | "Montz v. Pilgrim Films & Television, Inc.: Copyright Preemption and Idea Submission Cases," Communications Lawyer, American Bar Association, Vol. 28, No. 2 |

©1996-2017 Davis Wright Tremaine LLP. ALL RIGHTS RESERVED. Attorney Advertising. Prior results do not guarantee a similar outcome.

Exhibit 4
- 101 -

# EXHIBIT B

Exhibit 4
- 102 -





## Jonathan Segal

**Partner**

jonathansegal@dwt.com

**Los Angeles**
T  213.633.8667
F  213.633.6899



Jon is an attorney with a passion for digital and traditional media, who has worked on award-winning productions in film, television, and the interactive space. His practice naturally focuses on intellectual property, communications, First Amendment, and other issues that affect the companies and technologies that make what we watch, amuse and delight us, and inform all of our worldviews. He provides counseling for feature films and for programming produced or distributed by HBO, Legendary Television, Netflix, Seeso, Funny or Die, CNBC, E!, USA Networks, AETN, ABC, Comedy Central, Netflix, Hulu, Amazon, Participant Media, MTV, VH1, Adult Swim, IFC, TruTV, Showtime Networks, PBS, Discovery Communications, SuperDeluxe, Crackle, and YouTube, with an emphasis on programming with intensive social-media engagement, documentaries, and content that is based on true events. He also advises print publications, including US Weekly and The Hollywood Reporter.

Among many other productions, Jon has counseled "Spotlight" (winner of the Academy Award for Best Picture), "13th" (named to the shortlist for the Academy Award for Best Documentary), "@Midnight" (two-time Emmy winner for Best Social Media Experience), "Denial," "The Daily Show," "The Nightly Show," "South Park," "Last Week Tonight," "Love," "Colony," "Janis: Little Girl Blue," "The Profit," "The Real World," "The Challenge," "Celebrity Wife Swap," "With Bob and David," "Comedy Bang Bang," "Too Many Cooks," "WAGS: Wives and Girlfriends of Professional Athletes," "Guy's Grocery Games," "Rick and Morty," and "Tim & Eric's Bedtime Stories."

As a litigator, Jon has successfully defended content creators from claims of all sorts, including claims for defamation, false light, right of publicity, and copyright infringement. On behalf of media and nonprofit clients, he has also successfully sued municipal, state, and federal agencies for public records under the federal Freedom of Information Act and California Public Records Act. Jon has argued before the California Superior Court, United States District Court, and the United States Court of Appeals for the 9th Circuit.

Specialties: Pre-broadcast and pre-publication counseling, fair use, copyright, defamation, idea submission, DMCA, right-of-publicity, and other media-related litigation.

## Representative Experience

**Frigon v. Universal Pictures**
Defending Universal Pictures in a right-of-publicity, unfair competition, and false advertising lawsuit arising from the upcoming Tom Cruise film "American Made" (formerly "Mena"), which chronicles the life of Barry Seal, a cocaine smuggler and CIA informant who was assassinated by Colombian drug lords in 1986. Seal's ex-wife/executor alleges that the studio was required to obtain her consent to make the film and asked the court for damages for violation of his right-of-publicity and for an order setting aside a life rights agreement that the producers entered into with several of Seal's other relatives. The district court in Louisiana granted our motion to dismiss in September 2016, and recently denied the plaintiffs' motion for a new trial, as well. In February 2017, the court deemed Universal to be the prevailing party under Louisiana's anti-SLAPP statute and set a hearing on our client's entitlement to recover its attorneys' fees. The plaintiff has appealed, and we will file our appellate briefing later this summer. (19th Judicial Dist. Ct. of the State of Louisiana Ongoing)

**EDUCATION**

**J.D., University of California, Los Angeles, School of Law, 2008**

- Executive Editor, UCLA Law Review
- Senior Articles Editor, UCLA Entertainment Law Review

**M.A., American Civilization, Brown University, 2002**

**B.A., Journalism, International Relations, University of Wisconsin, 1999**

**RELATED PRACTICES**

Litigation

Intellectual Property

Intellectual Property Litigation

Media & First Amendment

Access to Public Records & Proceedings

Defamation & Privacy

Right of Publicity

Government Regulation of Content

Pre-Publication & Pre-Broadcast Review

Prior Restraints

Subpoenas & Reporters' Privilege

Theft of Ideas

SLAPP Litigation

**ADMITTED TO PRACTICE**

California, 2009

California Superior Court

U.S. Court of Appeals 9th Circuit

U.S. District Court Central District of California

U.S. District Court Northern

Exhibit 4
- 103 -

**The Sporting Times, et al. v. Orion Pictures, Metro-Goldwyn-Mayer Studios, Inc., Have Glove Productions, et al.**

Representing defendants in a lawsuit filed by an online sports publication, The Sporting Times, which claims that its trademark was unlawfully used in Spaceman, a biopic about eccentric former Major League Baseball star Bill "Spaceman" Lee. The plaintiffs allege that the film and its trailer infringed their mark by using it without their permission. The lawsuit includes trademark and false advertising claims under federal and state law, and pits our clients' First Amendment right to free expression against the plaintiffs' trademark interests. Our motion to dismiss is pending. (Ongoing)

**Taylor v. Viacom**

Defending Viacom against rap artist's breach of fiduciary duty, negligence, and related claims arising from casting of the reality television series "She's Got Game." We intend to file an anti-SLAPP motion. (Ongoing)

**Michael v. Estate of Kovarbasich**

Successfully fought document subpoena directed to journalist and professor Bonnie Stewart by Consolidation Coal Company. The United States District Court found that professor Stewart's interview notes and transcripts, to the extent they existed, were protected by the qualified reporter's privilege. 44 Media L. Rep. 1572 (2015)

**Pasadena Police Officers Association v. Superior Court (Los Angeles Times, Real Party in Interest)**

Represented the Los Angeles Times on appeal, to obtain access to redacted copy of report evaluating the City of Pasadena's investigation of and response to the fatal shooting of an unarmed teenager. 240 Cal. App. 4th 268 (2015)

**Singletary v. Magical Elves, Wolf Reality, et al.**

Defended Magical Elves and Wolf Reality in right-of-publicity lawsuit filed by a murder suspect against producers of TNT's docuseries "Cold Justice." The case was resolved on favorable terms for our client. (Tenn. Cir. Ct., Sumner County, 2015)

**Brodeur v. Atlas Entertainment (American Hustle)**

Represented a group of amici made up of media and entertainment organizations in successful appeal of a Superior Court decision that denied the producers and distributor of American Hustle's special motion to strike. The Court of Appeals reversed the adverse Superior Court decision, finding that the SLAPP statute applied to a defamation claim related to the film, and striking the complaint. 248 Cal. App. 4th 665 (2016)

