1  Thomas R. Burke (State Bar No. 141930)
   DAVIS WRIGHT TREMAINE LLP
2  505 Montgomery Street, Suite 800
   San Francisco, California 94111
3  Telephone: (415) 276-6500
   Facsimile: (415) 276-6599
4  Email: thomasburke@dwt.com

5  Abigail B. Everdell (*pro hac vice*)
   DAVIS WRIGHT TREMAINE LLP
6  1251 Avenue of the Americas, 21st Floor
   New York, New York 10020
7  Telephone: (212) 489-8230
   Facsimile: (212) 489-8340
8  Email: abigaileverdell@dwt.com

9  Attorneys for Defendants
   Candide Group, LLC and Morgan Simon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORECIVIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANDIDE GROUP, LLC and MORGAN SIMON, <br><br> Defendants. | Case No. 3:20-cv-03792-WHA <br><br> **SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> [Reply in Support of Motion for Attorneys' Fees and Costs Filed Concurrently] <br><br> Date: February 25, 2021 <br> Time: 8:00 a.m. <br> Place: Courtroom 7 <br><br> Action Filed: March 4, 2020 <br> Action Transferred: June 7, 2020 |

SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE
Case No. 3:20-cv-03792-WHA

## SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE

I, Thomas R. Burke, hereby declare as follows:

1. I am a partner with Davis Wright Tremaine LLP ("DWT"), attorneys for defendants Candide Group, LLC ("Candide") and Morgan Simon ("Simon") (together, "Defendants") in this action. I am admitted to appear before this Court and all state and federal courts in California. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called as a witness. I submit this supplemental declaration in support of Defendants' Motion to Recover Attorneys' Fees and Costs (Dkt. 69) ("Fees Motion") pursuant to Section 425.16(c) of the California Code of Civil Procedure (the "anti-SLAPP Statute").

2. In connection with Defendants' opening brief on this Fees Motion, filed on December 18, 2020, I submitted a declaration setting out, *inter alia*, the attorney hours spent pursuing Defendants' successful anti-SLAPP Motion. (*See* Dkt. 69-1, ¶¶ 16-22.) I also stated that upon filing a reply in support of their Fees Motion, Defendants would submit evidence of the total hours spent on their fees motion. (*Id*. ¶¶ 19, 21.) I further stated that this firm had spent less than 60 hours on their Fees Motion through the date Defendants filed their opening brief. (*Id*. ¶ 21.)

3. As outlined below, I have reviewed the billing entries for DWT attorneys and the paralegal working on this matter, stored in DWT's timekeeper software, and have determined that DWT has spent a total of 94.6 hours of recoverable attorneys' and paralegal's time on this Fees Motion. More specifically, DWT has spent a total of:

- 8.7 hours attending to negotiations with CoreCivic's counsel regarding attorneys' fees, in an attempt to avoid bringing a fees motion;
- 49.6 hours preparing the opening papers for this Fees Motion; and
- 36.3 hours preparing the reply papers for this Fees Motion.

4. These totals are exclusive of the time DWT expects to spend preparing for oral argument on this Fees Motion (unless the Court advises the parties it will decide the motion on the papers).

5. Based on my extensive experience in connection with anti-SLAPP motions, this number of hours expended was reasonable.

1

SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE
Case No. 3:20-cv-03792-WHA

6. In 2021, the billing rates for DWT attorneys and staff on this case increased pursuant to standard annual rate adjustments. Though DWT worked a number of hours on this Fees Motion in 2021 – including the entirety of the time spent preparing reply papers – Defendants have determined to seek reimbursement at the same 2020 rates outlined in their opening papers on this Fees Motion.

7. Multiplying the hours spent by these pertinent hourly rates, Defendants have incurred $50,723.00 in attorneys' fees in connection with this Fees Motion. In an exercise of billing discretion and in avoidance of any doubt, Defendants have discounted these fees by 10% off the top, as they did for their fees sought in connection with the anti-SLAPP Motion (see Dkt. 69-1 ¶ 19). Thus, Defendants seek total "fees on fees" of $45,650.70. A breakdown of fees by DWT timekeeper is below:

| Name | Rate | Fees incurred on Defendants' Fees Motion | Fees incurred after 10% reduction |
|---|---|---|---|
| Thomas R. Burke | $810.00 | $11,583.00 | $10,424.70 |
| Abigail Everdell | $555.00 | $33,633.00 | $30,269.70 |
| Andrew Row | $430.00 | $1,763.00 | $1,586.70 |
| Noel Nurrenbern | $240.00 | $3,744.00 | $3,369.60 |
| Total | | $50,723.00 | $45,650.70 |

8. This amount is in addition to the total sought fee recovery of $165,572.10, and $310 in costs, incurred in connection with Defendants' anti-SLAPP Motion. (*See* Dkt. 69-1, ¶¶ 19, 26.)

9. Attached hereto as **Exhibit G** is the time detail record of DWT attorneys and paralegals relating to this Fees Motion, reflecting time entries through today's date. The narrative descriptions in this time detail record have been redacted of attorney-client privileged and work product privileged information, as well as task entries unrelated to the Fees Motion and for which recovery is not sought.

10. As a standard billing practice, DWT attorneys and paralegals keep contemporaneous daily time diaries that are entered into the firm's billing system as computerized records ("*pro forma* statements"). These *pro forma* statements list the date service was rendered, the lawyer or

2

paralegal code, the amount of time billed in one-sixth hour increments, the amount to be billed based on historic billing rates, a brief description of service rendered, and other administrative information. The *pro forma* statements are used as the raw data from which final bills are generated. The responsible attorney for a given client typically reviews the *pro forma* and exercises billing judgment before sending out a final bill to exclude time incorrectly billed or to modify amounts to eliminate unproductive or inefficient efforts. The final bill that is normally sent to a client does not show entries that are deleted during the *pro forma* review process but instead includes an invoice that shows the billing detail for the amounts actually charged.  Exhibit G reflects this typical editing process.

11. Attached hereto as **Exhibit H** is a true and correct copy of the transcript of the hearing on Defendants' anti-SLAPP Motion held before this Court on November 19, 2020.

12. Attached hereto as **Exhibit I** is a true and correct copy of the 4-page complaint filed in *Smith v. Santa Rosa Press Democrat*, No. C 11-02411 SI (N.D. Cal. May 17, 2011).  Attached hereto as **Exhibit J** is a true and correct copy of the 7-page complaint filed in *Smith v. Payne*, No. C 12-01732 DMR (N.D. Cal. Apr. 6, 2012).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed this 28th day of January, 2021, at Albany, California.

                      */s/ Thomas R. Burke*
                      Thomas R. Burke

3

SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE
Case No. 3:20-cv-03792-WHA