1  Elizabeth M. Locke, P.C.* VA Bar No. 71784
   CLARE LOCKE LLP
2  10 Prince Street
   Alexandra, VA 22314
3  Telephone: (202) 628-7400
   Email:   libby@clarelocke.com
4  *Appearance *Pro Hac Vice*

5  Michael B. McClellan, CBN 241570
   NEWMEYER & DILLION LLP
6  895 Dove Street, Fifth Floor
   Newport Beach, CA  92660
7  Telephone: (949) 854-7000
   Email:   Michael.McClellan@ndlf.com

9  *Attorneys for Plaintiff CoreCivic, Inc.*

10                        UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORECIVIC, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>CANDIDE GROUP, LLC and MORGAN SIMON,<br><br>             Defendants. | CASE NO:  3:20-cv-03792-WHA<br><br>ASSIGNED TO: Judge William Alsup<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF THEIR MOTION TO RECOVER ATTORNEYS' FEES AND COSTS**<br><br>Date:       February 25, 2021<br>Time:       8:00 a.m.<br>Location:   San Francisco Courthouse<br>            Courtroom 7 – 19th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, CA 94102<br><br>FILE DATE (Central District):   March 4, 2020<br>FILE DATE (Northern District): July 7, 2020<br>TRIAL DATE SET:               No Date Set |

On February 9, 2021, Defendants filed a "Statement" attaching a Magistrate Judge's Order granting in part a motion for attorneys' fees and costs in *Herring Networks, Inc. v. Maddow*, No. 20-cv-3792 (S.D. Cal. Feb. 5, 2021).  In their Statement, Defendants argue that the *Herring Networks* order "is relevant to the arguments in Defendants' Motion to Recover Attorneys' Fees and Costs" and justifies granting Defendants' exorbitant request for attorneys' fees here.  It does not.



1  *First*, unlike here, in *Herring Networks* the question of the applicability of California's anti-SLAPP statute in federal court in light of the U.S. Supreme Court's decision in *Shady Grove* was neither briefed nor addressed by the court; the statute was simply assumed to apply.  But it cannot.

*Second*, unlike here, in *Herring Networks* the plaintiff did not argue that California's anti-SLAPP statute could not apply because the defendants' challenged speech fell within the Act's commercial speech exemption.  Here, that exemption fully applies.

*Third*, unlike this case, *Herring Networks* involved substantial evidentiary submissions by the plaintiff—including a lengthy linguistics expert report, multiple substantive declarations, and an *ex parte* motion to supplement the record with even further evidence—that compelled the defendants to perform substantial work that would not have otherwise been necessary to challenge the legal sufficiency of the plaintiff's complaint, thus incurring substantial additional attorney hours.  Moreover, defense counsel in *Herring Networks* actually efficiently performed all of that work, receiving fees for *363* hours, whereas defense counsel here seek fees for *366* hours for work on a single anti-SLAPP motion raising a legal challenge with no factual record and no experts.

*Fourth*, unlike here, the defendants in *Herring Networks* actually owed full fee payment to their counsel upon prevailing on their anti-SLAPP Motion; Defendants here agreed to pay—and were only liable to pay—fixed hourly rates regardless of the outcome.  Thus, the *Herring Networks* defendants sought reimbursement for fees actually owed; Defendants' counsel here seek a windfall.

*Fifth*, unlike Defendants in this case, the defendants in *Herring Networks* were represented by Gibson Dunn partner Theodore J. Boutrous, Jr., who has substantially more experience and recognition than Defendants' counsel here, including having been named Litigator of the Year by The American Lawyer and one of the 100 Most Influential Lawyers in America by The National Law Journal.

Dated:  February 10, 2021

| NEWMEYER & DILLION LLP | CLARE LOCKE LLP |
|---|---|
| By: */s/ Michael B. McClellan* | By:   */s/ Elizabeth M. Locke, P.C.* |
| Michael B. McClellan | Elizabeth M. Locke, P.C. (*pro hac vice*; VA Bar 71784) |

**FILER ATTESTATION**

In accordance of Civil L.R. 5-1(i)(3), I hereby certify that I have authorization to file this document from the signatories above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on this 10th day of February, 2021 at Newport Beach, California.

*/s/ Michael B. McClellan*
Michael B. McClellan