1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORECIVIC INC,

        Plaintiff,

      v.

CANDIDE GROUP LLC, et al.,

        Defendants.

No.  C 20–03792 WHA

**ORDER APPOINTING
SPECIAL MASTER**

A prior order found defense counsel entitled to reasonable attorney's fees.

1.      Under Rules 53 and 54, the Court appoints **ATTORNEY ELLEN EAGEN** as the special master to determine the reasonable value of services rendered herein by defense counsel.  By special accommodation of the Court, Attorney Eagen has agreed to provide this service at the reduced rate of $300 per hour.  By **AUGUST 9 AT NOON**, each side shall submit a statement with any objection to the appointment, including any suggestions for alternative candidates or other requests to be heard.  If neither side objects, then the Court will proceed with the appointment described herein.

2.      Defense counsel shall provide the special master with an itemized accounting for unreimbursed expenses listed as "Travel" and "Expert Witness Fees."  Travel must be broken down into at least the following categories: air transportation, ground travel, meals,

and lodging.  Non-working travel time must be distinguished from working travel time.
Counsel may include additional categories, if necessary.  Within each category, each expense
must be listed with the date, description, and cost.

3.     Counsel must also provide the special master a detailed declaration, organized by
discrete projects, breaking down all attorney and paralegal time sought to be recovered.  For
each project, there must be a detailed description of the work, giving the date, hours expended,
attorney name, and task for each work entry, in chronological order.  A "project" means a
deposition, a motion, a witness interview, and so forth.  It does not mean generalized
statements like "trial preparation" or "attended trial."  It includes discrete items like "prepare
supplemental trial brief on issue X."  The following is an example of time collected by a
project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|------|-------------|-------------|---------|--------|-----|
| 01-08-20 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-20 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-20 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-20 | RST | Prepare for and take deposition. | 8.5 | $100 | $1,700 |
| 01-12-20 | RST | Prepare for and take deposition. | 7.0 | $200 | $1,400 |
| | | Project Total: | 23.5 | | $4,350 |

4.     All entries for a given project must be presented chronologically one after the
other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily
grasped.  Entries can be rounded to the nearest quarter-hour and should be net of write-down
for inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in
the example above, and show grand totals for all projects combined at the end. Include only
entries for which compensation is sought, *i.e.*, after application of "billing judgment."    For

2

United States District Court
Northern District of California

1   each project, the declaration must further state, in percentage terms, the proportion of the

2   project directed at issues for which fees are awardable and must justify the percentage.  This

3   percentage should then be applied against the project total to isolate the recoverable portion (a

4   step not shown in the example above).

5          5.      A separate summary chart of total time and fees sought per individual timekeeper

6   (not broken down by project) should also be shown at the end of the declaration.  This cross-

7   tabulation will help illuminate all timekeepers' respective workloads and roles in the overall

8   case.

9          6.      The declaration must also set forth (a) the qualifications, experience, and role of

10  each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for

11  each in the relevant time period; (c) how the rates were comparable to prevailing rates in the

12  community for like-skilled professionals; and (d) proof that "billing judgment" was exercised.

13  On the latter point, as before, the declaration should describe adjustments made to eliminate

14  duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be

15  itemized but totals for the amount deleted per timekeeper should be stated.  The declaration

16  must identify the records used to compile the entries and, specifically, state whether and the

17  extent to which the records were contemporaneous versus retroactively prepared.  It must state

18  the extent to which any entries include estimates (and what any estimates were based on).

19  Estimates and/or use of retroactively-made records may or may not be allowed, depending on

20  the facts and circumstances.

21         7.      Ordinarily, no more than one attorney and one paralegal need be present at a

22  deposition; more will normally be deemed excessive.  Ordinarily, no more than one attorney

23  need attend a law-and-motion hearing; more will normally be deemed excessive.  To allow for

24  symmetry, however, the award will take into account the staffing used by the opposing party.

25         8.      The special master shall review the briefs and declarations by the parties, hear

26  argument, and then determine a reasonable amount to award, including any fees on fees.  The

27  special master shall also determine the extent to which any discovery should be permitted —

28  with the caution that further discovery should be the exception and not the rule.

3

9.      Except for any supplementation allowed by the special master, the foregoing submissions shall be the entire record for this dispute.  There will be no further briefing unless allowed by the special master.  After the special master's appointment, any further submissions solely for the special master's use should not be filed with the Court

**IT IS SO ORDERED.**

Dated:  August 2, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

4

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9
10                          NORTHERN DISTRICT OF CALIFORNIA

11
12    CORECIVIC INC,

13            Plaintiff,                              No.  C 20–03792 WHA

14        v.

15    CANDIDE GROUP LLC, et al.,               **REQUEST TO ACCEPT SPECIAL**
                                               **MASTER APPOINTMENT**
16            Defendants.

17    ─────────────────────────────

18        1.    By signing below, **ATTORNEY EAGEN HEREBY ACCEPTS APPOINTMENT AS**

19    **SPECIAL MASTER** to determine, with all reasonable diligence, the reasonable amount of

20    attorney's fees and costs which Corecivic shall pay to defendants.  She shall have all powers

21    set forth in Federal Rule of Civil Procedure 53(c) with respect to this dispute but shall not

22    revisit prior rulings in this case.

23        2.    The procedure set forth in the prior order is incorporated into and deemed a part

24    of this order.  Attorney Eagen may set a briefing and argument schedule as she deems

25    appropriate.  The parties shall provide the special master with electronic text searchable copies

26    of all documents relevant to this dispute and shall provide print copies (such as a tabbed binder

27    for attorney-billing records) to an appropriate address as Attorney Eagen shall request.

28

United States District Court
Northern District of California

3.    By **OCTOBER 29 AT NOON**, the special master shall file a written report and recommendation that includes her proposed findings and the recommended award of attorney's fees and costs to which defense counsel is entitled.  Her report should identify all amounts disallowed and state whether the amounts disallowed qualify for treble deduction, per the order granting the motion for fees.

4.    Any objections to or motions regarding the special master's report and recommendation must be filed by **NOVEMBER 12 AT NOON**, to be heard on the normal 35-day track, and shall not exceed **25 PAGES** in length.  The response to any such objection or motion shall be due **SEVEN DAYS** from the filing thereof and shall also not exceed **25 PAGES** in length. No reply briefing, please.

5.    The Court will then review and consider any timely objections to or motions regarding the special master's report and recommendation pursuant to Rule 53(f).  The objecting party must file a declaration submitting to the Court a complete appendix of relevant communications with the special master.  An order will follow.

6.    Ex parte communications with the special master should be avoided if possible. Any objection to an ex parte communication or motion to disqualify must be filed within **SEVEN CALENDAR DAYS** of discovery.

7.    Objections to this order shall be filed by **AUGUST 9 AT NOON**.  Any proposed modification to this order must be promptly raised in a joint letter brief, not to exceed **THREE PAGES** in length, to be filed only after the parties have met and conferred — either in person or telephonically — under the special master's supervision.

8.    Attorney Eagen shall please indicate her acceptance of this reference as special master by signing and filing the below statement:

*I accept this appointment and reference*:

_____

**ELLEN EAGEN**
**SPECIAL MASTER**

**IT IS SO ORDERED.**

Dated:  August 2, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

3