**David Strick v. Los Angeles Times Communications, LLC, et al.**

Represented the Los Angeles Times and the Tribune Company in a copyright infringement lawsuit brought by a freelance photographer who claimed that the defendants were liable for more than 500 violations of his copyrights for the use of photographs that the Times defendants claimed were covered by a license agreement. Succeeded in a motion to compel arbitration in 2011. In 2012, succeeded in obtaining a judgment from the arbitrator in favor of the Times and the Tribune dismissing the lawsuit, and granting the defendants' request for attorneys' fees and costs in excess of $260,000. Order confirming arbitration award entered in 2014. (C.D. Cal./Arbitration 2014)

**First Amendment Coalition v. DOJ**

Prosecuting Freedom of Information Act lawsuit to compel the U.S. Justice Department to disclose its legal memoranda concerning the legality of the lethal targeting of U.S. citizens overseas. Plaintiff First Amendment Coalition obtained two previously classified memoranda. In December 2016, Jon argued an appeal related to this case before the United States Court of Appeals for the 9th Circuit. (Ongoing)

**In re Clergy Cases**

Represented the Los Angeles Times and Associated Press in their intervention into a long-running dispute regarding the release of documents reflecting the alleged abuse of children, and conduct by the Archdiocese of Los Angeles in connection with that alleged abuse. Obtained the release of unredacted documents, which included the names of all members of the Church Hierarchy charged with supervising accused priests. (Cal. Super. Ct. 2012)

Exhibit 4
- 104 -

**Medi Entity v. Health Investment Corp. & VCFB Management v. Anaheim General Hospital LP**
Defended hospital-related entities in breach of contract and related claims arising from two failed attempts by plaintiffs to acquire hospital. (Cal. Super. Ct. 2012)

**ACTV8 v. Media General**
Represented multimedia company Media General in a suit alleging breach of contract and fraud related to the development of mobile applications to use smartphones and tablets as second screens while watching television (C.D. Cal. 2011)

**Los Angeles Times Communications & McClatchy Newspapers v. California Legislature**
Represented the Los Angeles Times and McClatchy newspapers in landmark case seeking California Legislators' office budget records under the Legislative Open Records Act (LORA). The Court ordered the release of all records sought and the Legislature paid the Times and McClatchy's attorneys' fees incurred in securing the order. (Cal. Super. Ct. 2011)

**Omidi v. Hiltzik; Omidi v. Pfeifer; Silverman v. Hiltzik, 1-800GET THIN LLC v. Hiltzik**
Represented the Los Angeles Times in a series of related cases, all of which arose from The Times' reporting about two brothers, both former Beverly Hills surgeons, who began a lucrative weight-loss business. *Omidi v. Hiltzik* and *Omidi v. Pfeifer* alleged defamation based on reporting by The Times, and *Silverman v. Hiltzik* alleged illegal recording of phone conversations by a Times columnist. All three cases were thrown out on early motions under California's SLAPP law, and fees were awarded to the Times in each case. A fourth case alleging violations of federal trademark laws was also thrown out by a federal judge on an early motion. (Cal. Super. Ct. 2011; C.D. Cal. 2011)

**Vanetik v. Hart Energy Publishing**
Represented Hart Energy Publishing, publisher of "Oil and Gas Investor" and oilandgasinvestor.com, in a defamation, false light, and misappropriation case arising from an article published by Hart. The case was thrown out on an early motion under California's SLAPP statute, and the California Court of Appeal upheld its dismissal. Hart also recovered nearly all the attorneys' fees incurred in the action. (Cal. Super. Ct.; Cal. Ct. of Appeals, 4th Dist. 2011)

**Pre-broadcast and production counseling and IP advice for various television series and pilots**
Regularly provides counsel on rights, pre-broadcast, advertising, and promotions issues, and related services for television networks, production companies, and other content services including: Amazon Studios, Netflix, HBO, Showtime, Comedy Central/Viacom, Turner Broadcasting (TNT, truTV, Turner Sports, Adult Swim, Cartoon Network), VICELAND, Fusion, AMC, A&E, El Rey Network, Pivot/Participant Media, Legendary Television, Lionsgate Television, Funny or Die, SuperDeluxe, Abso Lutely, ITV, Magical Elves, Left/Right, Titmouse Studios, Red Bull Media House, LeVision Entertainment, LinkedIn, Shed Media, Entertainment One, Blumhouse, South Park Studios and others. Representative projects include "@midnight," "Tosh.0," "South Park," "Cold Justice," "Unlocking the Truth," "Billions," "The Affair," "Ray Donovan," "Orange is the New Black," "Ballers," "Full Frontal with Samantha Bee," "Last Week Tonight," "Chumel con Chumel Torres," "The Man in the High Castle," "Transparent," "I Love Dick," "Stranger Things," "Nathan for You," "The Eric Andre Show," "Rick and Morty," "With Bob and David," "American Playboy," "Throwing Shade," "Manuscript," "Grand Tour," "Desus & Mero," "Weediquette," "Hamilton's Pharmacopeia," and "Triumph's Election Special 2016." (Ongoing)

**Pre-distribution and production counseling and IP advice for motion pictures, documentaries, and video games**
Regularly counsels the producers of feature-length films, documentaries, and video games regarding right of publicity, life rights, copyright, trademark, and defamation issues, often on projects that tackle sensitive topics and involve substantial fair use issues ("Spotlight," "Funny or Die Presents Donald J. Trump's The Art of the Deal," "Anomalisa," "Winning: The Racing Life of Paul Newman," "Virunga," "Finding Vivian Maier," "Prophet's Prey," "Deliver Us From Evil," "West of Memphis," "Tales of the Grim Sleeper," "South Park: Stick of Truth," "South Park: Fractured But Whole," "Whitney: Can't I Be Me?"). Representative clients include Netflix, Amazon Studios, Cross Creek Pictures, Disarming Films, Funny or Die, South Central Films, Participant Media, Ravine Pictures, Legendary, and South Park Digital Studios. (Ongoing)

Exhibit 4
- 105 -

**Additional Qualifications**

- Associate, Irell & Manella LLP, Los Angeles, 2009-2011
- Judicial Clerk, Hon. Cormac J. Carney, U.S. District Court, Central District of California, Santa Ana, Calif., 2008-2009

## Advisories

| | |
|---|---|
| 01.31.14 | Supreme Court Reiterates that New York Times Actual Malice Standard Requires Materially False Statements |
| 12.04.13 | 9th Circuit Declines to Reconsider Applicability of Anti-SLAPP Statute in Federal Court |
| 10.15.13 | New California Law Protects Journalists' Records Held By Third Parties |
| 01.18.12 | Judge Rules State Assembly Must Open Records |

## News

| | |
|---|---|
| 01.03.18 | Davis Wright Tremaine Promotes Six to Partner |
| 2017 | "Across the Firm," Davis Wright Tremaine Pro Bono Report |
| 08.25.17 | Quoted in, "FOIA Group That Got Al-Awlaki Memos Wins Fees in 9th Circ." Law360 |
| 2016 | "Author of Book About Mine Explosion Defeats Coal Company Subpoena of Her Notes," Davis Wright Tremaine Pro Bono Report |
| Winter 2014 | "DWT's San Francisco Office Setting the Pace for Pro Bono Work," Davis Wright Tremaine Pro Bono Report |

## Presentations

| | |
|---|---|
| 04.25.12 | "Everything You Want to Know About Law in Today's Society, Being A First Amendment & Media Litigator," Cal State Fullerton Communications Week |

## Publications

| | |
|---|---|
| 09.04.14 | Column, "The Information Google Doesn't Want You to Organize," USA Today |
| 2009 | "Anti-SLAPP Law Make Benefit for Glorious Entertainment Industry of America: Borat, Reality Bites, and the Construction of an Anti-SLAPP Fence Around the First Amendment," 26 Cardozo Arts & Entertainment Law Journal, 639 |
| 2008 | "The Expressive Workplace Doctrine: Protecting the Public Discourse from Hostile Work Environment Actions," 15 UCLA Entertainment Law Review, 1 |

©1996-2017 Davis Wright Tremaine LLP. ALL RIGHTS RESERVED. Attorney Advertising. Prior results do not guarantee a similar outcome.

Exhibit 4

# EXHIBIT C

Exhibit 4

- 107 -

**Davis Wright Tremaine LLP**

| | |
|---|---|
| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington D.C. |

Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

Viacom Media Networks
Viacom Inc

June 30, 2017
Invoice No. 6477907
**SENT ELECTRONICALLY**

JUNE INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:      0098567-000013
Taylor LItigation

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 05/02/17 | J. Segal | L120 | 0.10 | 25.67 | Email with A. Wickers regarding new case |
| 05/03/17 | A. Wickers | L120 | 0.70 | 341.60 | Telephone call with Ms. Stubbs and Ms. Cohen regarding ███████ (.2); review information regarding assigned magistrate and circulate to clients (.1); review PSA and loanout agreement (.4) |
| 05/09/17 | J. Segal | L110 | 0.30 | 77.00 | Brief research regarding anti-SLAPP procedures in federal court |
| 05/12/17 | J. Segal | L120 | 0.70 | 179.68 | Review complaint and SLAPP case law for federal court |
| 05/12/17 | A. Wickers | L110 | 0.20 | 97.60 | Communicate with Ms. Stubbs regarding ███████ |
| 05/15/17 | A. Wickers | L110 | 0.20 | 97.60 | Communicate with Ms. Stubbs and J. Segal regarding ███████ |



Viacom Media Networks
Invoice No. 6477907
Page 2

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|-------------|----------|------|--------|------------------------|
| 05/16/17 | J. Segal | L120 | 0.10 | 25.67 | Outline issues for anti-SLAPP motion |
| 05/17/17 | J. Segal | L210 | 0.20 | 51.34 | Contact opposing counsel regarding extension and email regarding same |
| 05/17/17 | A. Wickers | L110 | 0.10 | 48.80 | Attention to extension of time to respond to complaint |
| 05/18/17 | A. Wickers | L430 | 0.60 | 292.80 | Review background materials and analyze issues for anti-SLAPP motion |
| 05/19/17 | J. Segal | L250 | 0.30 | 77.00 | Draft and send stipulation for extension |
| 05/22/17 | J. Segal | L430 | 0.10 | 25.67 | Email opposing counsel regarding stipulation |
| 05/23/17 | J. Segal | L430 | 0.50 | 128.34 | Email opposing counsel regarding stipulation |
| 05/23/17 | A. Wickers | L110 | 0.20 | 97.60 | Attention to stipulation to extend time to respond to complaint (.1); communicate with Ms. Stubbs ███████ (.1) |
| 05/24/17 | J. Segal | L120 | 0.20 | 51.34 | Email with A. Wickers regarding timing of meet-and-confer and contents of SLAPP motion |
| 05/25/17 | J. Segal | L110 | 0.60 | 154.01 | Review District Court case docket and order transcript |
| 05/28/17 | J. Segal | L110 | 2.20 | 564.70 | Research and draft outline of SLAPP motion |
| 05/28/17 | A. Wickers | L190 | 0.40 | 195.20 | Review and edit outline for anti-SLAPP motion and questions for Ms. Stubbs and Ms. Cohen regarding ████████ |
| 05/30/17 | J. Segal | L430 | 0.30 | 77.00 | Review client email regarding ████████ and email A. Wickers regarding same |
| 05/31/17 | J. Segal | L430 | 0.20 | 51.34 | Emails with team regarding strategy for responsive pleadings (.1); email with Northern District court reporter regarding transcript acquisition (.1) |
| | Total Services | | 9.10 | $2,983.11 | |

Exhibit 4
- 109 -

## Davis Wright
## Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

| Anchorage | New York | Seattle |
|---|---|---|
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington D.C. |

Viacom Media Networks
Viacom Inc.

July 12, 2017
Invoice No. 6477842
**SENT ELECTRONICALLY**



JULY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:       0098567-000013
Taylor LItigation

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 06/01/17 | J. Segal | L430 | 0.60 | 154.01 | Review and circulate notice of lien (.2) review research regarding venue (.2); email A. Wickers regarding operative venue and choice of law in this case (.2) |
| 06/01/17 | A. Wickers | L110 | 0.40 | 195.20 | Communicate with E. McNamara ▮▮▮▮▮ (.2); review research memorandum regarding same in New York and California (.2) |
| 06/02/17 | A. Wickers | L110 | 0.40 | 195.20 | Telephone call with Ms. Hallie and Ms. Stubbs ▮▮▮▮▮ (.3); attention to review of court docket from Illinois matter (.1) |
| 06/04/17 | J. Segal | L110 | 1.40 | 359.35 | Review and analyze Illinois docket for evidence for SLAPP |
| 06/05/17 | J. Segal | L110 | 1.10 | 282.35 | Review and analyze Illinois docket for evidence for SLAPP |
| 06/05/17 | A. Wickers | L110 | 0.20 | 97.60 | Review summary of information available from court docket |


Davis Wright
Tremaine LLP

Viacom Media Networks
Invoice No. 6477842
Page 2

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|--------------|----------|------|--------|-------------------------|
| 06/06/17 | J. Segal | L430 | 0.60 | 154.01 | Email regarding transcript (.3) attention to issues regarding ordering transcript (.3) |
| 06/08/17 | J. Segal | L430 | 0.30 | 77.00 | Email opposing counsel regarding meet and confer (.1); email Mr. Schreiffer regarding documents (.2) |
| 06/12/17 | J. Segal | L430 | 0.20 | 51.34 | Email counsel regarding Taylor documents |
| 06/14/17 | J. Segal | L230 | 0.80 | 205.34 | Email client regarding magistrate consent (.1); email with opposing counsel regarding meet-and-confer (.2); prepare for and conduct meet-and-confer with opposing counsel (.4); email A. Wickers regarding meet-and-confer (.1) |
| 06/14/17 | J. Segal | L110 | 0.10 | 25.67 | Call Mr. Schreifer regarding documents |
| 06/14/17 | A. Wickers | L110 | 0.30 | 146.40 | Attention to negligence issues for anti-SLAPP motion |
| 06/15/17 | J. Segal | L430 | 0.10 | 25.67 | Email with A. Wickers regarding timing and contents of motion |
| 06/16/17 | J. Segal | L110 | 0.10 | 25.67 | Call Mr. Shriefer regarding documents |
| 06/17/17 | J. Segal | L430 | 0.80 | 205.34 | Research regarding SLAPP and negligent hiring |
| 06/18/17 | J. Segal | L430 | 7.60 | 1,950.77 | Draft SLAPP Motion |
| 06/19/17 | J. Segal | L430 | 1.30 | 333.68 | Draft SLAPP Motion |
| 06/19/17 | J. Segal | L430 | 0.20 | 51.34 | Call with Ms. Hernandez regarding documents |
| 06/20/17 | J. Segal | L430 | 8.20 | 2,104.78 | Research and draft SLAPP motion |
| 06/20/17 | A. Wickers | L430 | 2.30 | 1,122.40 | Edit draft of anti-SLAPP motion |
| 06/21/17 | J. Segal | L190 | 0.40 | 102.67 | Communications with A. Wickers regarding evidence (.2); email Mr. Zandi regarding transcript (.1); email Ms. Hernandez regarding documents (.1) |
| 06/21/17 | A. Wickers | L430 | 8.90 | 4,343.20 | Review and edit draft of anti-SLAPP motion |
| 06/22/17 | J. Segal | L430 | 2.20 | 564.70 | Research regarding releases in the entertainment context and breach of fiduciary duty (1.4); prepare Vitale Declaration (.4); revise motion (.4) |
| 06/22/17 | A. Wickers | L430 | 0.20 | 97.60 | Attention to exhibits and evidence in support of anti-SLAPP motion |
| 06/23/17 | J. Segal | L110 | 1.10 | 282.35 | Draft declaration for loanout agreement (.2); review transcripts (.5); review video footage (.4) |
| 06/23/17 | A. Morales | L240 | 4.30 | 756.59 | Cite-check case law cited in defendant's notice of motion and special motion to strike plaintiff's complaint |

Exhibit 4

- 111 -



Davis Wright Tremaine LLP

Viacom Media Networks
Invoice No. 6477842
Page 3

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|--------------|----------|------|--------|-------------------------|
| 06/23/17 | A. Wickers | L110 | 0.70 | 341.60 | Review ███████████ (.2); work on brief (.3); communicate with J. Segal regarding materials ███████ (.2) |
| 06/25/17 | J. Segal | L430 | 5.90 | 1,514.41 | Email with A. Wickers regarding planning for motion, hearing date, evidence, and revisions (.2); review and analyze trial transcript from Illinois action and pull sections for possible use in anti-SLAPP motion, revise motion, draft supporting declaration and request for judicial notice, review evidentiary materials for submission to court (5.7) |
| 06/25/17 | A. Wickers | L430 | 1.20 | 585.60 | Attention to exhibits and evidence in support of anti-SLAPP motion (.2); attention to selection of hearing date (.1); attention to use of materials from trial transcript (.2); work on finalizing anti-SLAPP motion (.7) |
| 06/26/17 | C. Freeman | L240 | 3.90 | 1,178.66 | Edit anti-SLAPP motion and related papers prior to filing |
| 06/26/17 | J. Segal | L430 | 7.10 | 1,822.43 | Email with A. Wickers regarding planning for motion, hearing date, evidence, and revisions (.2); review and analyze trial transcript from Illinois action and pull sections for possible use in anti-SLAPP motion, revise motion, draft supporting declaration and request for judicial notice, collate evidence, 6.9) |
| 06/26/17 | A. Morales | L240 | 1.50 | 263.93 | Prepare and bracket testimony for Exhibit B to defendant's motion to strike plaintiff's complaint |
| 06/26/17 | A. Wickers | L430 | 1.30 | 634.40 | Edit final draft of anti-SLAPP motion (.8); prepare for filing (.5) |
| 06/28/17 | J. Segal | L430 | 0.20 | 51.34 | Draft and send email to client ██████ |
| | Total Services | | 66.30 | $20,482.28 | |

Exhibit 4
- 112 -

## Davis Wright Tremaine LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington D.C. |

Viacom Media Networks
Viacom Inc.

August 08, 2017
Invoice No. 6484364
**SENT ELECTRONICALLY**

AUGUST INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:    0098567-000013
Taylor LItigation

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|-------------|----------|------|--------|------------------------|
| 07/05/17 | A. Wickers | L110 | 0.20 | 97.60 | Attention to plaintiff's counsel's request for call regarding anti-SLAPP motion |
| 07/06/17 | J. Segal | L430 | 0.10 | 25.67 | Email with opposing counsel regarding meeting |
| 07/06/17 | J. Segal | L430 | 0.40 | 102.67 | Confer with opposing counsel and emaI A. Wickers regarding same |
| 07/06/17 | A. Wickers | L120 | 0.10 | 48.80 | Attention to plaintiff's counsel's request for an extension |
| 07/07/17 | J. Segal | L250 | 0.20 | 51.34 | Communicate with client and opposing counsel regarding extension |
| 07/11/17 | J. Segal | L250 | 0.90 | 231.01 | Email with client regarding ▮▮▮▮ (.2); email with opposing counsel regarding extension and revise opposing counsel stipulation (.7) |
| 07/12/17 | J. Segal | L430 | 0.40 | 102.67 | Review and sign stipulation (.3); email with opposing counsel regarding same (.1) |
| 07/14/17 | J. Segal | L250 | 0.20 | 51.34 | Review order from the court (.1); email client ▮▮▮▮ (.1) |
| | Total Services | | 2.50 | $711.10 | |

**PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE**
**INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE**
**PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING**

Exhibit 4

# Davis Wright Tremaine LLP

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington D.C. |

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

Viacom Media Networks
Viacom Inc.

September 11, 2017
Invoice No. 6491290
**SENT ELECTRONICALLY**



SEPTEMBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:     0098567-000013
Taylor LItigation

| <u>DATE</u> | PROFESSIONAL | <u>ABA CODE</u> | <u>TIME</u> | <u>AMOUNT</u> | DESCRIPTION OF SERVICES |
|---|---|---|---|---|---|
| 08/08/17 | J. Segal | L430 | 0.30 | 77.00 | Email with opposing counsel (.1); review rule regarding format of filing (.1); call with opposing counsel to discuss rule (.1) |
| 08/08/17 | A. Wickers | L110 | 0.10 | 48.80 | Attention to plaintiff's counsel's objection regarding Local Rule 4 and clerk's response (.1) |
| 08/09/17 | J. Segal | L430 | 0.30 | 77.00 | Review SLAPP opposition and declaration and email client ▮▮▮▮▮▮▮▮ (.3) |
| 08/10/17 | J. Segal | L430 | 0.60 | 154.01 | Email client regarding ▮▮▮▮▮▮▮ (.6) |
| 08/10/17 | A. Wickers | L210 | 0.40 | 195.20 | Review and analyze opposition brief (.3); communicate with Ms. Stubbs ▮▮▮▮▮ (.1) |
| 08/22/17 | A. Wickers | L110 | 0.20 | 97.60 | Attention to use of out-of-state cases in reply brief (.2) |
| 08/26/17 | J. Segal | L430 | 3.50 | 898.38 | Research and draft reply brief (3.5) |
| 08/27/17 | J. Segal | L430 | 6.10 | 1,565.75 | Research and draft reply brief (6.1) |

**PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE
INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE
PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING**

Exhibit 4



Viacom Media Networks
Invoice No. 6491290
Page 2

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|--------------|----------|------|--------|--------------------------|
| 08/27/17 | A. Wickers | L210 | 5.00 | 2,440.00 | Review plaintiff's counsel's declaration and attention to objections (.1); review and edit draft of reply brief in support of anti-SLAPP motion (4.5); review and consider use of recent Ninth Circuit anti-SLAPP authorities (.4) |
| 08/28/17 | A. Wickers | L120 | 0.60 | 292.80 | Review and revise updated draft of reply brief and communicate with Ms. Stubbs ▮▮▮▮▮ (.6) |
| 08/29/17 | J. Segal | L430 | 0.10 | 25.67 | Email regarding changes to reply brief (.1) |
| 08/29/17 | A. Wickers | L210 | 0.20 | 97.60 | Attention to Ms. Stubbs' and Ms. Hallie's ▮▮▮▮▮ (.2) |
| 08/30/17 | J. Segal | L430 | 1.20 | 308.02 | Arrange cite check (.1); revise and finalize reply brief (1.1) |
| 08/31/17 | J. Segal | L430 | 1.60 | 410.69 | Review and revise cite checks (.3); research and draft evidentiary objections (1.3) |
| 08/31/17 | B. Planchon | L240 | 1.30 | 223.35 | Review Reply In Support of Special Motion to Strike Plaintiff's Complaint, prepare negative history report, analyze same, prepare summary for J. Segal |
| | Total Services | | 21.50 | $6,911.87 | |



Exhibit 4

- 115 -

# Davis Wright Tremaine LLP

Anchorage
Bellevue
Los Angeles

New York
Portland
San Francisco

Seattle
Shanghai
Washington D.C.

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

Viacom Media Networks
Viacom Inc.

October 06, 2017
Invoice No. 6498372
**SENT ELECTRONICALLY**

OCTOBER INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:       0098567-000013
Taylor LItigation

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|-------------|----------|------|--------|------------------------|
| 09/01/17 | J. Segal | L430 | 1.10 | 282.35 | Revise reply and objections for filing and check Illinois district court docket |
| 09/11/17 | J. Segal | L530 | 0.10 | 25.67 | Confer with A. Wickers regarding argument |
| 09/13/17 | J. Segal | L450 | 0.60 | 154.01 | Confer with A. Wickers regarding hearing preparation (.2); attention to argument preparation materials (.4) |
| 09/13/17 | M. Feuerman | L390 | 3.00 | 348.00 | Review various briefs regarding motion to strike and initiate compiling numerous case law cited in same per A. Morales for attorneys' review and for hearing |
| 09/13/17 | A. Morales | L430 | 1.30 | 228.74 | Initiate to prepare binder of cases cited in moving papers for special motion to strike |
| 09/13/17 | A. Wickers | L110 | 0.50 | 244.00 | Telephone call with Ms. Stubbs ███ ████████ (.3); prepare for hearing (.2) |
| 09/14/17 | J. Segal | L450 | 0.20 | 51.34 | Review order taking hearing off calendar and email A. Wickers regarding same (.1); email client regarding same (.1) |
| 09/14/17 | J. Segal | L430 | 0.20 | 51.34 | Review evidentiary objections and email A. Wickers regarding same |

**PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE**
**INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE**
**PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING**

Exhibit 4


Davis Wright
Tremaine LLP

Viacom Media Networks
Invoice No. 6498372
Page 2

| DATE | PROFESSIONAL | ABA CODE | TIME | AMOUNT | DESCRIPTION OF SERVICES |
|------|-------------|----------|------|--------|------------------------|
| 09/14/17 | M. Feuerman | L390 | 1.10 | 127.60 | Continue compiling case law cited in various briefs and assembling voluminous binders of same per A. Morales for attorneys' review and for hearing |
| 09/14/17 | A. Morales | L430 | 3.50 | 615.83 | Continue to assemble binder of cases cited in moving papers for special motion to strike (2.8); prepare PDFs of same and provide to J. Segal (.7) |
| 09/15/17 | J. Segal | L250 | 0.20 | 51.34 | Email Ms. Stubbs ███████████ |
| | Total Services | | 11.80 | $2,180.22 | |



Exhibit 4
- 117 -

# Davis Wright Tremaine LLP

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington D.C. |

Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 tel
206.757.7700 fax

Federal ID #91-0839480

www.dwt.com

Viacom Media Networks
Viacom Inc.

July 05, 2018
Invoice No. 6563085
**SENT ELECTRONICALLY**



JULY INVOICE FOR
STATEMENT OF
SERVICES AND DISBURSEMENTS
**ELECTRONIC BILLING - DO NOT MAIL**
FOR FILING PURPOSES ONLY

Matter No.:    0098567-000013
Taylor LItigation

| **DATE** | **PROFESSIONAL** | **ABA CODE** | **TIME** | **AMOUNT** | **DESCRIPTION OF SERVICES** |
| --- | --- | --- | --- | --- | --- |
| 06/06/18 | A. Wickers | L120 | 0.20 | 102.50 | Review court order dismissing complaint (.2) |
| 06/10/18 | J. Segal | L190 | 0.30 | 81.00 | Draft email regarding settlement to Mr. Williams (.3) |
| 06/12/18 | J. Segal | L161 | 0.20 | 54.00 | Call with Mr. Williams (.1); email regarding same (.1) |
| 06/13/18 | J. Segal | L250 | 0.30 | 81.00 | Discuss fees motion with D. Palacios (.3) |
| 06/15/18 | D. Palacios | L250 | 0.30 | 78.75 | Draft stipulation and proposed order for extension on fee motion |
| 06/15/18 | J. Segal | L161 | 0.30 | 81.00 | Call with Mr. Williams regarding settlement (.1); email A. Wickers regarding same (.1); email Ms. Stubbs ███ ██(.1) |
| 06/17/18 | J. Segal | L250 | 0.20 | 54.00 | Revise stipulation and send to opposing counsel (.2) |
| 06/18/18 | J. Segal | L250 | 0.20 | 54.00 | Email opposing counsel regarding stipulation (.1); confer with D. Palacios regarding filing (.1) |
| | Total Services | | 2.00 | $586.25 | |

**PAYMENT IS DUE WITHIN 30 DAYS OF THE DATE OF THIS INVOICE**
**INTEREST WILL BE CHARGED ON INVOICES WHICH ARE 45 DAYS PAST DUE**
**PAYMENTS RECEIVED AFTER THE DATE OF THIS INVOICE WILL BE REFLECTED ON NEXT MONTH'S BILLING**

Exhibit 4

# EXHIBIT D

Exhibit 4

- 119 -

| | |
|---|---|
| **From:** | Segal, Jonathan |
| **Sent:** | Thursday, July 12, 2018 5:50 PM |
| **To:** | 'Andrew Williams' |
| **Cc:** | 'andrew@thewilliamslg.com'; Palacios, Diana; Solano, Carolina |
| **Subject:** | Taylor v. Viacom Fees |

Andrew,

Please let me know whether your client has accepted our offer – if we don't hear from you, we will have little choice but to start drafting our fees motion.

Regards,

Jon

**Jonathan Segal** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8667 | Fax: (213) 633-4267
Email: jonathansegal@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Segal, Jonathan
**Sent:** Tuesday, July 10, 2018 12:16 PM
**To:** 'Andrew Williams'
**Cc:** 'andrew@thewilliamslg.com'; Palacios, Diana; Solano, Carolina
**Subject:** RE: URGENT - STIPULATION RE: FEES

Hi Andrew,

Please let me know what Mr. Taylor has decided re: settlement.

Thanks,

Jon

**Jonathan Segal** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8667 | Fax: (213) 633-4267
Email: jonathansegal@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Segal, Jonathan
**Sent:** Monday, June 25, 2018 12:00 PM
**To:** 'Andrew Williams'
**Cc:** andrew@thewilliamslg.com; Palacios, Diana; Solano, Carolina
**Subject:** RE: URGENT - STIPULATION RE: FEES

Hi Andrew,

Any word from your client?  It would be great to wrap this up – and I'm sure he'd like to be spared the trouble of more litigation.

Best,

Jon

**Jonathan Segal** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8667 | Fax: (213) 633-4267
Email: jonathansegal@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Andrew Williams [mailto:williamslawflorida@gmail.com]
**Sent:** Monday, June 18, 2018 1:04 PM
**To:** Segal, Jonathan
**Cc:** andrew@thewilliamslg.com; Palacios, Diana; Solano, Carolina
**Subject:** Re: URGENT - STIPULATION RE: FEES

I was traveling today, but the stip is fine.

Sent from my iPhone

On Jun 18, 2018, at 11:23 AM, Segal, Jonathan <JonathanSegal@dwt.com> wrote:

> Hi Andrew,
>
> Just following up.
>
> Thank,
>
> Jon
>
> Sent from my iPhone
>
> On Jun 17, 2018, at 10:21 PM, Segal, Jonathan <JonathanSegal@dwt.com> wrote:
>
>> Andrew,
>>
>> Here's the text of the stipulation we agreed to last week – please let me know ASPA if you agree with this language.
>>
>> Thanks!
>>
>> J

This Stipulation is entered by and between Plaintiff Jayceon Terrell Taylor ("Plaintiff"), on the one hand, and Defendants Viacom Inc., Viacom International, Inc., and New Pop Culture Productions, Inc. (collectively, "Defendants"), with reference to the following facts:

1.      On June 6, 2018, this Court entered an order granting Defendants' special motion to strike under Code of Civil Procedure § 425.16.

2.      Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-11, Defendants' motion for attorneys' fees is due Wednesday, June 20, 2018.

3.      The parties are attempting to resolve this dispute amicably without further Court intervention.

4.      As a result, the parties stipulate to extend the deadline for Defendants to file their attorneys' fee motion such that the new deadline will be July 20, 2018.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the respective parties, and subject to the approval of the Court, that Defendants have until and including July 20, 2018, to file their attorneys' fee motion.

DATED: June 17, 2018                          DAVIS WRIGHT TREMAINE LLP


                                              By:_____

                                              _____
                                                    Jonathan L. Segal

                                              Attorneys for Defendants
                                              VIACOM INC., VIACOM
                                              INTERNATIONAL INC., and NEW
                                              POP CULTURE PRODUCTIONS INC.


DATED: June 17, 2018                          WILLIAMS LAW GROUP


                                              By:_____

                                              _____

Andrew Williams

Attorney for Plaintiff
JAYCEON TERRELL TAYLOR

**Jonathan Segal** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8667 | Fax: (213) 633-4267
Email: jonathansegal@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

# EXHIBIT E

Exhibit 4

- 124 -

FILED

UNITED STATES COURT OF APPEALS

JUN 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN JOHN SIMONI, Individually and on behalf of all others similarly situated, | No.    14-56558 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00573-R-MAN Central District of California, Riverside |
| v. | |
| AMERICAN MEDIA, INC., | ORDER |
| Defendant-Appellee. | |

Before:  Peter L. Shaw, Appellate Commissioner.

I
Background

Stephen John Simoni, an attorney, brought this pro se putative class action in

diversity alleging violations of California law arising from the publication of a

National Enquirer article by American Media, Inc. ("AMI").  *See Simoni v. Am.*

*Media, Inc.*, 673 F. App'x 782, 783 (9th Cir. 2017).  The district court granted

AMI's motion to strike under the California anti-Strategic Litigation Against

Public Policy ("anti-SLAPP") statute and dismissed Simoni's complaint without

leave to amend.  *Id.*  The district court also granted AMI's motion for a mandatory

MH/Appellate Commissioner

Exhibit 4
- 125 -

award of attorney's fees and costs under the anti-SLAPP statute, California Code of Civil Procedure §425.16(c). *Id.* AMI requested $93,317.00 in fees and $339.23 in costs, and the district court awarded $66,271.65 in fees and $339.23 in costs.

Simoni appealed, and this court affirmed the district court's judgment. *Id.* The court also denied Simoni's petitions for rehearing and rehearing en banc. AMI filed a motion for attorneys' fees on appeal under the anti-SLAPP statute, Simoni filed an opposition, and AMI filed a reply. The court granted the motion and referred to the Appellate Commissioner the determination of an appropriate amount of fees. *See* 9th Cir. R. 39-1.9.

II
Discussion

A. Applicable Law

In an action involving state law claims, the court applies the law of the forum state to determine whether a party is entitled to attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1989). The court also applies state law to determine the method of calculating fees. *See Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995).

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly

rate." *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000). "The reasonable

hourly rate is that prevailing in the community for similar work." *Id.* The lodestar

may be adjusted to fix the fee at the objectively reasonable fair market value for

the legal services provided, based on factors such as the nature of the litigation, its

difficulty, the amount involved, the skill required, the skill employed, the attention

given, the success or failure, and other circumstances. *Id.* at 518-19. "[T]he

lodestar adjustment approach should be applied to fee awards under Code of Civil

Procedure section 425.16." *Ketchum v. Moses*, 17 P.3d 735, 744 (Cal. 2001).

B.  Attorneys' Fees

     AMI requests $62,083.50 in attorneys' fees for 138.9 hours of work by six

attorneys and three paralegals from Levine Sullivan Koch & Schulz, LLP

("LSKS") in Washington, D.C., and local counsel Davis Wright Tremaine LLP

("DWT") in Los Angeles, California.[1]  AMI does not request costs on appeal.

    1.  Reasonable Hourly Rates

     AMI requests the following hourly rates for the attorneys and paralegals:

---

[1]  AMI's $64,198.50 fee request has been reduced by $2,115 to adjust for
Jonathan Segal's billing of 15.3 hours of work on the fee reply in August 2017 at a
a higher hourly rate than the requested $450 hourly rate for his 2017 work.

| Timekeeper | Title | Admitted | Year | Rate |
|---|---|---|---|---|
| Kelli Sager | DWT Partner | 1985 | 2017 | $730 |
| | | | 2016 | $705 |
| | | | 2015 | $670 |
| | | | 2014 | $645 |
| Jay Ward Brown | LSKS Partner | 1993 | 2016-17 | $515 |
| | | | 2015 | $500 |
| | | | 2014 | $485 |
| Ashley Kissinger | LSKS Partner | 1996 | 2017 | $490 |
| Jonathan Segal | DWT Associate | 2009 | 2017 | $450 |
| | | | 2016 | $420 |
| | | | 2015 | $390 |
| | | | 2014 | $365 |
| Michael Beylkin | LSKS Associate | 2008 | 2017 | $405 |
| | | | 2015 | $395 |
| | | | 2014 | $380 |
| Cameron Stracher | LSKS Of Counsel | 1988 | 2015 | $350 |
| Benjamin Planchon | DWT Paralegal | n/a | 2017 | $275 |
| | | | 2016 | $260 |
| Marla Kelley | LSKS Paralegal | n/a | 2015 | $210 |
| | | | 2014 | $205 |
| Scott Bailey | LSKS Paralegal | n/a | 2015 | $210 |

In support of the requested hourly rates, AMI provides Brown's declaration that LSKS's hourly rates for the attorneys and paralegals reflect an approximately

20 percent discount from the firm's standard hourly rates, and that Stracher's

hourly rate reflects a 42 percent discount. AMI also provides Segal's declaration

that DWT's attorneys' hourly rates were discounted by $40 to $50 each. (The

DWT paralegal's hourly rate was not discounted.) Both Brown and Segal state that

the requested hourly rates are well below the hourly rates charged in Los Angeles

for similar services by comparable attorneys and paralegals.

Simoni does not object to AMI's requested hourly rates for the attorneys or

paralegals for the 2014-17 court of appeals work here. "That a lawyer charges a

particular hourly rate, and gets it, is evidence bearing on what the market rate is,

because the lawyer and his clients are part of the market." *Carson v. Billings

Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). In *Bauer v. Atlantis*, Nos.

14-55420, 14-55737 (9th Cir. July 27, 2017), where Simoni represented the

appellants, the Appellate Commissioner granted appellees' unopposed request for

hourly rates of $440-490 for a DWT associate admitted in 2006 and $645-695 for a

DWT partner admitted in 1995 for 2014-16 court of appeals work. *Bauer* supports

awarding AMI's requested $645 to $730 hourly rates for Sager, who was admitted

to practice in 1985.

Based on Brown's and Segal's declarations regarding the firms' billing rates

and Los Angeles market rates, the *Bauer* award of comparable hourly rates, and the

Appellate Commissioner's experience reviewing fee requests in similar appeals, AMI's requested hourly rates for the attorneys and paralegals are reasonable, and they are awarded. *See PLCM Grp.*, 997 P.2d at 518 ("The reasonable hourly rate is that prevailing in the community for similar work."); *see also*, *e.g.*, *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (courts are justified in relying on their own knowledge of customary rates).

2. Reasonably Expended Hours

On Ninth Circuit Form 9, AMI states that the attorneys and paralegals spent the requested hours as follows:

| Description of Services | Hours |
|---|---|
| Interviews & Conferences | 14.4 |
| Obtaining & Reviewing Records | 15.0 |
| Legal Research | 6.8 |
| Preparing Briefs | 82.4 |
| Preparing For & Attending Oral Argument | 0.3 |
| Fee Reply | 20.0 |
| Total Hours Claimed | 138.9 |

AMI's attorneys and paralegals prepared three notices of appearance, an application for admission to the Ninth Circuit bar, an 11,116-word answering brief, supplemental excerpts of record, two responses to Simoni's citations of

supplemental authority, a fee motion, and a reply to Simoni's opposition to the motion. The court decided the appeal on the briefs without oral argument. Brown and Segal state that the number of hours expended was reasonable and necessary for defending against the appeal.

### a. Cameron Stracher's Hours

Simoni objects to AMI's request for 21.8 hours billed by Stracher in his "of counsel" role at LSKS, arguing that the time should not be awarded because Stracher simultaneously served as general counsel of AMI. Simoni further argues that Stracher had a conflict of interest in reviewing the bills that LSKS and DWT submitted to AMI. Simoni notes that Stracher may have published a book entitled "Double Billing," and that AMI did not submit a declaration by Stracher to support the fee motion.

Simoni does not provide legal authority in support of his objection, and the objection lacks merit. Simoni presented the same argument to the district court and, without discussion, the district court declined to reduce the requested hours on this ground. Simoni did not challenge this aspect of the district court fee award on appeal, and this court affirmed the award in full. Moreover, time billed by in-house counsel is compensable under California law. *See PLCM Grp.*, 997 P.2d at

517-18.  There is no basis for discriminating between in-house counsel and outside
counsel -- both incur fees for providing equivalent legal services.  *Id*.

There is no evidence that Stracher had a conflict of interest -- Stracher,
LSKS, and DWT all were bound by the same fiduciary and ethical duties to AMI.
*Id*.; *see also Pistoresi v. Madera Irrigation Dist.*, No. CV-F-08-843-LJO-DLB,
2009 WL 302067, at *4 (E.D. Cal. Feb. 6, 2009) (awarding fees for work
performed by partner at defendant law firm who served as in-house counsel).  AMI
states that Stracher was employed as a consultant to AMI, and that he did not
review or approve the bills submitted by outside counsel.

Accordingly, Stracher's 21.8 hours for preparing the answering brief are
recoverable and they are awarded.  But 0.7 hour ($251 in fees) billed by other
timekeepers for preparing Stracher's application for admission to the Ninth Circuit
bar is not recoverable.  *See* 3/25/15 (Sager, 0.1 hour, $67); 3/25/15 (Brown, 0.1
hour, $50); 3/26/15 (Brown, 0.1 hour, $50); 3/27/15 (Kelley, 0.4 hour, $84).  This
work benefitted Stracher and future clients, as well as AMI, and its cost should be
subsumed in overhead rather than billed to AMI or awarded against Simoni.

### b.  Remaining Hours

Simoni does not object to AMI's requested hours on any other ground.  A
review of the time records, the briefs and other pleadings, and the court's docket

Exhibit 4
- 132 -

shows that the remaining 138.2 hours were reasonably expended in defending against the appeal and preparing the fee motion and fee reply. An award of fees under the California anti-SLAPP statute may include the fees for preparing the fee motion and fee reply. *See Ketchum*, 17 P.3d at 747-48.

III
Conclusion

Pursuant to California Code of Civil Procedure §425.16(c), attorneys' fees in the amount of $61,832.50 are awarded in favor of American Media, Inc. and against Stephen John Simoni. This order amends the court's mandate.

**D**AVIS **W**RIGHT **T**REMAINE LLP
    865 S. F**IGUEROA** S**T**.
        S**UITE** 2400
L**OS** A**NGELES**, C**ALIFORNIA** 90017-2566
T**ELEPHONE** (213) 633-6800
    F**AX** (213) 633-6899

ALONZO WICKERS IV (State Bar No. 169454)
    alonzowickers@dwt.com
JONATHAN L. SEGAL (State Bar No. 264238)
    jonathansegal@dwt.com

Attorneys for Defendants
VIACOM INC., VIACOM
INTERNATIONAL INC., and NEW
POP CULTURE PRODUCTIONS INC.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAYCEON TERRELL TAYLOR, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>VIACOM, INC., VIACOM INTERNATIONAL, INC., and NEW POP CULTURE PRODUCTIONS, INC.<br><br>                    Defendants. | Case No. 2:17-cv-03247 DMG (AFMx)<br><br>**DECLARATION OF EMILY A. STUBBS IN SUPPORT OF DEFENDANTS VIACOM INC., VIACOM INTERNATIONAL INC. AND NEW POP CULTURE PRODUCTIONS INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>**[Notice Of Motion And Motion For Attorneys' Fees; Declaration of Jonathan L. Segal; [Proposed] Order Filed Concurrently]**<br><br>Date: August 24, 2018<br>Courtroom: 8C<br>Time: 9:30 a.m.<br><br>Complaint Served: May 5, 2017 |

DECLARATION OF EMILY A. STUBBS
4829-2165-8989v.3 0098567-000013

Exhibit 4
- 134 -

**D**AVIS **W**RIGHT **T**REMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DECLARATION OF EMILY A. STUBBS**

I, Emily A. Stubbs, declare as follows:

1.    I am Senior Vice President, Intellectual Property and Litigation for Defendant Viacom International Inc. The matters stated in this declaration are true of my own personal knowledge. If called as a witness, I could and would competently testify to these matters.

2.    In my role for Viacom, I oversee outside litigation counsel in this case and regularly hire outside litigation counsel in other litigation matters. I routinely communicate with other in-house counsel regarding the reputation and cost of other attorneys and firms, and regularly evaluate the reasonableness of fees charged by our outside counsel, both in terms of their hourly billing rates and the number of hours that they expend performing various tasks. As a result, I am familiar with the legal market in Southern California, among other places.

3.    Defendants Viacom Inc., Viacom International Inc., and New Pop Culture Productions Inc. (collectively "Viacom") are represented in this matter by Davis Wright Tremaine ("DWT"). Based on my experience, I believe that DWT's regular hourly rates are consistent with – or lower than – the prevailing rates in Southern California for experienced, reputable counsel. Moreover, the rates that DWT actually charged in this case have been reduced even further under a negotiated discount and are significantly lower than the prevailing rates in Southern California.

4.    I have reviewed the invoices issued by DWT in this matter. In addition, I was actively involved in this lawsuit, and I reviewed and provided comments on all of the briefing prepared by DWT in this matter. Given the attorneys' work in this case, their experience and reputations, and the results they have achieved, and after reviewing the firm's invoices, I believe that DWT's fees reflected in this fee motion are reasonable, both in terms of the hourly rate charged and the number of hours worked.

DECLARATION OF EMILY A. STUBBS
4829-2165-8989v.3 0098567-000013

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Exhibit 4
- 135 -

1      I declare under penalty of perjury under the laws of the United States that the

2  foregoing is true and correct, and that this Declaration was executed on July 1⁷, 2018,

3  in New York, New York.



2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Exhibit 4
- 136 -